# In The United States District Court
# For The District of Delaware

| | |
|---|---|
| Mr. Dennis L. Smith Sr. | : |
| | : C.A. No. — 0 7 - 5 2 5 - |
| Petitioner, | : |
| | : |
| | : |
| | : **Re; Equal - Right(s);** |
| vs. | : **In ref: Vindication of civil Right(s)** |
| | : **Here – under; 42 U.S.C.A § 1988.** |
| | : This is **not a lawsuit**. The sole purose |
| Ms. Patricia A. Meyers, and her son | : of this is to simply constitutionally |
| Mr. Mack L. Davis Jr., and all of her | : **enforce 42 U.S.C.A. § 1981(b). under** |
| sibling(s), | : **the Law**. |
| Mr. Steven S. Krebs, and his mother | : |
| Ms. Barbara Krebs and any other | : |
| person(s) who Attempt, to "ILLEGALLY | : |
| - "OBSTRUCT - Power of Attorney | : |
| Document Book / No. 00776 page; | : |
| 041 Legal Dated 10-27-03 of the | : |
| Sussex County Delaware Office of the | : |
| {Incumbent} recorder of Deed(s) } | : |
| | : |
| Respondent(s). | : |

# MOTION
# TO

# " PROHIBIT"

**Motion to Prohibit All State of Delaware Chancellor(s) of the Honorable; State of Delaware Court of Chancery, to "Refrain" / "Stop" from; any further - Action; in superficial but very "suspect", Court of Chancery of the State of Delaware in & for Sussex County Civil Case No. 1120 – S.**

1

This motion shall be "G R A N T E D" in the sole interest of Justice and the Relevant / pertinent following;

**{A}.** Due to the fact that the Honorable United States Supreme Court , was legally summoned, ( via ), a viable "Writ  of CERTIORARI, but stopped just short, of actual re – filing due to Prohibited Proscribed **42 U.S.C.A. § 1985(3). § 1981(b).** Due to please see; " STATEMENT OF FACT(S) "; No. # 7.

**{ B } .** The, de Facto Hon. Vel non  William B Chancellor III., of the Notorious, de facto Court of "Chancery,. Did illegally, wrongfully, but intent-- tonally illegally, ENGAGE IN; Personal - "BIAS, against my "PERSON. In which is thus, totally unconstitutional, as a matter of law.

Bias, politic(s), favor(s), you name it,. Has unlawfully entered into
The de facto / "FRAUD on "Court - like,. Alleged, civil docket No.
1120-S, in the de facto Sussex County Court of "Chancery,. In which
Is totally "Patently - "Violative, and of unequivocal - "Express;

### Constitutional - "Prohibition(s),. As a matter, of law,.

( 02nd ), OR third  notice; The unbelievable, clandestine, but transparent
Fact; that the de facto; "Sussex County, Court of Chancery,. Did illegally

2

Allow; STEVEN KREBS, and his legal counsel; JOHN E. TARBURTON esq., to
Docket, / file; very suspect legal document(s),. That had { NOT }, been  at
{ ALL }, eFILED,. However; here is the exact, - exact - substantiating, fact; of
"CORRUPTION;

The, then presiding chancellor; William B. Chandler III., did  in fact, have
the nerve to "Illegally / "Unlawfully - "Rule on this, as I reiterate Please see

## ATTACHED exhibit <u>M M</u> and it's <u>First</u> Sixteen (16)

## pages with it's Exhibits; A1, A2. A3, A4, A5 and

**Exhibit B**, in which, verifie(s), the underhanded foolishness, of  the
June 08th, 2006 A.D. letter NOT  eFILED from  the opposing, party.  This
Is very - very - clear as far as, the "PROHIBITED - "PROSCRIBED, **favoritism**,
toward(s), my "All  White  -  "Counter - "Part(s),.  See;  **28 U.S.C.A. §  1343**.

### P L E A S E   T A K E   N O T I C E;

Insurrection, is also a viable issue, the de facto  / defunct STATE  of
DELAWARE'(S), "Court of Chancery, in & for "Sussex County,. Did in
Fact; Schedule, and had a "UNCONSTITUTIONAL - "MOCK - TRIAL, on
Jan. 02nd, 2007 A.D. While, former Civil Action 1120--S, was  still
"UNQUESTIONABLY -  Pendente lite, within, the UNITED STATES ARTICLE
III, " Federal " Court SYSTEM,. As in the fact, that  it was on viable appeal, in

3

the Proper situs; The 03rd JUDICIAL "CIRCUIT, of the "UNITED STATES,. As Civil Docket No. 06 - 4873, and also a VIABLE "EXTRAORDINARY WRIT OF PROHIBITION WAS Pendente lite as Docket No. 07 – 1182. As a matter of Equal Justice, under the Law,. There have been many, many Vexatious stumbling – block(s), in my way to constitutionally, morally, ethically **legally obtaining Justice.**

Respectfully, Submitted,

Mr. Dennis L. Smith Sr., " Pro se "
P. O. Box 311
Selbyville, Delaware  19975 – 0311

Date *August 28, 2007*

Cc: Hon.. Thomas R. Corper

N.A.A.C.P Attention; Mr. Julian Bond of Atlanta, GA., Division

4

# In The United States District Court
# For The District of Delaware

Mr. Dennis L. Smith Sr.                          :
                                                 :
                    Petitioner,                  :
                                                 :
                                                 :
                                                 : **Re; Equal - Right(s);**
              vs.                                : **In ref: Vindication of civil Right(s)**
                                                 : **Here – under; 42 U.S.C.A § 1988.**
                                                 : This is **not a lawsuit**. The sole purose
Ms. Patricia A. Meyers, and her son              : of this is to simply constitutionally
Mr. Mack L. Davis Jr., and all of her            : **enforce 42 U.S.C.A. § 1981(b). under**
sibling(s),                                      : **the Law.**
Mr. Steven S. Krebs, and his mother              :
Ms. Barbara Krebs and any other                  :
person(s) who Attempt, to "ILLEGALLY             :
 - "OBSTRUCT - Power of Attorney                 :
Document Book / No. 00776 page;                  :
041 Legal Dated 10-27-03 of the                  :
Sussex County Delaware Office of the             :
{Incumbent} recorder of Deed(s) }                :
                                                 :
                    Respondent(s).               :

### AFFIDAVIT OF DENNIS L. SMITH Sr.,

STATES OF DELAWARE    :

    : SS.

NEW CASTLE COUNTY    :


The, preceding - indelible truthful – statement(s) in the **Motion to Prohibit**,

are true to the best of my knowledge and belief(s); of; Dennis L. Smith and

are in full vehement compliance / Compliance(s) Here-with / Here – under;

**28 U.S.C.A. § 1746**, and **18 U.S.C.A. § 1621**.

Dennis L. Smith                                  August 28, 2007
                                                 Date

# SERVICE  LIST

Ms. Patricia A. Meyers, and her Son,
Mr.  Mack L. Davis Jr., and
all  of  her  sibling(s)
RR 4 Box 103A
Frankford, Delaware 19945
(302) 436- 0227

Mr. Steven S. Krebs and
his Mother  Ms. Barbara Krebs
P.O. Box 796
Selbyville, Delaware 19975
(302) 436- 4005

For Verification purpose(s) only;
John Brady
Recorder of Deeds
3   The Circle
Q. O. Box 827
Georgetown, Delaware 19947
(302) 855-7785

Dennis L. Smith

Date August 28, 2007

Exhibit MM

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543-0001

*Exhibit MM*

June 11, 2007

Patricia A. Meyers
Route 4
Box 103A
Frankford, DE 19945

RE: Patricia A. Meyers v. Steven Krebs, dba Kreative Gardens Center

Dear Ms. Meyers:

Returned are 10 of the 11 copies of a petition for a writ of certiorari in the above-entitled case postmarked on June 4, 2007 and received on June 7, 2007, which fails to comply with the Rules of this Court.

If you intend to pay the $300 docket fee, the petition must be in booklet format and on paper that measures 6 1/8 by 9 1/4 inches. Rule 33.1(a).

The appendix to the petition as required by Rule 14 must be in booklet format and on paper that measures 6 1/8 by 9 1/4 inches. Rule 33.1(a).

Rule 33.1(c) prohibits the use of spiral, plastic, metal or string bindings. Staples may be used, at least two, along the left margin covered with tape.

The petition must bear a suitable cover consisting of heavy paper, front and back. Rule 33.1(e).

The text of the petition and appendix must be typeset Roman 11-point or larger type with 2-point or more leading between lines. The typeface of footnotes must be 9-point or larger with 2-point or more leading between lines. Please note that computer generated "Roman" font is smaller than traditional Roman type and you may need to increase the font size. Rule 33.1(b).

The text of the document must appear on both sides of the pages. Rule 33.1(b).

The questions presented for review must be followed by the list of parties (if all do not appear on the cover), corporate disclosure statement (if applicable), table of contents, table of authorities, citations of the official and unofficial reports of opinions and orders entered in the case, statement of the basis for jurisdiction, constitutional provisions, treaties, etc., statement of the case, reasons for granting the writ, and the appendix. Rule 14.1.

The appendix to the petition must contain the judgment(s)/opinion(s) of the United States District Court. Rule 14.1.

*- Note - Ari*
*writ of Certiorari*
*Attached To This*
*Document*

> You must submit 40 copies of a petition for a writ of certiorari when paying the docket fee. Rule 33.1(f).

The fee for docketing a petition for a writ of certiorari is $300. Rule 38.1(a).

Kindly correct the petition and appendix so that it complies in all respects with the Rules of the Court and return it to this office promptly so that it may be docketed. Unless the petition is received by this Office in corrected form within 60 days of the date of this letter, the petition will not be filed. Rule 14.5.

> Three copies of the corrected petition must be served on opposing counsel. Rule 29.3.

This office shall retain one copy of the petition and your [FILLIN] in the amount of $300.00 in expectation of timely receipt of a properly prepared petition.

This office shall retain one copy of the petition and your money order in the amount of $200.oo in expectation of the timely receipt of a properly prepared petition and the additional $100 of the docket fee.

Enclosed are a copy of the Rules of the Court and memorandum concerning the preparation of a paid petition in booklet format.

When making the required corrections to a petition, no change to the substance of the petition may be made.

Sincerely,
William K. Suter, Clerk
By:

Ruth Jones
(202) 479-3022

Enclosures

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

PATRICIA A. MEYERS;  --- RESPONDENT(S)

VS.

STEVEN KREBS, d/b/a Kreative Gardens Center --- PESPONDENT(S)

ON PETITION FOR WRIT OF CERTIORARI TO THE THIRD JUDICIAL
CIRCUIT OF APPEAL(S) OF THESE UNITED STATES

PETITION FOR WRIT OF CERTIORARI

Patricia A. Meyers;  Pro – se

Route 4,  Box  103A

Frankford, Delaware 19945

(302)  732 - 0227

## LIST OF PARTIES

[✓] All parties appear in the caption of the case on the cover page.

[ ] All parties **do not** appear in the caption of the case on the cover page.   A list of
all parties to the proceeding in the court whose judgment is the subject of this
petition is as follows:

# IN THE

## SUPREME COURT OF THE UNITED STATES

| | | |
|---|---|---|
| Patricia A. Meyers | ) | Civ. Act. No. _____ |
| Petitioner. | ) | |
| | ) | |
| v, | ) | |
| | ) | |
| Steven S. Krebs d/b/a Kreative | ) | |
| Gardens Center. | ) | |
| | ) | |
| Respondent. | ) | |

## ON PETITION FOR WRIT OF CERTIORARI TO THE THIRD JUDICIAL CIRCUIT OF APPEAL(S) OF THESE UNITED STATES

Patricia A. Meyers, Pro – se
Route 4, Box 103A
Frankford, Delaware 19945
(302) 732 - 0227

{ IV.}                          **QUESTION(S) PRESENTED**

Why has unlawful **42 U.S.C.A § 1985(3)**. By way of, a Vexations chain conspiracy

based Proscribed / Prohibited – Arbitrary – Capricious Unconstitutional Color of

Authority – Malfeasance wrongful **42 U.S.C.A § 1985**. Compounded with diplorable,

Collusive Obstruction of Justice oriented; Intentional Blatant, - Ommissive, Seditious,

Premeditated de facto United States Federally Owned and Operated Tribunal(s) /

Court(s) of Law,.

**This is a case of unequivocal EXCEPTIONAL - IMPORTANCE;** because of the

unlawful, unconstitutional, suspicious, intentional, suspect gravamen failures(s), (via)

past tribunal(s) to simply execute, clearly established rational basis test, Law(s). Due,

to the viable priority too Question; why has our Honorable Superceding United States

Constitution'(s) Art  III § 2. pre se Mandated Rudimentary Honorable principle(s),

been illicitly, intentionally, callously Derelicted, by purported to be; Fair – Justice(s) /

Judgeship(s), of these United States; who have indubitably Apparently, forgotten the

very Oath, that has incidentally put them on the, for now Active "Bench" See;

**28  U.S.C.A §   453**.

This High Court, must ethically, morally Re – emphasize the Honorable, fact that

Federal Law and/or Federal Court(s) at all time(s) Supercede inferior but, notorious,

State of Delaware court(s) and State of Delaware "Law",. This Honorable very High

Court, must, determine plain and simple the fact of the matter; In which is clearly

written, I do / did ascertain at birth, the inherent – Inalienable, - Liberty, to not be

*P A m*

**teamed up** against see; **42 U.S.C.A § 1985(3)** in any Court of Law, in these United States of America,.

*P N M*

**{ XII. }**             **STATEMENT OF THE CASE**

The initial superficial absent Good – faith docketing of this case transpired in the de facto, inferior, "Court of Chancery, of the State of Delaware, in and for the Notorious, Suspect Sussex County Court, domicile,...........

Initially – (via), very Questionable unconstitutional blatant - **Abuse of process,**. The superficial purported original plaintiff(s) were / are Steven krebs d/b/a Kreative Gardens Center case in short; I, was pro se, as I am still, to this very – day,. However, I could not get a fair – trial, in State of Delaware's(s), de facto "Court of Chancery,. I have a good friend, of the family who simply witnessed, and/or read my Legal – mail to my person; which is fully constitutional,. Under the Law(s) of these United States,. True Racism illegally – entered, into the inferior State of Delaware Court of Chancery in which is patently unconstitutional and not Reasonably RELATED to any legitimate purpose,. I did Constitutionally, Fundamentally legally Remove Civil Action **1120 –S** from the de facto State of Delaware's(s) Court of Chancery.

My Inalienable liberty to "Equal Justice, under the Law, was in fact unlawfully Compromised,. Therefore I was legally compelled to file in the proper situs for instant – action; Here under **28 U.S.C.A § 1443,.**

When inferior Racist Court official(s) of de facto State of Delaware's(s) Court of Chancery,. Factually / Vehemently Apparently got sore / disgruntled when they found

*P. A. M.*

out,. That a man of "Color",. Was simply Typing some legal document(s), for myself

( Ms. Patricia A. Meyers ).

*P. A. M*

{ **XIII.** }                    **Reasons for Granting the Petition**

Reason(s) for Granting the "Petition; Due to viable on the Record Illicit de facto
Due process violations(s) case in Point;

{ A } As initially filed under **28  U.S.C.A  §  1443.**

This Honorable Court must by inalienable virtue systematically legally inherently
Lawfully intervene to set an **EXAMPLE** per se of the Fact that EQUAL Justice,
under the law must be Re-emphasized to **edify** the de facto inferior court(s) below,.

The, fact that illicit double – standard, has over – Ruled clearly established Rational
basis test law. The de facto State of Delaware Court of Chancery, Superficially
purported to have an illicit " Mock – Trial", - all of the very - very insidious
Questionable intentional Derelicting of a Genuine Federal Constitutional -
{ Federalized } Removal – Action Here – under; **28  U.S.C.A. §  1446. §   1331. §
1443**.

In which thus, was technically illegally swept under a Rug they thought ? Due
process claim, I, Patricia A. Meyers could not get / Receive a fair - Trial, in the de
facto inferior State of Delaware Court of Chancery, in and for Sussex county.

*p. A m.*

This Honorable – High Court cannot allow, a heretofore viable constitutional - Removal Action to be Superceded (via) Color of Law / Color of inferior Authority State of Delaware Court official(s); see; **42 U.S.C.A. §   1983.  §  1981(a).**


**Please Take Notice;**

The Honorable Bill of Right's(s), as well as our Honorable United States Constitution, as well as the Honorable United States Code Annotated, will be put to shame (via) Obloquy; If this Miscarriage of Justice, is not with all de liberare { Speed } constitutionally corrected,. as a matter of law,. This case as I Reiterate, is of; Vehement Exceptional - Importance as a matter of Law. **Let us let true Democracy Prevail,.** Rational basis test., Federalized Viable Heretofore Pendente lite Statue(s) of law outweigh State of Delaware'(s) BUDDY  System of HYPOCRACY, and all who have illegally gathered for the sole [ depraved - mind ] illicit approach to "Deny" my inalienable liberty, to Leqally fundamentally exercise Constitutional; Removal Action(s) that our Honorable Federal legislation all against me, justice will find them, as a matter of Law,. **28 U.S.C.A. §   1343.**

## CONCLUSION

In the instant case, the Court of Appeals decision failed to comply with the requirements of Fed. R. App. P. 22 (b), and thus violated the foregoing constitutional standards. For these reasons Certiorari should be granted herein.

Respectfully submitted,

Date _6/4/2007_

_Patricia A. Meyers_ Pro –se
Route 4, Box 103A
Frankford, Delaware 19945

### CERIFICATE OF SERVICE

It is hereby declared under perjury pursuant to 28 U.S.C. § 1746, that on this ___4___ Day of ___June___ , 2007, undersigned served a copy of incorporated petition for a writ of certiorari, By Certified U.S prepaid Mail, upon:

Clerk's Office
First Street, North. East
Supreme Court of the United States
Washington, DC 20543 – 0001
**Certified Mail No.**
**7002 0460 0001 5101 7846**
7938

Mr. Steven S. Krebs
P.O. Box 796
Selbyville, Delaware 19975

**Certified Mail No.**
**7002 0460 0001 5101 7853**
7995

BY: _Patricia A. Meyers_
Patricia A. Meyers Pro - se

**APPENDIX INDEX**
**INSTRUCTIONS FOR THE TRUTH,**

## APPENDIX " A"

### State of Delaware'(s) Court of Chancery in and for Sussex of County

State of Delaware Court of Chancery's **Docket No. 1120 –S**

## APPENDIX " B"

### United State District Court of Delaware,.

U.S District Court's **Docket No. 06 – 445 – KAJ,**

## APPENDIX " C"

### The 03rd Judicial Circuit of the United State

United States Court of Appeals for The Third Circuit's
**Docket No. 06 – 4873 and Docket No. 07 – 1182,**

follow ( *Step 1* ) through to ( *Step 11* ) to understanding the TRUTH and PROOF how my, ( Meyers ) inalienable liberties are violated, below:

" **The CONSTITUTIONAL GUARANTEE OF EQUAL PROTECTION OF**

**THE LAWS** " Therefore, in this civil case 1120 – S, Actionable Negligence and/or

**42 U.S.C.A. § 1985(3)** Conspiracy; **first started** in the Georgetown, Delaware State Court

of Chancery involving both, **Chancellor William B. Chandler III** and **Plaintiff's**

**Attorney John E. Tarburton,** when they **both** , violated my (Ms. Patricia A. Meyers)

constitutional **inalienable liberties right(s) to receive a fair ruling,** by violating this

State Court of Chancery's **Civil eFILING Administrative Procedures Rule 79.1 (4) (d)**

**and (6) (a), see attached State Exhibit A1.** This Actionable Negligence and/or

**42 U.S.C.A. § 1985(3)** Conspiracy; **FAVORED** Plaintiff's Attorney Mr. Tarburton, by

stopping Civil Case 1120 – S from being **DISMISSED on JUNE 9, 2006.** Therefore, see

sequence of details as follows:

Chancellor, William B. Chandler III, in his May 26, 2006 Court Order, confirmed that

Attorney Tarburton had approximately four **(4)** MONTHS to **respond** to my <u>Motion to</u>

<u>Dismiss</u> civil case No. 1120 – S, <u>and</u> the deadline for Attorney Tarburton is

**JUNE 9, 2006.** ( *Step 1*, See – **Attached State Exhibit A2** and/or State of

Delaware No. 1120 – S - Entry document 5 / 26 / 2006 - ID - 1138553 and/or Federal

Docket No. 07– 1182 – Entry document 1 / 19 / 07 and it's Exhibit A <u>with</u> it's enclosed

exhibit I ). In Attorney John E. Tarburton's letter dated June 27, 2006, he stated, quote;

" Apparently, my letter request for a <u>continuance</u> dated June 8, 2006 **was not e-filed**

**until today. I APOLOGIZE** for this oversight..." ( *Step 2*, See - **Attached State Exhibit**

**A3** and/or Federal Docket No. 07– 1182 – Entry document 1 / 19 / 07 and it's Exhibit A

<u>with</u> it's enclosed exhibit G -- Actionable Negligence and/or Intentional Negligence ) -

**FURTHERMORE,** this **APOLOGY** letter dated JUNE 27, 2006, was **not efiled**

by Attorney Tarburton and can not be found on Court of Chancery's own docket

/ **cover –up.** Attorney Tarburtion's deceitful letter dated June 8, 2006, is

foolishness and a shame to my inalienable libereties, because after Attorney

Tarburton had approximately four (4) months to respond to my Motion to Dismiss

civil case No. 1120 –S, he further, went as low as to state in his letter, " **I have**

been unable to contact Ms. Meyers about this request...", **but** this is his first

written request ever, ( *Step 3*, See – **Attached State Exhibit A4** and/or State of

Delaware No. 1120 – S – Entry document 6 / 27 / 2006 – ID - 11638288 and/or Federal

Docket No. 07– 1182 – Entry document 1 / 19 / 07 and it's Exhibit A with it's enclosed

exhibit H, concerning Attorney Tarburton's deceitful / conspiracy June 8, 2006 letter,

which violated Civi eFILING Administrative Procedures Rule 79.1 (4) (d ) and (6) (a). For

the first time, this June 8, 2006 letter was efiled on June 27, 2006 ), **and to MAKE**

**SURE** that I, ( Ms. Meyers) do not respond and/or respond with a **NO** , to this not

E –Filed deceitful June 8, 2006 letter. Therefore, the **State Court** of Chancery's

Chancellor, **William B. Chandler III**, on the **very next day**, on June 9, 2006, **also**

violated **Civil eFILING Administrative Procedures Rule 79.1 (4) (d ) and (6) (a),** by

making an illegal ruling on Attorney Tarburton's deceitful / conspiracy June 8, 2006 letter.

To be clear, as mentioned above, Attorney Tarburton's deceitful / conspiracy, dated June

8, 2006 letter was **NOT EFILED** and was **NOT REJECTED** on June 9, 2006, in

accordance with Court's **Rule 79.1 (4) (d ) and (6) (a),** by Chancellor, **William B.**

**Chandler III**, who illegally ruled on this June 8, 20006 letter on June 9, 2006. For the

first time, Attorney Tarburton's deceitful / conspiracy June 8, 2006 letter was Efiled on

June 27, 2006, clearly **AFTER** the **FACT** of the illegal **RULING**, cover -up.

Therefore, William B. Chandler III, Chancellor **and** this Court of Chancery

**violated** their own **Civil eFILING Administrative Procedures Rule 79.1 (4) (d ) and**

**(6) (a)**, and my constitutional inalienable liberties rights to **RECEIVE** a **FAIR**

**RULING** ruling, see **42 U.S.C.A. § 1985(3)**. The, failure to compel the adversary

party, to **E – File INITIALLY** <u>showed</u> / <u>shows</u> unequivocal **indelible, bias,** as a matter of Law,. In which is totally Arbitrary and inconsistent with the fundamental(s), of Liberty and Justice for all,. ( *Step 4,* **Attached State Exhibit A5** and/or or State of Delaware No. 1120 – S – Entry document 6 / 27 / 2006 – ID - 11490359 and/or Federal **Docket No. 07– 1182 – Entry document 1 / 19 / 07 and it's Exhibit A** <u>with</u> it's enclosed exhibit J ) .

### HATEFUL REVENGE FACTUAL ISSUE;

William B. Chandler III, Chancellor allowed my **Power of Attorney – in – fact / agent to be a emissary / witness** of the civil case No. 1120 – S, for approximately one year and a half ( *Step 5,* __C__ - **Docket No. 07 – 1182 – Entry document 1 / 19 / 07 and it's Exhibit A , B and Q ) .** This fact is confirmed by the Court of Chancery's own docket, but only after my **July** 8, 20<u>06</u> letter pointing out, Attorney John E. Tarburton's, and William B. Chandler III, Chancellor 's involvement in Colluded Actionable Negligence and/or Conspiracy, only then my Power of Attorney Dennis L. Smith was vexatiously – despotically – threatened,. by way of William B. Chandler III, Chancellor, See; **42 U.S.C.A. § 1983. § 1988. § 1985(3).** to this day why he was compelled to stop **ASSISTING** my person, is still **AMBIGUOUS,.** Keep in mind, the Court of Chancery's own docket confirms that civil case No. 1120 –S was filed on **February** 23, 20<u>05</u>. Not long <u>after</u> this Chancellor's unconstitutional and illegal Ruling on June 9, 2006, ----- " Meyers **then** removed the case to District Court. " --- ( *Step 6,* **B** – Docket No. 06 – 445 – KAJ – Entry document 7 / 27 / 2006 " NOTICE OF REMOVAL " ) . CORRUPT ATTORNEY ISSUE;** The <u>former</u> law firm of Procino & Tarburton " parted ways " with **Attorney John E. Tarburton** because of this deceitful June 8, 2006 letter not being <u>E – Filed</u> and other complaints. ( *Step 7,* __C__ – **Docket No. 07– 1182 – Entry document 1 / 19 / 07 and it's Exhibit A page # 2, paragraph # 2)**

**CORRUPT JUDGE ISSUE;** Keep in mind, I, (Ms. Meyers ) completed my Notice of Removal under **28 U.S.C.A § 1446(5)(d)** on **July 27, 2006** and/or **July 28, 2006** *( "... State court shall proceed no further <u>unless</u> and <u>until</u> the case is <u>remanded.</u>" )*, but, approximately one (1) month later, William B. Chandler III, Chancellor unconstitutionally and illegally, proceeded further in his **August 29, 2006 Court Order** with an attached *NON BINDING / NON VIABLE* Scheduling Order concerning States' civil case No. 1120 – S *( Step 8*, **C** – Docket No. 07– 1182 – **Entry document 1 / 19 / 07 and it's Exhibit G a total of three (3) pages )** . Judge Kent A. Jordan **remanded** civil case 06 – 445 - KAJ back to State Court of Chancery for the **first time**, on **October 31, 2006** *( Step 9,* **C** – Docket No. 07– 1182 – **Entry document 1 / 19 / 07 and it's Exhibit I** <u>with</u> **it's entry 10 / 31 / 2006 )** . Therefore, William B. Chandler III, Chancellor, clearly unconstitutionally violated **28 U.S.C.A § 1446(5)(d).** —— *Exhibit "B"*

**AGAIN, CORRUPT JUDGE ISSUE; Starting with** the fact that, Judge Kent A. Jordan **remanded** civil case 06 – 445 - KAJ back to State Court of Chancery for the **first time**, on **October 31, 2006.** I, ( Ms. Meyers) under Federal Rule of Appellate Procedure Rule 04, had 30-days to Appeal. Therefore, within 30-days on November 22, 2006, I appealed civil case No. 06 – 445 – KAJ, to the United States Court of Appeals for The Third Circuit, civil case No. 06 – 4873. While this civil case No. 06 – 4873 **remained** pending, William B. Chandler III, Chancellor unconstitutionally and illegally, proceeded further

in a de facto Superficial – only Mock Trial on **January 2, 2007**, concerning his civil case
No. 1120 – S ( *Step 10*, **C** – Docket No. 07–,1182 – Entry document 1 / 19 / 07 and it's
**Exhibit Q with entry 1 / 2 / 2007** ). Sloviter Chagares and Nygaard, Circuit Judges's
OPINION and JUDGMENT dated March 6, 2007. These three Judges Superficially
"**AFFIRMED**" the United District Court's **de facto Judge Kent A. Jordan's** October
31, 2006 court order, in their **March 6, 2007** OPINION and JUDGMENT as **Attached**.
Therefore, **AGAIN**, William B. Chandler III, Chancellor clearly violated **28 U.S.C.A §
1446(5)(d)**. Is this inferior , Chancellor, <u>Above the Law</u> ?

**IN NEED FOR JUSTICE ISSUE;** I, (Ms. Meyers) filed a " Writ of Prohibition " in
the Third Judicial Circuit of the United States on January 19, 2007 ( *Step 11*, **C** –
**Docket No. 07– 1182 – Entry document 1 / 19 / 07)** .

## INDEX FOR COURTS DOCKET

See below in this sequence, **A** - C.A. State of Delaware Docket No. 1120 – S

> **B** - C.A. United District Court of Delaware
> Docket No. 00455 – JAK
>
> **C** – C.A. The 03rd Judicial Circuit of the United State
> Docket No. 06 – 4873 and 07 – 1182

**NEXT** see, The 03rd Judicial Circuit of the United State C.A.
No. 06 – 4873 and 07 – 1182 for Ruling and conclusion.

Exhibit A1

*STATE*
*Exhibit*
*A1*

## ADMINISTRATIVE DIRECTIVE
## OF THE
## CHANCELLOR OF THE COURT OF CHANCERY
## OF THE STATE OF DELAWARE

### AMENDED NO. 2003-1

### eFILE ADMINISTRATIVE PROCEDURES

This 15th day of March, 2007, IT IS HEREBY DIRECTED that the following administrative procedures apply for electronic filing or eFiling of all civil actions pursuant to Rule 79.1:

### eFile Administrative Procedures

1.   **Registration and fees for eFiling**

   (a)   *Scope.*   Commencing October 20, 2003, every Civil Action in the Court of Chancery, whether already pending or newly filed, shall be subject to electronic filing or eFiling.

   (b)   *Registration.* Any person intending to use eFile must register with LexisNexis File & Serve at www.lexisnexis.com/fileandserve

   (c)   *Filing Fees.*

      (1)   There are several parts to the fee structure for eFiling. These will be billed by LexisNexis using the billing arrangements established through the LexisNexis registration process. The parts are:

         .   The routine filing fee and court costs for various pleadings (*See generally* Court of Chancery Rule 3.)

         .   A court technology fee of 50 cents per document (Rule 79.1).

         .   LexisNexis File & Serve fees.

         .   Pro Hac Vice fees (Rule 170(c)(vi)), technology dispute filing fees.

      (2)   The Rules impose a fee for mediations (Rule 174 and 174.1). Those fees will be billed by the Register in Chancery directly to the parties and will not be part of the LexisNexis billing process.

2.   **Minimum Technical Requirements**

   The minimum technical requirements for eFilings are available online at www.lexisnexis.com/fileandserve

eFILE ADMINISTRATIVE PROCEDURES
March 14, 2007

3.    **Documents that must be electronically filed; Exceptions**

Each document that must be filed under the Rules shall be eFiled unless otherwise ordered by the Court.  Except that paper copies of any Complaint, Praecipe, Supplemental Information Form (Rule 3 (a)) shall be filed to facilitate service of process as required by the Rules and by statute. Paper courtesy copies of pleadings seeking judicial action shall only be filed at the discretionary request of the assigned judge. The cover page must indicate "COPY" and include the assigned Filing ID number.

4.    **Form of Documents Electronically filed**

(a)    *Format.* Each electronically filed document shall be filed in Word, WordPerfect, .rtf, TIFF or .PDF format, *except that each electronically filed brief or order shall be filed in editable Word or WordPerfect format.*  To the extent practicable *each document* shall be formatted in accordance with the applicable rules governing formatting of paper documents, and in such other and further format as the Register in Chancery may require from time to time.  A document may exceed page limitation rules to a maximum of two (2) additional pages when the additional pages are attributed to the electronic conversion or filing process.

   (1)    eFile will automatically convert any Word, WordPerfect or TIFF file to .PDF format, but the original format will also be available for downloading.

   (2)    The official record of the court is the .PDF version.

(b)    *Title of Documents.* The title of each electronically filed document shall include:

   (1)    Party or parties filing the document,

   (2)    Descriptive title of the document,

   (3)    Party or parties against whom relief, if any, is sought, and

   (4)    Nature of the relief sought (e.g., Defendant ABC Corporation's Motion for Summary Judgment against Plaintiff Jones).

(c)    *Signature.*

      Each electronically filed document shall be deemed to have been signed by the attorney or party not represented by an attorney authorizing such filing, and shall bear a facsimile or typographical signature of such person, e.g., " s/ Adam Attorney." Each document eFiled by or on behalf of a party shall also include the typed name, address, and telephone number of the attorney or

2

eFILE ADMINISTRATIVE PROCEDURES
March 14, 2007

unrepresented party filing such document.   Attorneys shall include their
Delaware bar number.

Each electronically filed declaration and affidavit shall be deemed to have
been signed by the declarant or affiant if an attorney or party not represented
by an attorney has authorized such filing. The original affidavit or declaration
filed or served electronically, shall be maintained by the party filing the
affidavit during the pendency of the litigation, and shall be made available,
upon reasonable notice, for inspection by other counsel, the Register in
Chancery or the Court.



(d)    *Filing Related Documents.*

All electronically filed documents relating to a single pleading or paper shall
be "electronically stapled" using the "main" and "supporting" functionality of
the eFiling system. Pleadings seeking judicial action such as Proposed Orders
shall be filed separately as supporting documents.  In this way, multiple
related documents, although filed separately, are linked logically together and
identified as a single transaction.

All electronically filed documents, papers or pleadings directly relating to a
previously-filed document, paper or pleading shall be linked to the previously
filed document, paper or pleading, using the "linked document feature" in the
eFiling system.

Failure to properly link document will result in rejection of filing by the
Register in Chancery.

5.    **Sealed Documents**

(a)    Documents filed under seal MUST be formatted with a footer stating the
following:

> **THIS DOCUMENT IS CONFIDENTIAL AND FILED
> UNDER SEAL.  REVIEW AND ACCESS TO THIS
> DOCUMENT IS PROHIBITED EXCEPT BY PRIOR
> COURT ORDER.**

This footer must appear on every page of the document.  Additionally, the first
page or cover page of the document must be in the following format:

3

eFILE ADMINISTRATIVE PROCEDURES
March 14, 2007

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR [          ] COUNTY

[name of first plaintiff],                        :
             v.                                   :   C.A. No. [              ]
[name of first defendant].                        :

**YOU ARE IN POSSESSION OF A DOCUMENT FILED IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE THAT IS CONFIDENTIAL AND FILED UNDER SEAL.**

**If you are not authorized by Court order to view or retrieve this document read no further than this page. You should contact the following person:**

[filing attorney's name]
[firm name of filing attorney]
[address of filing party]
[telephone number of filing party]

No other information should appear on the cover page.

(b)     The filing details and document title will appear in the LexisNexis system. The document can be viewed only by the Court, the filer, and those case participants who received service of that particular document. A party that was not served with the document can see only the document title in the case details, however, that party is not able to open or view the document.

(c)     Sealed confidential documents and public versions of sealed confidential documents shall be eFiled in accordance with Rule 5(g).

6.     **Time of eFiling and Service**

(a)     Any document filed electronically by 11:59 pm ET shall be considered eFiled with the Register in Chancery once the transmission is successfully completed ("authorized date and time") as recorded on the LexisNexis File & Serve system.

(b)     An eFiled document is deemed served only upon selection of parties to be served and submission according to the File & Serve procedures. The electronic service of a pleading or other document in the eFiling system is considered valid and effective service on all parties and shall have the same legal effect as conventional service of an original paper or document. The filing party is not required to

4

eFILE ADMINISTRATIVE PROCEDURES
March 14, 2007

> conventionally serve a paper copy of the electronically filed document on parties
> not subscribing to the eFiling system. LexisNexis shall serve subscribing parties
> electronically and non-subscribing parties via facsimile or US Mail. The
> associated filing receipt will list the parties selected for service and give proof of
> date, time and method of service.

7.    **Public Access to the Docket**

The Register in Chancery (or designee) in each county shall make a Public Access
Terminal available to the general public to allow access to the Court's electronic case
record in all eFiled cases. Copies made from the Court's electronic case records shall be
printed by the Register in Chancery's Office and copying fees will be charged in
accordance with Rule 3.

8.    **Related eFile Documents**



The following eFile instructions and practice guides are available on the Court of Chancery's
Web site (http://courts.state.de.us/chancery) or in the Register in Chancery's Office:

Quick Guide: File & Serve
Quick Guide: New Case Filing
Quick Guide: Multi-Case Filing
Quick Guide: File Room

9.    **Privacy Issues**

Easy access to electronic documents raises many privacy issues. eFile users must be
sensitive to confidential and personal information not filed under seal. Parties shall
refrain from including, or shall redact where inclusion is necessary, the following
personal identifiers from all documents filed with the court, including exhibits thereto,
unless otherwise ordered by the Court.

(a)    **Social Security Numbers**. If an individual's social security number must be
included in a document, only the last four digits of that number should be used.

(b)    **Names of minor children.** If the involvement of a minor child must be
mentioned, only the initials of that child should be used.

(c)    **Dates of Birth.** If an individual's date of birth must be included in a document,
only the year should be used.

(d)    **Financial account numbers.** If financial account numbers are relevant, only the
last four digits of these numbers should be used.

5

eFILE ADMINISTRATIVE PROCEDURES
March 14, 2007

In addition, exercise caution when filing documents that contain the following:

(1)    Personal identifying number, such as a driver's license number

(2)    Medical Records, treatment and diagnosis

(3)    Employment History

(4)    Individual Financial Information

(5)    Proprietary or Trade Secret Information

It is the sole responsibility of counsel and the parties to be sure that all pleadings comply with the rules of this court requiring redaction of personal identifiers. The Register in Chancery will not review each pleading for redaction.

10.    **System or User Filing Errors.**

It is recommended that parties seek to resolve filing and service errors based on technical failures amongst themselves. Otherwise, if the electronic filing is not filed and served with the Register in Chancery because of (1) an error in the transmission of the document to LexisNexis which was unknown to the sending party, or (2) a failure to process the electronic filing when received by LexisNexis, or (3) rejection by the Register in Chancery, or (4) other technical problems experienced by the filer, the Court may upon satisfactory proof enter an order permitting the document to be filed or served nunc pro tunc to the date it was first attempted to be sent electronically.

11.    **Obligation of Registered eFile Users to Maintain Proper Delivery Information.**

Parties or attorneys who register to use the File & Serve system shall notify LexisNexis within 10 days of any change in firm name, delivery address, fax number or e-mail address.

Chancellor

oc:    Registers in Chancery
xc:    Vice Chancellors
       Law Libraries
       File

6

Exhibit A2

*Exhibit A2*

EFiled: May 26 2006 8:51A
Transaction ID 11380553

**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

WILLIAM B. CHANDLER III
CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Submitted: May 5, 2006
Decided: May 26, 2006

John E. Tarburton
Procino & Tarburton, LLP
123 Pennsylvania Avenue
Seaford, Delaware 19973

Patricia A. Meyers
RR 4, Box 103A
Frankford, Delaware 19945

Re:   *Steven Krebs d/b/a Kreative Garden*
      *Center v. Patricia A. Meyers*
      Civil Action No. 1120-S

Dear Mr. Tarburton and Ms. Meyers:

On February 10, 2006, defendant filed a speaking motion to dismiss the complaint. As of today, no answering brief has been filed. Briefing shall be completed as follows:

- Plaintiff shall file an answering brief by June 9, 2006.

- Defendant shall file her reply brief by June 23, 2006.

IT IS SO ORDERED.

Very truly yours,

William B. Chandler III

WBCIII:bsr

Exhibit A3

# Procino & Tarburton, LLP

Attorneys at Law

*State*
*Exhibit*
*A 3*

Michele Procino - Wells

John E. Tarburton (DE & MD)

June 27. 2006

*Via facsimile and first class mail*
Chancellor William B. Chandler, III
Court of Chancery
34 The Circle
Georgetown, Delaware 19947

> Re: **Steven Krebs d/b/a/ Kreative Gardens Center v.**
> **Patricia A. Meyers; C.A. No. 1120-S**
> **Defendant's request for continuance**

Dear Chancellor Chandler:

Mr. Smith contacted me on Friday, June 23, 2006, and requested a continuance for the hearing scheduled for June 30, 2006. The reason he gave was that his wife had a medical problem which would preclude him from attending. I called Mr. Smith on Monday, June 26, 2006, and told him that I had no objection to his request. The remaining assertions contained in his letter request of June 23, 2006 (and attachments) regarding any attempt by me to deceive the Court, Mr. Smith, Ms. Meyers or anyone else are denied. Apparently, my letter request for a continuance dated June 8, 2006 was not e-filed until today. I apologize for this oversight and any inconvenience it may have caused.

Please contact me if you have any questions.

Sincerely,

John E. Tarburton

JET lkf
pc:    Dennis Smith
       Patricia Meyers

123 Pennsylvania Avenue, Seaford, Delaware 19973
302.628.4140 ❖ Fax: 302.628.4150

Exhibit A4

*State*
*Exhibit*
*A4*

EFiled: Jun 27 2006 10:49A EDT
Transaction ID 11638288

V5.

June 8, 2006

*Via facsimile and first class mail*
Chancellor William B. Chandler, III
Court of Chancery
34 The Circle
Georgetown, Delaware 19947

> Re: **Steven Krebs d/b/a/ Kreative Gardens Center v.**
> **Patricia A. Meyers; C.A. No. 1120-S**

Dear Chancellor Chandler:

On May 26, 2006, the Court issued an Order directing an answering brief to defendant's motion to dismiss to be filed by June 9, 2006, with a reply brief due by June 25, 2006. I received this Order by mail on May 30, 2006.

Please accept this request for an extension to file plaintiff's answering brief. It is possible for the Court to construe Defendant's motion to dismiss as:

1) a Motion to dismiss an amended complaint, the amendment to which has never been granted;
2) a Motion to dismiss the entire action, apparently under Rule 41 (b); and
3) a misidentified Motion for summary judgment under Rule 56.

In order to properly protect my client's interests, I believe that I need to prepare an answering brief that addresses all three possibilies. I respectfully request an extension until Friday, June 16, 2006 to file Plaintiff's answering brief.

I have been unable to contact Ms. Meyers about this request, as her phone number is unlisted. Please contact me if you have any questions.

Sincerely,

John E. Tarburton, Esquire

Pc:    Patricia Meyers

Exhibit A5

*State
Exhibit
A 5*

WILLIAM D. CHANDLER III
CHANCELLOR

**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

June 9, 2006

EFiled: Jun 9 2006 12:17P
Transaction ID 11490359

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

*v S.*

John E. Tarburton
Procino & Tarburton, LLP
123 Pennsylvania Avenue
Seaford, DE 19973

Patricia A. Meyers
RR 4, Box 103A
Frankford, DE 19945

*"Failure to properly link
document will result by
in rejection of filing Chancery"
the Register Attorney Tarburton
Therefore, voilated Rule
79.1 (d) when he fail to
E-file his June 8, 2006
letter illegally ruled on this
II letter on June 9, 2006*

        Re:    *Steven Krebs d/b/a Kreative Garden
               Center v. Patricia A. Meyers*
               Civil Action No. 1120-S

Dear Mr. Tarburton and Ms. Meyers:

        In response to Mr. Tarburton's letter of June 8, 2006, the briefing schedule,
in the above-captioned case, has been revised as follows:

  • Plaintiff shall file an answering brief by June 16, 2006.

  • Defendant shall file her reply brief by June 30, 2006.

        IT IS SO ORDERED.

                                Very truly yours,

                                *William B. Chandler III*

                                William B. Chandler III

WBCIII:meg

Exhibit B

*Exhibit*
*"B"*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STEVEN KREBS,                          )
                                       )
                Plaintiff,             )
                                       )
        v.                             )    Civil Action No. 06-455-KAJ
                                       )
PATRICIA A. MEYERS and DENNIS          )
LEE SMITH, power of attorney/agent/    )
emissary and witness for Patricia A.   )
Meyers,                                )
                                       )
                Defendants.            )

## ORDER

For the reasons set forth in the Memorandum Opinion issued today in this

matter,

IT IS HEREBY ORDERED that Steven Krebs' motion to remand (D.I. 7) is

GRANTED. IT IS FURTHER ORDERED that Plaintiff's request for costs and expenses,

including attorney's fees incurred in connection with the removal and the motion to

remand (*id.*), is DENIED.

UNITED STATES DISTRICT JUDGE

October 31, 2006
Wilmington, Delaware



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STEVEN KREBS,                          )
                                       )
                     Plaintiff,        )
                                       )
        v.                             )    Civil Action No. 06-455-KAJ
                                       )
PATRICIA A. MEYERS,                    )
                                       )
                     Defendant.        )
                                       )
                                       )
                                       )

## MEMORANDUM OPINION

John E. Tarburton, Esq., Procino & Tarburton, LLP, 123 Pennsylvania Avenue,
Seaford, Delaware 19973; Counsel for Plaintiff.

Patricia A. Meyers, Route 4 Box 103A, Frankford, DE 19945; pro se.

October 31, 2006
Wilmington, Delaware

CERTIFIED: $\int \cdot \mathcal{A} \, \Gamma \cdot \Omega$
AS A TRUE COPY:
          ATTEST:
      PETER J. DALLEO, CLERK
BY
          Deputy Clerk

he is not an attorney.[2] (*Id.* at 2-3.) On July 27, 2006, Defendant, in a document signed both by her and by Mr. Smith, removed the case to this court, contending that subject matter jurisdiction exists under 28 U.S.C. § 1443, the statute allowing removal of civil rights cases. (D.I. 1 at 1, 4.) Defendant alleges that removal is proper under § 1443 since the Court of Chancery prevented Mr. Smith from representing Defendant simply because Smith is African-American. (*Id.* at 4.) Defendant further argues that she cannot receive a fair trial in state court without Mr. Smith's representation. (*Id.*)

As additional grounds for removal, Defendant asserts that the alleged racial discrimination by the Court of Chancery constitutes a separate cause of action that warrants federal jurisdiction and permits the entire case to be removed under 28 U.S.C. § 1441(c). (*Id.*) She argues that a separate action exists because of violations of

---

[2] Chancellor Chandler gave the following reasoning for barring Mr. Smith from appearing for Defendant:

> It is well settled under Delaware law that only a member of the Bar of the Supreme Court of Delaware, a party appearing *pro se*, or an attorney admitted *pro hac vice* may participate in a proceeding before the Court. . . . Mr. Smith represents that he is the "attorney-in-fact" for Ms. Meyers under a general power of attorney. That status, in and of itself, cannot circumvent the rules proscribing representation by non-lawyers. That is, a person holding "power of attorney," although known popularly as an "attorney-in-fact," is not considered an attorney who can appear in court on behalf of another person.

D.I. 7, Ex. C at 1 (internal citations omitted).

2

several civil rights acts.[3]  (*Id.* at 4-5.)  Finally, Defendant alleges that this court has original jurisdiction over this case pursuant to 28 U.S.C. § 1343.  (*Id.* at 5.)

On August 28, 2006, Plaintiff filed the Motion to Remand.  (D.I. 7 at 1-2.)  He argues that the case should be remanded pursuant to 28 U.S.C. § 1446(b), because Defendant's removal was untimely and improper.  (*Id.* at ¶ 5.)  Section 1446(b) requires a notice of removal to be filed within thirty days after the defendant receives the initial pleading.  Defendant filed for removal 510 days after service and receipt of Plaintiff's Complaint.  (*Id.* at ¶ 4.)

## III.    STANDARD OF REVIEW

"Any civil action of which the district courts have original jurisdiction . . . shall be removable."  28 U.S.C. § 1441(b).  If, after the case has been removed, "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  It is the burden of the party opposing remand of the case "to show the existence and continuance of federal jurisdiction."  *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).  When "[r]uling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed.  In so ruling the district court must assume as true all factual allegations in the complaint."  *Id.*  (citations omitted).

---

[3]  Defendant alleges (a) that there was a conspiracy to deprive persons of rights or privileges in violation of 42 U.S.C. § 1985(3); (b) that she has a civil action for deprivation of rights under 42 U.S.C. § 1983; and (c) that she was denied equal rights under the law pursuant to 42 U.S.C. § 1981.  (D.I. 1 at 4-5.)  In her Motion for Removal, Defendant alleged violations of 28 U.S.C. § 1985(3) and 28 U.S.C. § 1983, but she evidently intended to refer to sections of title 42.

3

## IV.    DISCUSSION

### A.    Procedural Requirements for Removal Under Section 1446

Removal of a civil rights action is proper if a defendant meets the procedural requirements of 28 U.S.C. § 1446 and the substantive requirements of 28 U.S.C. § 1443. Under the procedural requirements, a defendant in a civil case must file a notice of removal within thirty days after receipt of a copy of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b). However, a defendant may give notice of removal later than thirty days after receipt of the initial pleading, if she files notice within thirty days "from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). In the present case, the Defendant filed notice of removal 510 days after the initial pleading. (D.I. 7 at ¶ 4.)

Defendant alleges that her grounds for removal did not arise until she received Chancellor Chandler's letter that precluded Mr. Smith from representing her. (D.I. 9 at 3-5.) She argues that Chancellor Chandler's decision to bar Mr. Smith from representing her violated her civil rights, which provides this court with jurisdiction to take over the case. (D.I. 1 at 4-5.) An analysis under Section 1446 is unnecessary in this case because, even if Defendant met the procedural requirements for removal, her allegations do not meet the substantive requirements of Section 1443.

### B.    Substantive Requirements for Removal Under Section 1443

Defendant argues that she cannot receive a fair trial in state court without Mr. Smith's representation, and that Mr. Smith was prevented from representing Defendant because he is African-American. (D.I. 1 at 4.) Section 1443(1) permits removal of a state law action "[a]gainst any person who is denied or cannot enforce in the courts of

4

such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Defendant asserts that the Court of Chancery violated her civil rights under 42 U.S.C. § 1985(3), 42 U.S.C. § 1983, and 42 U.S.C. § 1981.[4]  (D.I. 1 at 4-5.) She further alleges that these statutes provide this court with original jurisdiction under 28 U.S.C. § 1343. (*Id.*) On this record, however, it is clear that Defendant has improperly relied on those statutes and that removal was not warranted.

Section 1985(3) prevents persons from conspiring to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." It does not provide substantive rights. *Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 372 (1979). A party asserting rights under Section 1985(3) must allege a right covered by the Constitution or other laws. *Spencer v. Casavilla*, 903 F.2d 171, 174 (2d Cir. 1990). Similarly, a Section 1983 claim requires a defendant to allege a deprivation of rights secured by the Constitution and laws by a person acting under color of state law. Finally, Section 1981(a) provides that "[a]ll persons . . . shall have the same right . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ."

In the present case, Defendant has no right granted by the Constitution or any other law to be represented by a person that is not an attorney. Chancellor Chandler

---

[4]  *See supra* note 3.

5

precluded Mr. Smith from representing Defendant based on a long-established and race neutral Delaware law that limits a party to asserting rights either through counsel or pro se.[5] It is a rule of general application, having nothing to do with race. Furthermore, the Defendant makes no showing that the Court of Chancery has applied the law in a discriminatory manner. Therefore, Defendant's allegations under Sections 1985(3), 1983, and 1981 do not warrant removal under Section 1443, because Defendant has not asserted a right enforceable under those statutes.

Defendant further claims that this court has original jurisdiction under 28 U.S.C. § 1343. (D.I. 1 at 4-5.) Section 1343 provides federal jurisdiction for a civil action "authorized by law to be commenced by a person" alleging a violation of Section 1985 or a deprivation of any right granted by the Constitution or federal law that protects civil rights. Again, because Defendant fails to allege a right secured by the Constitution or federal law, the federal courts do not have original jurisdiction over this case.

C.    Removal Under §Section 1441(c)

Finally, Defendant cannot remove the case under 28 U.S.C. § 1441(c).[6]

Pursuant to Section 1441(c), a court may remand a case upon finding that state law

_____

[5] See supra note 1; see also Kostyshyn v. State, No. 267,2004, 2004 WL 1874695, at *1 (Del. Aug. 17, 2005).

[6] Title 28 U.S.C. § 1441(c) permits removal:
>   Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

6

predominates in all matters related to the case. The present case began as a dispute
over the construction of a lease agreement. (D.I. 7, Ex. A at 3.) Any litigation that
ensues from the Complaint will apply state law to determine the construction of that
lease agreement. Accordingly, state law predominates and the case should be
remanded.

D.    Request for Attorneys' Fees

Plaintiff further requests that Defendant pay all of his costs and expenses,
including attorneys' fees, incurred in connection with the removal and the Motion to
Remand pursuant to 28 U.S.C. § 1447(c). (D.I. 7 at 2.) The court has broad discretion
regarding whether to award such costs and fees. See Mints v. Educ. Testing Serv., 99
F.2d 1253, 1260 (3d Cir. 1996). Satellite litigation has already distracted the parties
from attending to their true dispute for too long, and I conclude that an award of costs
and fees in this case would involve the parties in further irrelevant rancor and would
cost yet additional unnecessary expenditures of time and money. At this stage, an
award of fees and costs is not warranted.

V.    CONCLUSION

Accordingly, for the reasons stated, I will grant Plaintiff's Motion to Remand and
deny Plaintiff's request for costs and expenses. (D.I. 7). An appropriate order will
follow.

CERTIFIED: 5-25-07
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY_____
Deputy Clerk

7

A

C.A. No. 1120-S

Docket

From the U.S. Code Online via GPO Access
[wais.access.gpo.gov]
[Laws in effect as of January 20, 2004]
[Document not affected by Public Laws enacted between
  January 20, 2004 and December 23, 2004]
[**CITE: 28USC1446**]


TITLE 28--JUDICIARY AND JUDICIAL PROCEDURE

PART IV--JURISDICTION AND VENUE

CHAPTER 89--DISTRICT COURTS; REMOVAL OF CASES

FROM STATE COURTS

Sec. 1446. Procedure for removal


**(5)(d)** Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all **adverse parties** and shall file a copy of the **notice with the clerk of such State court,** which shall effect the removal and the **State court shall proceed *no further*** unless and until the case is remanded.

LexisNexis File & Serve                                                    Page 1 of 4

Click to Print                          Printed on: Thursday, January 04, 2007 08:54:00 EST

## Case History Search
Search Created:
Thursday, January 04, 2007 08:54:00
EST

| Court: | DE Court of Chancery | Judge: | Chandler, William B | File & Serve Live Date: | 2/23/2005 |
|---|---|---|---|---|---|
| Division: | N/A | Case Number: | 1120-S | Document(s) Filed: | 58 |
| Case Type: | Injunctive Relief | Case Name: | Krebs, Steven et al vs Patricia A Meyers | Date Range: | All |

1-32 of 32 transactions    Prev Page 1 of 1 Next

| Transaction ▼ | Date/Time | Option | Case Number Case Name | Authorizer Organization | # | Document Type | Document Title | Size |
|---|---|---|---|---|---|---|---|---|
| 13334262 | 1/3/2007 4:00 PM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | John E Tarburton, Tarburton, John E Esq PA | 42 | Proposed Order | Order of Court Krebs v. Meyers • Linked to (1) | 0.1MB |
| 13316913 | 1/2/2007 1:43 PM EST | File Only | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | 41 | Judicial Action Form | Trial held before Chancellor Chandler - 9:32-10:02 - defendant failed to appear or be represented - decision of the court: lease is valid, binding and enforceable - Plaintiff's counsel to prepare an Order for the Court's approval - a hearing on damages to be scheduled by the Court • Linked from (1) | 0.5MB |
| 12860083 | 11/8/2006 2:26 PM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | 40 | Other | United States District Court- Order and Memorandum Opinion dated October 31, 2006 | 2.3MB |
| 12216946 | 8/29/2006 3:34 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | 39 | Scheduling Order | Scheduling Order | 0.1MB |
| 12216885 | 8/29/2006 3:31 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | 38 | Letter Decision | Letter Decision | 0.1MB |
| 11931138 | 7/31/2006 11:47 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | 37 | Other | Copy of Petition sent to The District Court filed by Patricia A. Meyers and Dennis Smith | 1.7MB |
| | | | | | | Exhibits | Exhibits | 7.6MB |
| | | | | | | | Exhibits | 9.5MB |
| 11827270 | 7/18/2006 2:56 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | 36 | Letter | Letter | 0.1MB |
| 11786496 | 7/13/2006 3:00 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | 35 | Letter | Letter to Chancellor Chandler and John Tarburton from Dennis Smith dated July 6 2006 | 3.3MB |
| 11662326 | 6/29/2006 9:37 AM EDT | File And | 1120-S Krebs, Steven | John E Tarburton, | 34 | Letter | John Tarburton, Esquire's letter in response to Dennis | 0.1MB |

← notice of Removal

← 2

| ID | Date | Type | Case | Party | Doc | Description | Size |
|---|---|---|---|---|---|---|---|
| | | Serve | et al vs Patricia A Meyers | Procino-Wells, Michele | | Smith's June 25, 2006 letter | |
| 11642197 | 6/27/2006 1:51 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | 33 Letter | Letter | 0.1MB |
| 11638288 | 6/27/2006 10:49 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | John E Tarburton, Procino-Wells, Michele | 32 Letter | Letter from John E. Tarburton, Esquire requesting continuance to file answering brief | 0.1MB |
| 11637057 | 6/27/2006 8:11 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | 31 Letter | Letter to Chancellor Chandler & Mr. Tarburton from Dennis Smith dated June 25, 2006 requesting an extension of hearing | 2.9MB |
| 11583055 | 6/20/2006 4:02 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | 30 Letter | Scheduling Letter | 0.1MB |
| 11554598 | 6/16/2006 2:39 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | 27 Letter | Letter to Mr. Tarburton and Chancellor Chandler dated June 12 2006 | 1.5MB |
| | | | | | 28 Brief | Plaintiff's Answering Brief To Defendant's Motion To Dismiss | 2.4MB |
| | | | | | 29 Appendix | Appendix To Plaintiff's Answering Brief To Defendant's Motion To Dismiss | 0.3MB |
| | | | | | Other | Attachments to Plaintiff's Answering Brief | 4.4MB |
| | | | | | Certificate of Service | Certificate Of Service | 0.1MB |
| | | | | | Other | Attachments To Appendix To Plaintiff's Answering Brief To Defendant's Motion To Dismiss | 3.3MB |
| 11490359 | 6/9/2006 12:17 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | 26 Letter | Letter Revising Briefing Schedule | 0.1MB |
| 11380553 | 5/26/2006 8:51 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | William B Chandler, DE Court of Chancery | 25 Letter | Letter | 0.1MB |
| 10640628 | 2/23/2006 8:48 AM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | 24 Motion | Corrected Page 6 in the Motion To Dismiss Plaintiffs Amended Verified Complaint for Declaratory and Injunctive Relief | 0.1MB |
| 10551029 | 2/10/2006 3:53 PM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia G Randolph, DE Court of Chancery | 23 Motion | Motion To Dismiss Plaintiff's Amended Verified Complaint For Declaratory And Injunctive Relief filed by Dennis Smith | 0.4MB |
| | | | | | Proposed Order | Order | 0.1MB |
| | | | | | Exhibits | Exhibits | 0.5MB |
| 10366417 | 1/19/2006 10:39 AM EST | File Only | 1120-S Krebs, Steven et al vs Patricia A Meyers | Michele Procino-Wells, Procino-Wells, Michele | 17 Proposed Order | Notice of Motion, Motion to File Amended Complaint and Order | 0.1MB |
| | | | | | 18 Exhibits | Exhibit to Motion | 0.1MB |
| | | | | | 19 Exhibits | Exhibit to Motion | 0.1MB |
| | | | | | 20 Exhibits | Exhibit to Motion | 0.1MB |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | 21 Exhibits | Exhibit to Motion | 0.1MB |
| | | | | | 22 Exhibits | Exhibit to Motion | 0.1MB |
| 6482620 | 8/15/2005 9:48 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | 16 Order | Stipulation To Substitute Counsel | 0.1MB |
| 5991046 | 6/10/2005 12:09 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | 15 Letter | Letter from Mr. Smith dated June 7, 2005 | 0.2MB |
| 5854388 | 5/19/2005 4:09 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | 11 Amended Answer | Amended Answer filed by Mr. Smith | 0.4MB |
| | | | | | 12 Exhibits | Amended Answer Exhibit A | 0.9MB |
| | | | | | 13 Exhibits | Amended Answer Exhibit B-F | 0.3MB |
| | | | | | 14 Exhibits | Amended Answer Exhibits G-J | 0.1MB |
| 5760839 | 5/5/2005 4:35 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | 10 Letter | Letter from Mr. Smith Ref: Amended Answer | 0.1MB |
| 5722176 | 4/29/2005 4:14 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | 9 Other | Answer To Complaint For Declaratory and Injunctive Relief | 0.3MB |
| | | | | | Exhibits | Exhibit A to Answer | 0.8MB |
| | | | | | Exhibits | Exhibit B-G Answer | 0.4MB |
| 5660122 | 4/21/2005 9:17 AM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | 8 Letter | Letter from Mr. Smith and Ms. Myers | 0.2MB |
| 5608091 | 4/13/2005 3:00 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | 7 Letter | Letter from Dennis Smith and Patricia Meyers | 0.1MB |
| 5550662 | 4/4/2005 5:00 PM EDT | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia Randolph, DE Court of Chancery | 6 Sheriffs Return | Service was completed on Patricia A. Meyers by Dennis Smith picking up her papers at the Sheriff's office | 0.1MB |
| 5469466 | 3/30/2005 5:00 PM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia Randolph, DE Court of Chancery | 4 Letter | Letter to Chancellor William B. Chandler, III and Alan G. Davis, Esq. from Dennis L. Smith | 0.1MB |
| 5469467 | 3/30/2005 5:00 PM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Patricia Randolph, DE Court of Chancery | 5 Letter | Letter with Date Correction to Mr. Davis and Chancellor Chandler from Dennis L. Smith and Patricia A. Meyers | 0.1MB |
| 5250045 | 3/1/2005 5:00 PM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Arline Simmons, DE Court of Chancery | 3 Other | Sent Summons To Sheriff 3/1/05 | 0.1MB |
| 5203826 | 2/23/2005 4:06 PM EST | File And Serve | 1120-S Krebs, Steven et al vs Patricia A Meyers | Alan G Davis, Davis, Henry Clay III PA | 2 Praecipe | Praecipe • Linked to (1) | 0.1MB |
| | | | | | Affidavit | Affidavit of Steven Krebs • Linked to (1) | 0.1MB |
| | | | | | Exhibits | Exhibit A: Commercial Lease Agreement • Linked to (1) | 0.2MB |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Exhibits | Exhibit B: Letter to Defendant <br> • Linked to (1) | 0.1MB |
| | | | | | | Exhibits | Exhibit C: Letter from Dennis <br> L. Smith <br> • Linked to (1) | 0.1MB |
| 5199838 | 2/23/2005 <br> 10:08 AM <br> EST | File <br> Only | 1120-S <br> Krebs, Steven <br> et al vs <br> Patricia A <br> Meyers | Alan G <br> Davis, <br> Davis, Henry <br> Clay III PA | 1 | Complaint | Verified Complant for <br> Declaratory and Injunctive <br> Relief <br> • Linked from (5) | 0.1MB |
| | | | | | | Case <br> Information <br> Statement | Supplemental Information <br> Pursuant to Rule 3(a) of the <br> Rules of the Court of Chancery | 0.1MB |
| | | | | | | Proposed Order | Proposed Order | 0.1MB |
| | | | | | | Proposed Order | Order | 0.1MB |

1-32 of 32 transactions   ·.· Prev. **Page 1 of 1** Next .·.·

LexisNexis· *File & Serve*

B

C.A. No. 00455-KAJ

Docket

25/08 2007 09:45 FAX 302 573 6451        CLERK US DIST COURT                    Ø001

CLOSED, PaperDocuments

## U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:06-cv-00455-KAJ
## Internal Use Only

Krebs v. Meyers et al
Assigned to: Honorable Kent A. Jordan
Case in other court: USCA, 06-04873
    Court of Chancery of the State of
    Delaware, 1120-S
Cause: 28:1441 Petition for Removal- Civil Rights Act

Date Filed: 07/27/2006
Date Terminated: 10/31/2006
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

### Plaintiff

**Steven Krebs**
*doing business as*
Kreative Gardens Center

represented by **H. Clay Davis, III**
Henry Clay Davis III, P.A.
303 North Bedford Street
P.O. Box 744
Georgetown, DE 19947
(302) 856-9021
Email: claydavis@davislawoff.com
*TERMINATED: 07/27/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John E. Tarburton**
Procino & Tarburton, LLP
123 Pennsylvania Avenue
Seaford, DE 19973
(302) 628-4140
Fax: (302) 628-4150
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Patricia A. Meyers**

represented by **Patricia A. Meyers**
Route 4 Box 103A
Frankford, DE 19945
PRO SE

### Defendant

**Dennis Lee Smith**
*Power of Attorney/agent/emissary/ and
witness for Patricia A. Meyers*

represented by **Dennis Lee Smith**
P.O. Box 311
Selbyville, DE 19975
(302) 732-3011

PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 07/27/2006 | ●1 | NOTICE OF REMOVAL and copies of documents from Chancery Court of the State of Delaware Sussex County, Case Number 1120-S (Filing fee $350, receipt number 144172)- filed by Patricia A. Meyers, Dennis Lee Smith. (Attachments: # 1 Civil Cover Sheet # 2 Acknowledgement of Rule 4 # 3 Acknowledgement of Consent Form)(mwm, ) (Entered: 07/28/2006) |
| 07/27/2006 | ● | No Summons Issued (mwm, ) (Entered: 07/28/2006) |
| 07/27/2006 | ●2 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (mwm, ) (Entered: 07/28/2006) |
| 07/27/2006 | | (Court only) ***Set Paper Documents Flag (mwm, ) (Entered: 07/31/2006) |
| 08/02/2006 | ● | Case assigned to Judge Kent A. Jordan. Please include the initials of the Judge (KAJ) after the case number on all documents filed. (rjb, ) (Entered: 08/02/2006) |
| 08/10/2006 | ●3 | Letter dated 8/10/06 to H. Clay Davis, Patricia A. Meyers, Dennis Lee Smith from Judge Jordan regarding Rule 16 Scheduling Conference. (Attachments: # 1 scheduling form)(rwc, ) (Entered: 08/10/2006) |
| 08/16/2006 | ●4 | Letter dated 8/16/06 to John E. Tarburton, Patricia Meyers & Dennis Lee Smith from Judge Jordan regarding Rule 16 scheduling conference. (Attachments: # 1 scheduling form)(rwc, ) (Entered: 08/16/2006) |
| 08/24/2006 | ●5 | Letter dated 8/23/06 to Clerk, Judge Jordan, Chief Judge Robinson, and others, from Dennis Lee Smith requesting the Court order compliance with the Court's Scheduling Letter dated 8/16/06 - re 4 Letter. (rwc, ) (Entered: 08/24/2006) |
| 08/28/2006 | ●6 | Letter dated 8/25/06 to Judge Jordan from John E. Tarburton, Esq., regarding response to - re 3 Letter. (rwc, ) (Entered: 08/28/2006) |
| 08/28/2006 | ●7 | MOTION to Remand to State Court - filed by Steven Krebs. (Attachments: Exhibits Part 1, Exhibits Part 2, Exhibits Part 3)(rwc, ) Modified on 2/8/2007 (rwc, ). (Entered: 08/28/2006) |
| 09/14/2006 | ●8 | Letter with exhibits dated 9/11/06 to the Court from Patricia A. Meyers and Dennis L. Smith regarding response to - re 6 Letter. (rwc, ) (Entered: 09/14/2006) |
| 09/14/2006 | ●9 | MOTION in Limine - filed by Patricia A. Meyers, Dennis Lee Smith. (rwc, ) (Entered: 09/14/2006) |
| 10/31/2006 | ●10 | MEMORANDUM OPINION - Signed by Judge Kent A. Jordan on 10/31/06. (rwc, ) (Entered: 10/31/2006) |
| 10/31/2006 | ●11 | ORDER - granting 7 Motion to Remand to State Court, denying request |

25/05 2007 09:46 FAX 302 573 6451          CLERK US DIST COURT                    @003

| | | for costs, expenses and attorney's fees. CASE CLOSED. Signed by Judge Kent A. Jordan on 10/31/06. (rwc, ) (Entered: 10/31/2006) |
|---|---|---|
| 10/31/2006 | ●12 | Letter dated 10/31/06 to Clerk, Court of Chancery from Deputy Clerk, USDC/DE enclosing certified copy of remand order - re 11 Order on Motion to Remand to State Court, 10 Memorandum Opinion. (rwc, ) (Entered: 10/31/2006) |
| 11/07/2006 | ●13 | Letter dated 11/6/06 to Marcia M. Waldron, Clerk, USCA 3rd Cir., from Patricia Meyers and Dennis Smith regarding request for information regarding filing an Appeal. (rwc) (Entered: 11/07/2006) |
| 11/13/2006 | ●14 | ACKNOWLEDGMENT OF RECEIPT of Remand Order (DI#'s 10, 11) by DE Chancery Court. (rwc) (Entered: 11/14/2006) |
| 11/22/2006 | ●15 | NOTICE OF APPEAL of 11 Order on Motion to Remand to State Court, 10 Memorandum Opinion. Appeal filed by Patricia A. Meyers. No fee paid. (rwc) (Entered: 11/22/2006) |
| 11/28/2006 | ●16 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 15 Notice of Appeal filed by Patricia A. Meyers. USCA Case Number 06-4873. USCA Case Manager: Tonya Wyche (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (tw, ) (Entered: 11/28/2006) |
| 12/20/2006 | ●17 | Letter dated 12/18/06 to Chief Judge Third Circuit, et al. from Patricia Meyers re 15 Notice of Appeal. (Attachments: Exhibits A-D)(ntl) (Entered: 12/20/2006) |
| 12/27/2006 | ● | USCA Appeal Fees received: $455, receipt number 145791 re 15 Notice of Appeal filed by Patricia A. Meyers, 16 USCA Notice of Docketing ROA;Payment forwarded by letter from USCA 3rd Circuit to Clerk, U.S. District Court. 3CCA TPO sent to plaintiff with receipt.(rbe) (Entered: 12/27/2006) |
| 12/27/2006 | ●18 | Letter dated 12/26/06 to Clerk, USDC/DE, from Clerk, USCA 3rd Cir., regarding appeal fee forwarded to U.S. District Court. ( - re 15 Notice of Appeal ). (rwc) (Entered: 12/28/2006) |
| 02/08/2007 | ● | CORRECTING ENTRY: DI#7 was missing the "Motion to Remand" PDF document - added. (rwc) (Entered: 02/08/2007) |
| 04/11/2007 | ●19 | MANDATE of USCA as to 15 Notice of Appeal filed by Patricia A. Meyers. USCA Decision: affirmed. (Attachments: # 1 Opinion)(tw, ) (Entered: 04/11/2007) |

C

C.A. No. 06-4873

Docket

Case 1:07-cv-00525-JJF   Document 1   Filed 08/30/2007   Page 64 of 110
NO.013   P.6
MAY.25.2007 3:15PM ocket Sheet for 06-4873
Page 2 of 3

Docket as of April 12, 2007 6:25 pm            Page 2

06-4873  Krebs v. Meyers, et al

STEVEN KREBS, d/b/a Kreative Gardens Ctr

    v.

PATRICIA A. MEYERS;

            Appellant

DENNIS LEE SMITH

Docket as of April 12, 2007 6:25 pm            Page 3

06-4873  Krebs v. Meyers, et al

| 11/28/06 | CIVIL CASE DOCKETED.  Notice filed by Patricia A. Meyers. □ (tyw) [06-4873} |
| 11/28/06 | RECORD available on District Court CM/ECF. (tyw) [06-4873] |
| 12/5/06 | LEGAL DIVISION LETTER SENT advising appeal has been listed for possible dismissal and possible summary action by a panel of the Court. (mc) [06-4873] |
| 12/20/06 | FOLLOW UP LETTER to Dennis Lee Smith requesting the following documents: **Appearance Form ZZ#SEND ZZ#TO ZZ#MERITS ZZ#PANEL. (tyw) [06-4873] |
| 12/20/06 | FOLLOW UP LETTER to John E. Tarburton requesting the following documents: **Appearance Form **Disclosure Statement ZZ#SEND ZZ#TO ZZ#MERITS ZZ#PANEL (tyw) [06-4873] |
| 12/21/06 | RESPONSE to Legal Division letter for possible dismissal,, Legal Division letter advising case will be listed for poss summary action on behalf of Appellant Patricia A. Meyers, filed.  Certificate of Service dated 12/18/06. (tyw) [06-4873] |
| 12/26/06 | Transmitting money order for payment of appeal and docketing fee to the District Court of Delaware. (ped) [06-4873] |
| 12/27/06 | Notice received from district court that the docketing and |

filing fees have been paid by the appellant on 12/27/06.
(tyw) [06-4873]

1/12/07          TRANSCRIPT (Clk), unnecessary for appeal purposes. (tyw)
                 [06-4873]

2/23/07          Submitted for possible dismissal due jurisdictional defect,
                 summary action and response. Coram: Sloviter, Chagares, and
                 Nygaard, Circuit Judges. (tyw) [06-4873]

3/6/07           NOT PRECEDENTIAL PER CURIAM OPINION (Sloviter, Chagares and
                 Nygaard, Circuit Judges), filed. ALD-135 Total Pages: 4.
                 (tyw) [06-4873]

3/6/07           JUDGMENT affirmed, filed. (tyw) [06-4873]

3/19/07          PETITION by Appellant for rehearing en banc, filed.
                 Certificate of service dated 3/19/07. (tyw) [06-4873]

4/3/07           ORDER (Chief Judge Scirica, Sloviter, McKee, Rendell, Barry,
                 Ambro, Fuentes, Smith, Fisher, Chagares and *Nygaard,
                 Authoring Judge, Circuit Judges) denying Appellant's
                 petition for en banc rehearing, filed.  *vote limited to
                 panel rehearing only (tyw) [06-4873]

Docket as of April 12, 2007 6:25 pm                Page 4

06-4873  Krebs v. Meyers, et al

4/11/07          MANDATE ISSUED, filed. (07-1182) (tyw) [06-4873]

Docket as of April 12, 2007 6:25 pm                Page 5

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 05/25/2007 13:48:12 | | |
| PACER Login: | pa0017 | Client Code: |
| Description: | dkt report | Case Number: | 06-4873 |
| Billable Pages: | 5 | Cost: | 0.40 |

C

C.A. No. 07-1182

Docket

```
----------------------------
```

KENT JORDAN, District Judge
     Nominal Respondent

Docket as of April 12, 2007 6:28 pm                Page 2

---

07-1182  In Re: Meyers v. , et al ⟵

STEVEN KREBS, d/b/a Kreative Gardens Ctr

   **v.**

PATRICIA A. MEYERS;

               Petitioner

DENNIS LEE SMITH

```
-------------------------
```

KENT JORDAN, District Judge

               Nominal Respondent

Docket as of April 12, 2007 6:28 pm                Page 3

---

07-1182  In Re: Meyers v. , et al

| | |
|---|---|
| 1/19/07 | Original Proceeding Docketed.  Notice filed by Patricia A. Meyers in 07-1182. USCA Receipt No. 714 and Receipt Date 1/19/07. (tyw) [07-1182] |
| 2/23/07 | Submitted on petition for Writ of Prohibition. Coram: Sloviter, Chagares and Nygaard, Circuit Judges. (tyw) [07-1182] |
| 3/13/07 | NOT PRECEDENTIAL PER CURIAM OPINION (Sloviter, Chagares, and Nygaard, Circuit Judges), filed. ALD-136. Total Pages 2. (tyw) [07-1182] |
| 3/13/07 | JUDGMENT the petition is denied, filed. (tyw) [07-1182] |
| 3/13/07 | Certified copy of judgment sent to Lower Court. (tyw) [07-1182] |

3/27/07       PETITION by Petitioner for rehearing en banc, filed.
              Certificate of service dated 3/23/07. (tyw) [07-1182]

4/10/07       ORDER (Chief Judge Scirica, Sloviter, McKee, Rendell,
              Barry, Ambro, Fuentes, Smith, Fisher, Chagares, *Nygaard,
              Authoring Judge, Circuit Judges) denying Petitioner's
              petition for en banc rehearing, filed. *Judge Nygaard voted
              as to panel rehearing only. (tyw) [07-1182]

Docket as of April 12, 2007 6:28 pm                    Page 4

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 05/25/2007 13:45:58 | | |
| PACER Login: | pa0017 | Client Code: | |
| Description: | dkt report | Case Number: | 07-1182 |
| Billable Pages: | 4 | Cost: | 0.32 |

C.A. No. 06-4873

Ruling and Conclusion

ALD-135                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4873

STEVEN KREBS, d/b/a Kreative Gardens Center

v.

PATRICIA A. MEYERS; DENNIS LEE SMITH

Patricia A. Meyers
Appellant

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 06-cv-00455)
District Judge: Honorable Kent A. Jordan

Submitted for Possible Dismissal due to a Jurisdictional Defect and for Possible Summary
Action Under LAR 27.4 and I.O.P. 10.6
February 23, 2007

Before: Sloviter, Chagares and Nygaard, Circuit Judges

(Filed:   March 6, 2007)

OPINION

PER CURIAM

        Patricia Meyers, proceeding pro se, appeals an order of the United States District

Court for the District of Delaware remanding an action filed against her to state court.

We will affirm.

Steven Krebs filed a complaint against Meyers in the Court of Chancery of the State of Delaware. Krebs sought a determination that a lease he had entered into with Meyers was a binding contract, and that he was entitled to quiet enjoyment of the leased premises. Meyers filed an answer to the complaint, which was also signed by Dennis Smith, her "attorney-in-fact." Because Smith was not a licensed attorney, the Chancellor of the Court of Chancery notified Meyers that Smith may not represent her.

Meyers then removed the case to District Court. Meyers invoked 28 U.S.C. § 1443, and alleged that the Court of Chancery precluded Smith from representing her because he is African-American. Meyers stated that she could not receive a fair trial in state court without Smith's representation. Meyers' notice of removal also may be construed as asserting that the District Court had original jurisdiction over claims that the Chancellor violated her civil rights under 42 U.S.C. §§ 1981, 1983, and 1985(3). Finally, Meyers cited 28 U.S.C. § 1441(c), which permits removal when a separate and independent claim or cause of action within the jurisdiction conferred by 28 U.S.C. § 1331 is joined with other non-removable claims or causes of action.

Krebs filed a motion to remand the case to state court, and argued that Meyers' notice of removal was untimely. In granting the motion to remand, the District Court stated that, even if Meyers met the procedural requirements for removal, she did not satisfy the substantive requirements of § 1443. The District Court further held that it

2

lacked original jurisdiction under 28 U.S.C. § 1343 because Meyers did not allege a

violation of a right secured by the Constitution or federal law that protects civil rights.

Finally, the District Court determined that Meyers could not remove the case under

§ 1441(c).

This appeal followed. Although appellate review of remand orders is somewhat

restricted, we have jurisdiction to review the District Court's order under 28 U.S.C.

§ 1447(d), which provides that "an order remanding a case to the State court from which

it was removed pursuant to section 1443 of this title shall be reviewable[.]" We also have

jurisdiction to the extent Meyers sought to invoke the District Court's original jurisdiction

over a civil rights claim. See Borough of West Mifflin v. Lancaster, 45 F.3d 780, 784 (3d

Cir. 1995) (noting the Court's jurisdiction to review a remand order under § 1447(d) in a

case with a civil rights claim brought under § 1331 and § 1343).

We agree with the District Court that Meyers may not remove Krebs' complaint

under § 1443. As recognized by the District Court, § 1443 allows removal of a state law

action "[a]gainst any person who is denied or cannot enforce in the courts of such State a

right under any law providing for the equal civil rights of citizens of the United States, or

of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). Here, the

Chancellor of the Court of Chancery required Meyers to represent herself or proceed

through a licensed attorney. Meyers was not denied a right under any law providing for

equal civil rights based upon the determination that Smith, who is not an attorney, may

3

not represent her. The District Court correctly noted that Meyers does not contend that

the Court of Chancery applied this requirement in a discriminatory manner. In addition,

because Meyers was not denied a right under any law providing for equal civil rights,

removal was not warranted based upon the original jurisdiction of the District Court, and

§ 1441(c) is inapplicable.

Accordingly, we will affirm the District Court's order.

4

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

### NO. 06-4873

STEVEN KREBS, d/b/a Kreative Gardens Center

v.

PATRICIA A. MEYERS; DENNIS LEE SMITH

Patricia A. Meyers,
Appellant

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 06-cv-00455)
District Judge: Honorable Kent A. Jordan

Submitted for Possible Dismissal due to a Jurisdictional Defect and for Possible Summary
Action Under LAR 27.4 and I.O.P. 10.6
February 23, 2007

Before: Sloviter, Chagared and Nygaard, Circuit Judges.

## JUDGMENT

This cause came on to be heard on the record from the United States District Court

for the District of Delaware and was submitted for possible dismissal due to a

jurisdictional defect and for summary action under Third Circuit LAR 27.4 and I.O.P.

10.6. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the judgment of the District

Court entered October 31, 2006 be, and the same is, hereby affirmed. All of the above in

accordance with the opinion of this Court.

ATTEST:

/s/ Marcia M. Waldron
Clerk

DATED:    March 6, 2007

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
## NO. 06 - 4873

STEVEN KREBS, d/b/a Kreative Gardens Center
v.
PATRICIA A. MEYERS
APPELLANT

Petition / Request For this
High Honorable – Court
**En banc; To, Assure Constitutional Fundamental - Rudimentary Elemental,
" U N I F O R M I T Y " in this Federally Owned and Operated Court of Law;**

Now here come(s) Patricia A. Meyers only, Petitioner, who feel(s) unequivocally, that this is indubitably an unprecedented, case of Luminous / Manifest EXCEPTIONAL – IMPORTANCE? as a matter of law,. And the Notorious de facto wrongful, totally unlawful - unconstitutional Arbitrary & Capricious, defunct, de facto, plain errored  gravamen  judgment, of peer(S) of this High – Court that in the interest of justice, has to be immediately REVERSED;

### Due to;

{01}. The initial totally - vehemently constitutional; Removal - Action; was / is / still is; is 100% Rational basis test,. Based / oriented; and thus, as we all know as a matter of clearly established unambiguous Federal United States Code Annotated law; **28 U.S.C.A.§ 1443**. This Federal Code in itself, by itself; as A matter of Law and Equal Justice, under the law; Did compel the past de facto presiding Justice(s) Hon. Sloviter, Chagares, and Nygaard, to not illegally - wrongfully commingle; in totally unconstitutional Wanton – like Arbitrary & Capricious Malfeasance de facto Maliferous Wrongful Despotic - Act(s); And this vehement fact, In it'(s)  self, by it'(s) self; { SHALL }, compel the Honorable, COMPLETE  ACTIVE - BENCH, OF  THIS HIGH - COURT; to reemphasize, the true Honorable / honorary charter; of the Constitutional - Disposition; of The Honorable; United States Constitution(s) - Art. III., Federal - Court - System,. As, far as

Constitutional - EQUAL - JUSTICE, for all,.

In, which, thus I have been intentionally - wrongfully - despotically, - { DENIED },. In which has brought, my person, to this point; As in having legally, morally, ethically MANIFESTLY - PETITIONING, This high, court for all active Judge-ship(s), Per se As, in this Court being, En banc,. Again, I certainly do feel as though, this is A { CASE }, of exceptional - Profound - IMPORTANCE,. And as a MATTER, OF LAW; I, AM STANDING AND AWAITING **STEADFAST**; TO SEE, if { @ } / each, individual justice,.

**Belleve(s)**, in the very sacred initial, **OATH**, that they were / are legally sworn - in; to rationally, with Honored discretion, to uphold;

See; **28 U.S.C.A. § 453**. In relevant / Pertinent, regard(s) to all federal judgeship(s), being fair, to both the rich, and to the poor,. As a matter, of Law,. .............

## PLEASE TAKE NOTICE;

I, am strongly prepared, to take this to the Honorable Elite { 09 },. Of the UNITED STATES SUPREME COURT,. How-ever, if this is a non -Notorious court,. Hopefully, I will finally find EQUAL JUSTICE, under The Law; I, will certainly legally hold { @ }, justice legally accountable, For his or her Arbitrary, and or Capricious Malfeasance - Act(s),. Due To the mere, total unconstitutionality, of one in the { SAME },. Will The Honorable Court En banc, legally, ethically pick clearly established Rational basis test. Law / law(s),. Over, **the buddy system ??** As, we Know, the far inferior de facto Court of Chancery, of State of Delaware, Has, **big buddy(s)**, with Active - **FEDERAL - JUDGE-Ship(s)**, How ever; As I simply stand on Unequivocal - Clearly, established Federal - Law, / United States Code Annotated,. And Rational basis test,.

2

That, I will yet again, legally forward, This minimal, initially - previously rudimentary based - factually associated,. United States Code Annotated ; Fully Constitutional code; **28 U.S.C.A.** **§ 1443**.

### PLEASE TAKE NOTICE;

### OF THIS MANIFEST-NOTICE;

To; This Entire Court,.

To; The Honorable; Chief judge of this Court,.

To; The Honorable Circuit Justice Hon. DAVID H. SOUTER,.

While, the fact, of a prima facie inference of fact, / fact(s); Of,

The fact; that just this - CLEARLY - ESTABLISHED LAW; Of; **28 U.S.C.A. § 1447(d)**.

In, which clearly, unequivocally, As federally written – vehemently indicate(s); Quote of **28 U.S.C.A. § 1447(d)**. An Order, Remanding, a { CASE }, to the State court, from which it was REMOVED, pursuant / here-Under; **28 U.S.C.A. § 1443**. Of this title        { S H A L L }, BE R E V I E W A B L E{.} ....................

In, which, thus this is, as I will say 7th notice { SAME }, The de facto; { **03** }, Judge panel,. By, way of, wrongful Arbitrary, capricious, premeditated despotic, total, unfairness – wrongfully failed to enforce Constitutional **clearly** established Rational basis test Law;

## UNITED STATES' CONSTITUTIONAL DAMAGE AND A CONSTITUTIONAL THREAT , see why below:

I, ( Patricia A. Meyers) received Sloviter, Chagares and Nygaard, Circuit Judges's OPINION and JUDGMENT dated March 6, 2007. These three Judges " **AFFIRMED** " the United District Court's **de facto Judge Kent A. Jordan's** October 31, 2006 court order, in their

3

March 6, 2007 OPINION and JUDGMENT. In this March 6, 2007 "OPINION", on page two (2) **paragraph** two (2) **as** starts with, " Steven Krebs filed..." and **paragraph** three (3) **as** starts with, " Meyers **then** removed..." is a SHAMEFUL, ILLEGAL, DECEITFUL ( TRICK ) and, an **UNCONSTITUTIONAL  FOUNDATION** to this COMPLETE de facto OPINION and JUDGMENT  dated   March 6, 2007, which is — ( **ATTACHED** ).

## Vs.

## — I N S T R U C T I O N S  FOR  THE  TRUTH —

By using the U.S District Court's **Docket No. 06 – 445 – KAJ**, the United States Court of Appeals for The Third Circuit's **Docket No. 06 – 4873 and** the United States Court of Appeals for The Third Circuit's **Docket No. 07 – 1182, therefore, follow this sequence of Steps; ( *Step 1* ) through to ( *Step 11* ) to understanding the TRUTH and PROOF below:**

## ACTIONABLE NEGLIGENCE AND/OR 42 U.S.C.A. § 1985(3) -CONSPIRACY;

William  B.  Chandler III, Chancellor, in his May 26, 2006 Court Order, confirmed that Attorney Tarburton had approximately four (4) MONTHS to respond to my <u>Motion to Dismiss</u> civil case No. 1120 – S, <u>and</u> the deadline for Attorney Tarburton is June 9, 2006 ( *Step 1*, See – Docket  No. 07– 1182 – Entry  document 1 / 19 / 07 and it's Exhibit A <u>with</u> it's enclosed exhibit I ) . In  Attorney  John  E. Tarburton's letter dated June 27, 2006, he stated,  " Apparently, my letter request for a <u>continuance</u> dated June 8, 2006 was <u>not</u> e-filed <u>until</u> today. I apologize for this oversight..." ( *Step 2*, See - Docket No. 07– 1182 – Entry document 1 / 19 / 07 and it's Exhibit A <u>with</u> it's enclosed exhibit G – Actionable Negligence and/or Intentional Negligence ) . Attorney  Tarburton's **deceitful** letter dated June 8, 2006, is <u>foolishness</u> and a <u>shame</u> to my inalienable libereties, because after Attorney  Tarburton had approximately four (4) months to respond to my <u>Motion to Dismiss</u> civil case No. 1120 –S, he further, went as low as to state in his letter, " **I  have been unable to contact Ms. Meyers about this request...**", <u>but</u> this is his first writing  request ever,

4

( *Step 3*, See – Docket No. 07– 1182 – Entry document 1 / 19 / 07 and it's Exhibit A <u>with</u> it's enclosed exhibit H ) , <u>and</u> to MAKE SURE that I, ( Ms. Meyers) do not respond and/or respond with a <u>NO</u>, to this not E –Filed deceitful June 8, 2006 letter. William B. Chandler III, Chancellor on the very <u>next</u> day, made an illegal ruling concerning his June 9, 2006 Court Order, while Attorney Tarburton's June 8, 2006 letter <u>remained not</u> E – Filed as pointed out above. Therefore, William B. Chandler III, Chancellor <u>violated</u> the Court of Chancery Rule 79.1, and Administrative Directive of the Chancellor of the Court of Chancery of the State of Delaware and my constitutional inalienable liberties rights to receive a fair ruling, see 42 U.S.C.A. § 1985(3). The, failure to compel the adversary party, to E – File INITIALLY <u>showed</u> / <u>shows</u> unequivocal indelible, bias, as a <u>matter of Law</u>,. In which is totally Arbitrary and inconsistent with the fundamental(s), of Liberty and Justice for all,. ( *Step 4*, See – Docket No. 07– 1182 – Entry document 1 / 19 / 07 and it's Exhibit A <u>with</u> it's enclosed exhibit J ).

HATEFUL REVENGE FACTUAL ISSUE; William B. Chandler III, Chancellor allowed my Power of Attorney – in – fact / agent to be a emissary / witness of the civil case No. 1120 – S, for approximately one year and a half ( *Step 5*, See -Docket No. 07 – 1182 – Entry document 1 / 19 / 07 and it's Exhibit A , B and Q ) . This fact is confirmed by the Court of Chancery's own docket, but only after my July 8, 20<u>06</u> letter pointing out, Attorney John E. Tarburton's, and William B. Chandler III, Chancellor involvement in Colluded Actionable Negligence and/or Conspiracy, only then my Power of Attorney Dennis L. Smith was vexatiously – despotically – threatened,. by way of William B. Chandler III, Chancellor to, this day why he was compelled to stop ASSISTING my person, is still AMBIGUOUS,. Keep in mind, the Court of Chancery's own docket confirms that civil case No. 1120 –S was filed on February 23, 20<u>05</u>. Not long <u>after</u> this Chancellor's unconstitutional and illegal Ruling on June 9, 2006, ----- " Meyers <u>then</u> removed the case to District Court. " -- ( *Step 6*, See – Docket No. 06 – 445 – KAJ – Entry document 7 / 27 / 2006 " NOTICE OF REMOVAL " ).

5

**CORRUPT ATTORNEY ISSUE;** The <u>former</u> law firm of Procino & Tarburton " parted ways " with **Attorney John E. Tarburton** because of this deceitful June 8, 2006 letter not being <u>E</u> - Filed and other complaints. ( *Step 7*, See – Docket No. 07– 1182 – **Entry document 1 / 19 / 07 and it's Exhibit A page # 2, paragraph # 2)**

**CORRUPT JUDGE ISSUE;** Keep in mind, I, (Ms. Meyers ) completed my Notice of Removal under **28 U.S.C.A § 1446(5)(d)** on **July 27, 2006** and/or **July 28, 2006** ( *"... State court shall proceed no further <u>unless</u> and <u>until</u> the case is <u>remanded.</u>" )*, but, approximately one (1) month later, William B. Chandler III, Chancellor unconstitutionally and illegally, proceed further in his **August 29, 2006 Court Order** with an attached **Scheduling Order** concerning States' civil case No. 1120 – S ( *Step 8*, See – Docket No. 07– 1182 – **Entry document 1 / 19 / 07 and it's Exhibit G a total of three (3) pages ).** Judge Kent A. Jordan <u>remanded</u> civil case 06 – 445 - KAJ back to State Court of Chancery for the <u>first time</u>, on October 31, 2006 ( *Step 9*, See – Docket No. 07– 1182 – **Entry document 1 / 19 / 07 and it's Exhibit I <u>with</u> it's entry 10 / 31 / 2006 ) .** Therefore, William B. Chandler III, Chancellor, clearly unconstitutionally violated **28 U.S.C.A § 1446(5)(d).**

<u>AGAIN</u>, **CORRUPT JUDGE ISSUE; Starting with** the fact that, Judge Kent A. Jordan <u>remanded</u> civil case 06 – 445 - KAJ back to State Court of Chancery for the <u>first time</u>, on **October 31, 2006**. I, ( Ms. Meyers) under Federal Rule of Appellate Procedure Rule 04, had 30-days to Appeal. Therefore, within 30-days on November 22, 2006, I appealed civil case No. 06 – 445 – KAJ, to the United States Court of Appeals for The Third Circuit, civil case No. 06 – 4873. While this civil case No. 06 – 4873 <u>remained</u> pending, William B. Chandler III, Chancellor unconstitutionally and illegally, proceeded further in a de facto Superficial – only Mock Trial on **January 2, 2007**, concerning his civil case No. 1120 – S

6

( *Step 10*, See – Docket No. 07– 1182 – Entry document 1 / 19 / 07 and it's Exhibit Q with entry

1 / 2 / 2007 ) . Sloviter, Chagares and Nygaard, Circuit Judges's OPINION and JUDGMENT

dated March 6, 2007. These three Judges Superficially "**AFFIRMED** " the United District

Court's de facto Judge Kent A. Jordan's October 31, 2006 court order, in their March 6,

2007 OPINION and JUDGMENT as Attached. Therefore, AGAIN, William B. Chandler III,

Chancellor clearly violated **28 U.S.C.A § 1446(5)(d)**. Is this inferior , Chancellor, Above the Law ?


IN NEED FOR JUSTICE ISSUE; I, (Ms. Meyers) filed a " Writ of Prohibition " in the Third

Judicial Circuit of the United States on January 19, 2007 ( *Step 11*, See – Docket No. 07– 1182 –

Entry document 1 / 19 / 07) .


Again; my Power of Attorney, and friend Mr. Dennis L. Smith is not a barrister,

Attorney nor a lawyer,. As a Matter of Law,. Also, I will hopefully not be criticize for having a

Power of Attorney who actually, care(s) for all of my concern(s) whether, my concern(s) are of

a "legal – nature" Per se or bill(s), property and/or personal,.


Patricia A. Meyers
Rural Route 4 Box 103A
Frankford, Del 19945

Date 3 /14 /2 c c /

Cc:    Hon. David H. Souter of the Elite Zenith (09),.

Hon. U.S. Senator Joseph R.. Biden,.

Hon. U.S. Arlen Specter,.

7

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

Patricia A. Meyers                          :
                                            :     C.A. No. **06 – 4873**
                                            :
               Appellant,                   :
                                            :
        vs.                                 :
                                            :
                                            :
Steven Krebs d/b/a Kreative                 :
Gardens Center                              :
                                            :
               Appellee(s),                 :

### AFFIDAVIT OF Patricia A. Meyers

UNITED STATES COURT OF APPEALS     :
                                   : SS.
THE THIRD CIRCUIT                  :

The, preceding - indelible truthful – statement(s) in the " **En banc Rehearing** " are true to the best of my knowledge and belief(s); of; Patricia A. Meyers and are in full vehement compliance / Compliance(s) Here-with / Here –under;

**28 U.S.C.A. § 1746, and 18 U.S.C.A. § 1621.**

_____            ___3/19/2001_____
Patricia A. Meyers                   Date

## CERTIFICATE OF SERVICE

I hereby certify that two true copies of the " En banc Rehearing ", been Hand – delivered and/or certified mailed , _/'/_ day March 2007, to ~~Plaitiff~~ and addresses below:                                           *Appellee*

Cj Hon, Anthony J. Scirica
**Marcia M. Waldron**
21400 " United States"
" Court – House"
601 Market Street
INDEPENDENCE  MALL  WEST
Philadelphia, Pa. 19106 – 1790
**Certified  Mail -** ~~7005 0390 0005 8278 8468~~  *7005 1820 0004 9632 9675 – Original and 15 copies*
William B. Chandler III, Chancellor
And staff, and Patricia Randolph and Staff,
Court of Chancery
34 The Circle
Georgetown, Delaware 19973
**Certified  Mail -** ~~7005 0390 0005 8278 8482~~  *7005 1820 0004 9632 9682*
Judge Kent A. Jordan and Staff and Peter T.
Dalleo and Staff
United States District of Delaware
Bogg'(s) Feberal Bldg.,
844 N. King Street
Lockbox 18
Wilmington, Delaware 19801 – 3517
**Certified  Mail -** ~~7005 0390 0005 8278 8499~~  *7005 1820 0004 9632 9649*

Mr. Steven S. Krebs
P.O. Box 796
Selbyville, DE 19975
**Certified  Mail -** ~~7005 0390 0005 8278 8475~~  *7005 1820 0004 9632 9668*

All  mentioned above, certified  mailed and/or hand - delivered by Patricia A. Meyers.

_Patricia A. Meyers_
Patricia A. Meyers

**A LD-135**                                    **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

### NO. 06-4873

---

STEVEN KREBS, d/b/a Kreative Gardens Center

v.

PATRICIA A. MEYERS; DENNIS LEE SMITH

Patricia A. Meyers
Appellant

---

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 06-cv-00455)
District Judge: Honorable Kent A. Jordan

---

Submitted for Possible Dismissal due to a Jurisdictional Defect and for Possible Summary
Action Under LAR 27.4 and I.O.P. 10.6
February 23, 2007

Before: Sloviter, Chagares and Nygaard, Circuit Judges

(Filed:   March 6, 2007)

---

OPINION

---

PER CURIAM

Patricia Meyers, proceeding pro se, appeals an order of the United States District

Court for the District of Delaware remanding an action filed against her to state court.

We will affirm.

Steven Krebs filed a complaint against Meyers in the Court of Chancery of the State of Delaware. Krebs sought a determination that a lease he had entered into with Meyers was a binding contract, and that he was entitled to quiet enjoyment of the leased premises. Meyers filed an answer to the complaint, which was also signed by Dennis Smith, her "attorney-in-fact." Because Smith was not a licensed attorney, the Chancellor of the Court of Chancery notified Meyers that Smith may not represent her.

Meyers then removed the case to District Court. Meyers invoked 28 U.S.C. § 1443, and alleged that the Court of Chancery precluded Smith from representing her because he is African-American. Meyers stated that she could not receive a fair trial in state court without Smith's representation. Meyers' notice of removal also may be construed as asserting that the District Court had original jurisdiction over claims that the Chancellor violated her civil rights under 42 U.S.C. §§ 1981, 1983, and 1985(3). Finally, Meyers cited 28 U.S.C. § 1441(c), which permits removal when a separate and independent claim or cause of action within the jurisdiction conferred by 28 U.S.C. § 1331 is joined with other non-removable claims or causes of action.

Krebs filed a motion to remand the case to state court, and argued that Meyers' notice of removal was untimely. In granting the motion to remand, the District Court stated that, even if Meyers met the procedural requirements for removal, she did not satisfy the substantive requirements of § 1443. The District Court further held that it

2

lacked original jurisdiction under 28 U.S.C. § 1343 because Meyers did not allege a

violation of a right secured by the Constitution or federal law that protects civil rights.

Finally, the District Court determined that Meyers could not remove the case under

§ 1441(c).

This appeal followed. Although appellate review of remand orders is somewhat

restricted, we have jurisdiction to review the District Court's order under 28 U.S.C.

§ 1447(d), which provides that "an order remanding a case to the State court from which

it was removed pursuant to section 1443 of this title shall be reviewable[.]" We also have

jurisdiction to the extent Meyers sought to invoke the District Court's original jurisdiction

over a civil rights claim. See Borough of West Mifflin v. Lancaster, 45 F.3d 780, 784 (3d

Cir. 1995) (noting the Court's jurisdiction to review a remand order under § 1447(d) in a

case with a civil rights claim brought under § 1331 and § 1343).

We agree with the District Court that Meyers may not remove Krebs' complaint

under § 1443. As recognized by the District Court, § 1443 allows removal of a state law

action "[a]gainst any person who is denied or cannot enforce in the courts of such State a

right under any law providing for the equal civil rights of citizens of the United States, or

of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). Here, the

Chancellor of the Court of Chancery required Meyers to represent herself or proceed

through a licensed attorney. Meyers was not denied a right under any law providing for

equal civil rights based upon the determination that Smith, who is not an attorney, may

3

not represent her. The District Court correctly noted that Meyers does not contend that the Court of Chancery applied this requirement in a discriminatory manner. In addition, because Meyers was not denied a right under any law providing for equal civil rights, removal was not warranted based upon the original jurisdiction of the District Court, and § 1441(c) is inapplicable.

Accordingly, we will affirm the District Court's order.

4

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

### NO. 06-4873

STEVEN KREBS, d/b/a Kreative Gardens Center

v.

PATRICIA A. MEYERS; DENNIS LEE SMITH

Patricia A. Meyers,
Appellant

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 06-cv-00455)
District Judge: Honorable Kent A. Jordan

Submitted for Possible Dismissal due to a Jurisdictional Defect and for Possible Summary
Action Under LAR 27.4 and I.O.P. 10.6
February 23, 2007

Before: Sloviter, Chagared and Nygaard, Circuit Judges.

### JUDGMENT

This cause came on to be heard on the record from the United States District Court

for the District of Delaware and was submitted for possible dismissal due to a

jurisdictional defect and for summary action under Third Circuit LAR 27.4 and I.O.P.

10.6. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the judgment of the District

Court entered October 31, 2006 be, and the same is, hereby affirmed. All of the above in

accordance with the opinion of this Court.

ATTEST:

/s/ Marcia M. Waldron
Clerk

DATED:    March 6, 2007

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-4873

STEVEN KREBS, d/b/a Kreative Gardens Center

v.

PATRICIA A. MEYERS;
DENNIS LEE SMITH

Patricia A. Meyers,

Appellant

SUR PETITION FOR REHEARING

Present: SCIRICA, Chief Judge, SLOVITER, McKEE, RENDELL, BARRY, AMBRO,
FUENTES, SMITH, FISHER, CHAGARES, and NYGAARD, Circuit Judges*

The petition for rehearing filed by appellant in the above-entitled case having been

submitted to the judges who participated in the decision of this Court and to all the other

available circuit judges of the circuit in regular active service, and no judge who concurred in the

decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular

service not having voted for rehearing, the petition for rehearing by the panel and the Court en

banc, is denied.

BY THE COURT,

/s/ Richard L. Nygaard
Circuit Judge

Dated: April 3, 2007
tyw/cc: Ms. Patricia A. Meyers

---

*The vote of the Honorable Richard L. Nygaard, Senior United States Circuit Judge, is

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4873

_____ _____

STEVEN KREBS, d/b/a Kreative Gardens Center

v.

PATRICIA A. MEYERS; DENNIS LEE SMITH

Patricia A. Meyers,
Appellant

_____ _____

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 06-cv-00455)
District Judge: Honorable Kent A. Jordan

_____

Submitted for Possible Dismissal due to a Jurisdictional Defect and for Possible Summary
Action Under LAR 27.4 and I.O.P. 10.6
February 23, 2007

Before: Sloviter, Chagared and Nygaard, Circuit Judges.

**JUDGMENT**

_____ _____

This cause came on to be heard on the record from the United States District Court

for the District of Delaware and was submitted for possible dismissal due to a

jurisdictional defect and for summary action under Third Circuit LAR 27.4 and I.O.P.

10.6. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the judgment of the District

Court entered October 31, 2006 be, and the same is, hereby affirmed. All of the above in

accordance with the opinion of this Court.


ATTEST:

/s/ Marcia M. Waldron
   Clerk

DATED:    March 6, 2007

Certified as a true copy and issued in lieu
of a formal mandate on _____ 4/11/07 _____

Teste: *Marcia M. Waldron*
Clerk, U.S. Court of Appeals for the Third Circuit

C.A. No. 07-1182

Ruling and Conclusion

**ALD-136**

NOT PRECEDENTIAL

## UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

### NO. 07-1182

---

### IN RE:  PATRICIA A. MEYERS,
Petitioner

---

On Petition for Writ of Prohibition from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 06-cv-00455)

---

Submitted Under Rule 21, Fed. R. App. Pro.
February 23, 2007

Before: Sloviter, Chagares and Nygaard, Circuit Judges

(Filed:  March 13, 2007)

---

### OPINION

---

PER CURIAM

      Patricia Meyers, proceeding pro se, has filed a petition for a writ of prohibition

alleging that the Court of Chancery of the State of Delaware improperly held a trial in a

case she removed to the United States District Court for the District of Delaware.  For the

reasons that follow, we will deny Meyers' petition.

      Steven Krebs filed a complaint against Meyers in the Court of Chancery seeking a

determination that a lease he had entered into with Meyers was a binding contract, and

that he was entitled to quiet enjoyment of the leased premises. Meyers filed an answer to the complaint, which was also signed by Dennis Smith, her "attorney-in-fact." Because Smith was not a licensed attorney, the Chancellor of the Court of Chancery notified Meyers that Smith may not represent her. Meyers then removed the complaint to District Court. The District Court granted Krebs' motion to remand the complaint to state court, and Meyers filed a notice of appeal from the remand order.

Meyers' petition for a writ of prohibition is for the most part unclear. She appears to allege that the Court of Chancery improperly held a trial in Krebs' action against her while her appeal of the District Court's remand order was pending in this Court. To the extent Meyers seeks an order from this Court prohibiting the Court of Chancery from taking some action, we lack jurisdiction to so order. See In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (stating that the court of appeals generally cannot use its power to issue mandamus to a state judicial officer to control or interfere with state court litigation).

In addition, to the extent Meyers seeks review of the District Court's remand order, a writ of prohibition is not an appropriate remedy because Meyers may obtain relief through an ordinary appeal. See In re Sch. Asbestos Litig., 921 F.2d 1310, 1314 (3d Cir. 1990). As noted, Meyers filed a notice of appeal from the District Court's remand order. Meyers' appeal was docketed at C.A. No. 06-4873, and we shall issue a separate opinion deciding that appeal.

Accordingly, we will deny the petition for a writ of prohibition.

2

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1182

_____

IN RE: PATRICIA A. MEYERS,
Petitioner

_____

On Petition for Writ of Prohibition from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 06-cv-00455)

_____

Submitted Under Rule 21, Fed. R. App. Pro.
February 23, 2007

Before: Sloviter, Chagares and Nygaard, Circuit Judges

_____

**JUDGMENT**

_____

This cause came to be heard on a petition for writ of prohibition. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the petition for writ of prohibition be, and the same is, denied.

All of the above in accordance with the opinion of this Court.

ATTEST:

/s/ Marcia M. Waldron
Clerk

DATED:   March 13, 2007

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
## NO. 07 - 1182

STEVEN KREBS, d/b/a Kreative Gardens Center
**APPELLEE,**
v.
PATRICIA A. MEYERS
**APPELLANT.**

### Petition / Request For this
### High Honorable – Court
### En banc; To, Assure Constitutional Fundamental - Rudimentary Elemental,
### " U N I F O R M I T Y " in this Federally Owned and Operated Court of Law;

Now here come(s) Patricia A. Meyers only, Petitioner , who feel(s) unequivocally, that this is indubitably an unprecedented, case of Luminous / Manifest EXCEPTIONAL – IMPORTANCE ? as a matter of law,. And the Notorious de facto wrongful , totally unlawful - unconstitutional Arbitrary & Capricious, defunct, de facto, plain errored  gravamen  judgment, of peer(S) of this High – Court  that in the interest of justice, has to be immediately REVERSED;

#### Due to;

{01}. The initial totally - vehemently constitutional; Removal - Action; was / is / still is; is 100% Rational basis test,. Based / oriented; and thus, as we all know as a matter of clearly established unambiguous Federal United States Code Annotated law; 28 U.S.C.A.§ 1443. This Federal Code in itself, by itself; as A matter of Law and Equal Justice, under the law; Did compel the past de facto presiding Justice(s) Hon. Sloviter, Chagares, and Nygaard, to not illegally - wrongfully commingle; in totally unconstitutional Wanton – like Arbitrary & Capricious Malfeasance de facto Maliferous Wrongful Despotic - Act(s); And this vehement fact, In it's(s) self, by it's(s) self; { SHALL }, compel the Honorable, COMPLETE  ACTIVE - BENCH, OF THIS HIGH - COURT; to reemphasize, the true Honorable / honorary charter; of the Constitutional - Disposition; of The Honorable; United States Constitution(s) - Art. III., Federal - Court - System,. As, far as

Constitutional - EQUAL - JUSTICE, for all,.

In, which, thus I have been intentionally - wrongfully - despotically, - { DENIED },. In which has brought, my person, to this point; As in having legally, morally, ethically MANIFESTLY - PETITIONING, This high, court for all active Judge-ship(s), Per se As, in this Court being, En banc,. Again, I certainly do feel as though, this is A { CASE }, of exceptional - Profound - IMPORTANCE,. And as a MATTER, OF LAW; I, AM STANDING AND AWAITING **STEADFAST**; TO SEE, if { @ } / each, individual justice,.

**Believe(s)**, in the very sacred initial, **OATH**, that they were / are legally sworn - in; to rationally, with Honored discretion, to uphold;

See; **28 U.S.C.A. § 453**. In relevant / Pertinent, regard(s) to all federal judgeship(s), being fair, to both the rich, and to the poor,. As a matter, of Law,. .............

### PLEASE TAKE NOTICE;

I, am strongly prepared, to take this to the Honorable Elite { 09 },. Of the UNITED STATES SUPREME COURT,. How-ever, if this is a non -Notorious court,. Hopefully, I will finally find EQUAL JUSTICE, under The Law; I, will certainly legally hold { @ }, justice legally accountable, For his or her Arbitrary, and or Capricious Malfeasance - Act(s),. Due To the mere, total unconstitutionality, of one in the { SAME },. Will The Honorable Court En banc, legally, ethically pick clearly established Rational basis test. Law / law(s),. **Over, the buddy system ??** As, we Know, the far inferior de facto Court of Chancery, of State of Delaware, Has, big buddy(s), with Active - **FEDERAL - JUDGE-Ship(s)**, How ever; As I simply stand on Unequivocal - Clearly, established Federal - Law, / United States Code Annotated,. And Rational basis test,.

2

That, I will yet again, legally forward, This minimal, initially - previously rudimentary based - factually associated,. United States Code Annotated ; Fully Constitutional code; **28 U.S.C.A. § 1443.**

### PLEASE TAKE NOTICE;

### OF THIS MANIFEST-NOTICE;

To; This Entire Court,.

To; The Honorable; Chief judge of this Court,.

To; The Honorable Circuit Justice Hon. DAVID H. SOUTER,.

While, the fact, of a prima facie inference of fact, / fact(s); Of,

The fact; that just this - CLEARLY - ESTABLISHED LAW; Of; **28 U.S.C.A. § 1447(d).** In, which clearly, unequivocally, As federally written – vehemently indicate(s); Quote of **28 U.S.C.A. § 1447(d)**. An Order, Remanding, a { CASE }, to the State court, from which it was REMOVED, pursuant / here-Under; **28 U.S.C.A. § 1443**. Of this title { S H A L L }, BE R E V I E W A B L E{.} ......................

In, which, thus this is, as I will say 7th notice { SAME }, The de facto; { 03 }, Judge panel,. By, way of, wrongful Arbitrary, capricious, premeditated despotic, total, unfairness – wrongfully failed to enforce Constitutional clearly established Rational basis test Law;

## — OVER LOOKING THE TRUTH —
### UNITED STATES' CONSTITUTIONAL DAMAGE AND A CONSTITUTIONAL THREAT, see why below:

I, ( Patricia A. Meyers) received  Sloviter, Chagares and Nygaard, Circuit Judges's OPINION and JUDGMENT dated  March 13, 2007. These three Judges wrongfully " **DENIED** " my petition / **Writ of Prohibition**, filed in the United States Court of Appeals for the Third Circuit on

3

January 19, 2007, in their March 13, 2007 **ERRONEOUS** OPINION and JUDGMENT. In this

March 13, 2007 " OPINION ", on page one (1) **paragraph** two (2) **as** starts with, " Steven

Krebs filed ..." and **paragraph** three (3) **as** starts with, " Meyers petition for a writ of

prohibition..." is **a** SHAMEFUL, ILLEGAL, DECEITFUL ( TRICK ) and, a

**UNCONSTITUTIONAL** *CHANDESTINE, but totally TRANSPARENT* **FOUNDATION** to

this COMPLETE de facto OPINION and JUDGMENT dated  March 13, 2007, which

is — ( ATTACHED ).

## Vs.

**INSTRUCTIONS FOR THE TRUTH, concerning why this mentioned – above
WRIT OF PROHIBITION is so LEGALLY NEEDED AND still is NEEDED Heretofore
Herewith / Hereunder; 28 U.S..C.A. § 1331. § 1651(a). § 1657.**

By using the U.S District Court's **Docket No. 06 – 445 – KAJ**, the United States Court of
Appeals for The Third Circuit's **Docket No. 06 – 4873 and** the United States Court of Appeals
for The Third Circuit's **Docket No. 07 – 1182**, therefore, follow this sequence of Steps;
( *Step 1* ) through to ( *Step 11* ) to understanding the **TRUTH** and **PROOF how** my,
( Meyers ) inalienable liberties are violated, **below:**

**PROHIBITAL – ARBITRARY – MALFEASANCE [ CAPRICIOUS – DISREYARD ] OF**

**PREVIOUS FORWARDED FACTUAL PRIMA FACIE FACT(S), ACTIONABLE**

**NEGLIGENCE AND/OR 42 U.S.C.A. § 1985(3) -CONSPIRACY;** William B.

Chandler III, Chancellor, in his May 26, 2006 Court Order, confirmed that Attorney

Tarburton had approximately four (4) MONTHS to respond to my Motion to Dismiss

civil case No. 1120 – S, and the deadline for Attorney Tarburton is June 9, 2006

**( Step 1, See – Docket No. 07– 1182 – Entry document 1 / 19 / 07 and it's Exhibit A with**

**it's enclosed exhibit I )**. In Attorney John E. Tarburton's letter dated June 27,

2006, he stated, quote;  " Apparently, my letter request for a continuance dated June 8, 2006

was not e–filed until today. I **APOLOGIZE** for this oversight..." ( *Step 2*, See - Docket No.

0 7– 1182 – Entry document 1 / 19 / 07 and it's Exhibit A with it's enclosed exhibit G –

Actionable Negligence and/or Intentional Negligence ). Attorney Tarburton's deceitful

4

letter dated June 8, 2006, is foolishness and a shame to my inalienable libereties, because after Attorney Tarburton had approximately four (4) months to respond to my Motion to Dismiss civil case No. 1120 –S, he further, went as low as to state in his letter, " I have been unable to contact Ms. Meyers about this request...", but this is his first writing request ever, ( Step 3, See – Docket No. 07– 1182 – Entry document 1 / 19 / 07 and it's Exhibit A with it's enclosed exhibit H ) , and to MAKE SURE that I, ( Ms. Meyers) do not respond and/or respond with a NO , to this not E –Filed deceitful June 8, 2006 letter. William B. Chandler III, Chancellor on the very next day, made an illegal ruling concerning his June 9, 2006 Court Order, while Attorney Tarburton's June 8, 2006 letter remained not E – Filed as pointed out above. Therefore, William B. Chandler III, Chancellor violated the Court of Chancery Rule 79.1, and Administrative Directive of the Chancellor of the Court of Chancery of the State of Delaware and my constitutional inalienable liberties rights to receive a fair ruling, see 42 U.S.C.A. § 1985(3). The, failure to compel the adversary party, to E – File INITIALLY showed / shows unequivocal indelible, bias, as a matter of Law,. In which is totally Arbitrary and inconsistent with the fundamental(s), of Liberty and Justice for all,. ( Step 4, See – Docket No. 07– 1182 – Entry document 1 / 19 / 07 and it's Exhibit A with it's enclosed exhibit J ) .

HATEFUL REVENGE FACTUAL ISSUE; William B. Chandler III, Chancellor allowed my Power of Attorney – in – fact / agent to be a emissary / witness of the civil case No. 1 120 – S, for approximately one year and a half ( Step 5, See -Docket No. 07 – 1182 – Entry document 1 / 19 / 07 and it's Exhibit A , B and Q ) . This fact is confirmed by the Court of Chancery's own docket, but only after my July 8, 2006 letter pointing out, Attorney John E. Tarburton's, and William B. Chandler III, Chancellor 's involvement in Colluded Actionable Negligence and/or Conspiracy, only then my Power of Attorney Dennis L. Smith was vexatiously – despotically – threatened,. by way of William B. Chandler III, Chancellor, See; 42 U .S.C.A. § 1983. § 1988. § 1985(3). to this day why he was compelled to stop ASSISTING my

5

person, is still **AMBIGUOUS**,. Keep in mind, the Court of Chancery's own docket confirms that civil case No. 1120 –S was filed on **February 23, 2005**. Not long after this Chancellor's unconstitutional and illegal Ruling on June 9, 2006, ----- " Meyers **then** removed the case to District Court. " --- ( *Step 6*, See – Docket No. **06 – 445 – KAJ – Entry document 7 / 27 / 2006 " NOTICE OF REMOVAL " )**. CORRUPT ATTORNEY ISSUE; The former law firm of Procino & Tarburton "parted ways" with Attorney John E. Tarburton because of this deceitful June 8, 2006 letter not being E – Filed and other complaints. ( *Step 7*, See – Docket No. 07– 1182 – Entry document 1 / 19 / 07 and it's **Exhibit A page # 2, paragraph # 2)**

**CORRUPT JUDGE ISSUE;** Keep in mind, I, (Ms. Meyers ) completed my Notice of Removal under 28 U.S.C.A § 1446(5)(d) on July 27, 2006 and/or July 28, 2006 ( *"... State court shall proceed no further unless and until the case is remanded."* ), but, approximately one (1) month later, William B. Chandler III, Chancellor unconstitutionally and illegally, proceeded further in his **August 29, 2006 Court Order** with an attached *NON BINDING / NON VIABLE* Scheduling Order concerning States' civil case No. 1120 – S ( *Step 8*, See – Docket No. 07– 1182 – Entry document 1 / 19 / 07 and it's **Exhibit G** a total of three (3) pages ). Judge Kent A. Jordan remanded civil case 06 – 445 - KAJ back to State Court of Chancery for the first time, on October 31, 2006 ( *Step 9*, See – Docket No. 07– 1182 – Entry document 1 / 19 / 07 and it's **Exhibit I** with it's entry 10 / 31 / 2006 ). Therefore, William B. Chandler III, Chancellor, clearly unconstitutionally violated **28 U.S.C.A § 1446(5)(d).**

**AGAIN, CORRUPT JUDGE ISSUE; Starting with** the fact that, Judge Kent A. Jordan remanded civil case 06 – 445 - KAJ back to State Court of Chancery for the **first time**, on

**October 31, 2006.** I, ( Ms. Meyers) under Federal Rule of Appellate Procedure Rule 04, had 30-days to Appeal. Therefore, within 30-days on November 22, 2006, I appealed civil case No. O6 – 445 – KAJ, to the United States Court of Appeals for The Third Circuit, civil case No. 06 – 4873. While this civil case No. 06 – 4873 **remained** pending, William B. Chandler III, Chancellor unconstitutionally and illegally, proceeded further in a de facto Superficial – only Mock Trial on **January 2, 2007,** concerning his civil case No. 1120 – S ( *Step 10,* See – Docket No. 07– **1182 – Entry document 1 / 19 / 07 and it's Exhibit Q with** entry 1 / 2 / 2007 ). Sloviter, Chagares and Nygaard, Circuit Judges's OPINION and JUDGMENT dated March 6, 2007. These three Judges Superficially "**AFFIRMED**." the United District Court's **de facto Judge Kent A. Jordan's** October 31, 2006 court order, in their March 6, 2007 OPINION and JUDGMENT as **Attached**. Therefore, **AGAIN**, William B. Chandler III, Chancellor clearly violated **28 U.S.C.A § 1446(5)(d)**. Is this inferior, Chancellor, Above the Law ?

**IN NEED FOR JUSTICE ISSUE;** I, (Ms. Meyers) filed a " Writ of Prohibition " in the Third Judicial Circuit of the United States on January 19, 2007 ( *Step 11,* See – Docket No. 07– 1182 – **Entry document 1 / 19 / 07)** .

Again; my Power of Attorney, and friend Mr. Dennis L. Smith is not a barrister, Attorney nor a lawyer,. As a Matter of Law,. Also, I will hopefully not be criticize for having a Power of Attorney who actually, care(s) for all of my concern(s) whether, my concern(s) are of a "legal – nature" Per se or bill(s), property and/or personal,.

Pat A. Mer
Patricia A. Meyers
Rural Route 4 Box 103A
Frankford, Del 19945

Date 3/23/2007

Cc:    Hon. David H. Souter of the Elite Zenith (09),.

       Hon. U.S. Senator Joseph R.. Biden,.

       Hon. U.S.  Arlen  Specter,.                    7

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

Patricia A. Meyers            :
                            :     C.A. No.  07 – 1182
                            :

         Appellant,            :
                            :

   vs.                        :
                            :

Steven Krebs d/b/a Kreative      :
Gardens Center               :
                            :

         Appellee(s),         :

### AFFIDAVIT OF Patricia A. Meyers

UNITED STATES COURT OF APPEALS     :
                                       : SS.
THE THIRD CIRCUIT                      :

      The, preceding - indelible truthful – statement(s) in the " En banc Rehearing "
are true to the best of my knowledge and belief(s); of; Patricia A. Meyers and are
in full vehement compliance / Compliance(s) Here-with / Here –under;

**28 U.S.C.A. § 1746, and 18 U.S.C.A. § 1621.**

_____            3/23/2007
Patricia A. Meyers                               Date

## CERTIFICATE OF SERVICE

I hereby certify that the original and fifteen (15) true copies of this " En banc Rehearing ", has been certified mailed - **7005 0390 0005 8278 84637** to the Third Circuit as indicated below, also two true copies certified mailed on this, **23** day March 2007, to Appellee and addresses below:

Cj Hon, Anthony J. Scirica
**Marcia M. Waldron**
2 1400 " United States"
"" Court – House"
Appeals for the Third Circuit
601 Market Street
INDEPENDENCE MALL WEST
Philadelphia, Pa. 19106 – 1790

Mr. Steven S. Krebs
P.O. Box 796
Selbyville, DE 19975
**Certified Mail - 7005 0390 0005 8278 8420**

William B. Chandler III, Chancellor
And staff, and Patricia Randolph and Staff,
Court of Chancery
34 The Circle
Georgetown, Delaware 19973
**Certified Mail - 7005 1160 0002 0592 6602**

Judge Kent A. Jordan and Staff and Peter T.
Dalleo and Staff
United States District of Delaware
Bogg'(s) Feberal Bldg.,
844 N. King Street
Lockbox 18
Wilmington, Delaware 19801 – 3517
**Certified Mail - 7005 3110 0000 1602 7559**

All mentioned above, certified mailed by Patricia A. Meyers.

_Pat A. M_
Patricia A. Meyers

**ALD-136**                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1182

_____

IN RE: PATRICIA A. MEYERS,
Petitioner

_____

On Petition for Writ of Prohibition from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 06-cv-00455)

_____

Submitted Under Rule 21, Fed. R. App. Pro.
February 23, 2007

Before: Sloviter, Chagares and Nygaard, Circuit Judges

(Filed:  March 13, 2007)

_____

OPINION

_____

PER CURIAM

      Patricia Meyers, proceeding pro se, has filed a petition for a writ of prohibition

alleging that the Court of Chancery of the State of Delaware improperly held a trial in a

case she removed to the United States District Court for the District of Delaware.  For the

reasons that follow, we will deny Meyers' petition.

      Steven Krebs filed a complaint against Meyers in the Court of Chancery seeking a

determination that a lease he had entered into with Meyers was a binding contract, and

that he was entitled to quiet enjoyment of the leased premises. Meyers filed an answer to the complaint, which was also signed by Dennis Smith, her "attorney-in-fact." Because Smith was not a licensed attorney, the Chancellor of the Court of Chancery notified Meyers that Smith may not represent her. Meyers then removed the complaint to District Court. The District Court granted Krebs' motion to remand the complaint to state court, and Meyers filed a notice of appeal from the remand order.

Meyers' petition for a writ of prohibition is for the most part unclear. She appears to allege that the Court of Chancery improperly held a trial in Krebs' action against her while her appeal of the District Court's remand order was pending in this Court. To the extent Meyers seeks an order from this Court prohibiting the Court of Chancery from taking some action, we lack jurisdiction to so order. See In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (stating that the court of appeals generally cannot use its power to issue mandamus to a state judicial officer to control or interfere with state court litigation).

In addition, to the extent Meyers seeks review of the District Court's remand order, a writ of prohibition is not an appropriate remedy because Meyers may obtain relief through an ordinary appeal. See In re Sch. Asbestos Litig., 921 F.2d 1310, 1314 (3d Cir. 1990). As noted, Meyers filed a notice of appeal from the District Court's remand order. Meyers' appeal was docketed at C.A. No. 06-4873, and we shall issue a separate opinion deciding that appeal.

Accordingly, we will deny the petition for a writ of prohibition.

2

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

### NO. 07-1182

_____

### IN RE: PATRICIA A. MEYERS,
**Petitioner**

_____

### On Petition for Writ of Prohibition from the
### United States District Court for the District of Delaware
### (Related to D. Del. Civ. No. 06-cv-00455)

_____

### Submitted Under Rule 21, Fed. R. App. Pro.
### February 23, 2007

### Before: Sloviter, Chagares and Nygaard, Circuit Judges

_____

### **JUDGMENT**

_____

This cause came to be heard on a petition for writ of prohibition. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the petition for writ of prohibition be, and the same is, denied.

All of the above in accordance with the opinion of this Court.


ATTEST:

/s/ Marcia M. Waldron
Clerk


DATED:    March 13, 2007

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-1182

IN RE: PATRICIA A MEYERS,

Petitioner

---

SUR PETITION FOR REHEARING

---

Present: SCIRICA, Chief Judge, SLOVITER, McKEE, RENDELL, BARRY, AMBRO, FUENTES, SMITH, FISHER, CHAGARES, and NYGAARD, Circuit Judges*

The petition for rehearing filed by appellant in the above-entitled case having been submitted to the judges who participated in the decision of this Court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular service not having voted for rehearing, the petition for rehearing by the panel and the Court en banc, is denied.

BY THE COURT,

 /s/ Richard L. Nygaard
Circuit Judge

Dated:   April 10, 2007
tyw/cc:   Ms. Patricia A. Meyers

---

*The vote of the Honorable Richard L. Nygaard, Senior United States Circuit Judge, is limited to panel rehearing.

- 07 - 525 -

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS / Petitioner

Dennis L. Smith

**DEFENDANTS** / Respondent(s)
Patricia A. Meyers et al.,

(b) County of Residence of First Listed Plaintiff  Sussex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Sussex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Pro Se

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)

28 U.S.C.A. § 1331 o

- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)  " Injunctive Relief NON-Pecuniary"

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

Appeal to District Judge from Magistrate Judgment

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
To simply constitutionally "Enforce" 42 U.S.C.A. § 1981(a)(b),
28 § 1331, U.S.C.A.

Brief description of cause:
Invidious Discrimination see: U.S. Const: 1, 4, 5th Amend

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  ∞∞

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE

DOCKET NUMBER

DATE  8/30/07

SIGNATURE OF ATTORNEY OF RECORD
Dennis L. Smith

## FOR OFFICE USE ONLY

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

RE:   C.A.#   - 0 7 - 5 2 5 -

CASE CAPTION:   Smith   v. Meyers, et al

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received     AUG 3 0 2007     Signed: _____
by Plaintiff:                                         Pro Se Plaintiff

Date Received     AUG 3 0 2007     Signed: _____
by Clerk's office:                                 Deputy Clerk

Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street
Lockbox 18
Wilmington, DE 19801

If applicable, Rule 4 mailed to plaintiff:

_____
Date mailed

_____
By Deputy Clerk

cc: Docketing Clerk

wp\forms\rule4receipt 2-04

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. $-07-525-$

# ACKNOWLEDGMENT
## OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____4_____ COPIES OF AO FORM 85.

AUG 3 0 2007
_____
(Date forms issued)

_____
(Signature of Party or their Representative)

*Dennis L. Smith*
_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action