# In The United States District Court
# For The District of Delaware

*original*

Mr. Dennis L. Smith Sr.

              Petitioner,

          vs.

Ms. Patricia A. Meyers, and her son
Mr. Mack L. Davis Jr., and all of her
sibling(s),
Mr. Steven S. Krebs, and his mother
Ms. Barbara Krebs and any other
person(s) who Attempt, to "ILLEGALLY
- "OBSTRUCT - Power of Attorney
Document Book / No. 00776 page;
041 Legal Dated 10-27-03 of the
Sussex County Delaware Office of the
{Incumbent} recorder of Deed(s) }

           Respondent(s).

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

C.A. No. - 0 7 - 5 2 5 -

**Re; Equal - Right(s);**
**In ref: Vindication of civil Right(s)**
**Here – under; 42 U.S.C.A § 1988.**
This is **not a lawsuit**. The sole purose
of this is to simply constitutionally
**enforce 42 U.S.C.A. § 1981(b). under**
**the Law.**

## In Re; Violation(s) of 42 U.S.C.A § 1981(a)(b).
### Notice of amicable Request for instantaneous Injunctive Relief
### Notice of Motion Ex parte
## EMERGENCY
## Temporary Restraining "Order"

To prevent further Irreparable Hedonic damage(s) to Mr. Dennis L Smith **and**

his **mutual July 12, 2006 Recorded Agreement Book 00913 Page 046**

**and** his **mutual October 27, 2003 Power of Attorney Recorded**

**Agreement Book 00776 Page 041, both of these documents are**

**recorded in the Sussex County Recorder of Deeds.** I, Mr. Dennis L. Smith

1

do hereby legally / constitutionally Petition, this proper {Legal - jurisdictional}, situs for "Instant - Action"; See; Here - under; **28 U.S.C.A. § 87. § 1331. § 1343**. **For Mentioned Above Agreements, see attached --------------------- ---------------------------------------------- Exhibit G G   and   Exhibit H H**

My inalienable " Equal – Protection(s) to be treated as an EQUAL have been again and again illegally intentionally sacrificed and my **" Due Process "**, U.S. Constitutional 5th and 14th Amendment priviledge(s) have been erroneously illegally BREACHED, in which / which is totally inconsistent, with the Constitutional Elemental / Fundamental(s) of Liberty and Justice, as a matter of Law. This Manifest Temporary Restraining Order is to prevent further Irreparable Misleading / **False Outburst of pernicious false - statement(s)** of the very unrealistic viability of very ignorant person(s) who know who they are,. **( Mr. Steven S. Krebs at the Selbyville, Delaware's Post Office made a false outburst to me Mr. Dennis L. Smith about legal documents, in the PUBLIC, and I recorded the evidence on tape )**. This specific legal   Request for a constitutional,. Vehement; Temporary Restraining "Order" is to at once, legally **Forbid** the following As a Matter of Law,.

**{01}. Forbid** -- The Continued farce of even any remote Meaningless vitreous / Transparent - viability of the totally outrageous and obsurd; documents as Ms. Patricia A. Meyers' letter dated August 8, 2007 Book 00963 Page 00026, which

2

is a recorded breach, recorded in Recorder of Deeds and a violation of 42

U.S.C.A § 1981(a)(b), because it breaches Mr. Dennis L. Smith's mutual July

12, 2006 Agreement Book 00776 Page 041. **Therefore, see this August 8,**

**2007 letter of Federal Code violation   42 U.S.C.A §  1981(a)(b) as ------**

**------------------------------------------------------------------------ Exhibit  F F**


 **{02}. <u>Forbid</u>** -- All listed Respondent(s) from slanderous and/or acts to Mr.

Dennis L. Smth. Therefore, as **Notice,** also all listed Respondent(s) {shall} at

their, as soon as possible convience **simply** Review Mr. Dennis L. Smith 's

Legally Iron - clad Legal  - document(s) in which are both as  02nd Notice,

legally filed with the Sussex County , Delaware "Recorder of Deeds" ,. See; -----

------------------------------------------------------------------- **Exhibit; G G  and  H H**,

**<u>and</u>** next, see **Federal Code 42 U.S.C.A §  1981(a)(b) as;** ------**Exhibit I I**


**{03}. <u>Forbid</u> – based on Ms. Patricia A. Meyers' breach;  Any <u>acts</u>**

**starting  from  August 8, 2007, which  did  not  include  Power  of  Attorney**

**Mr. Dennis L. Smith, <u>mutual  written</u> July 12, 2006 Agreement Book**

**00913 Page 046's involvement in Ms. Patricia A. Meyers' 2.5 acres**

**parcel Tax Map No. 5 – 33  11.00  82.03 <u>until this</u> mess is legally**

**settled.** Furthermore   concerning this property, forbid any Sale, and/or

additional  lease(s)  and/or Rental lease / Rental(s),  again superficially -

continuing of the asaid, 2 ½ acre parcel  are heretofore forbidded / Prohibited

as due to my sole **<u>as</u> written viable; " Power of Attorney ".**

3

**{04}. <u>Forbid</u>** --- To prevent;  Scandalous like swindler dreamer Vel non Respondent Steven Krebs, from talking to me Mr. Dennis L. Smith,. Steven Krebs shall not even utter a single word to my person,. Whether it be in his minute - like mind. Legal , personal, or business,. **Due to he is up, to absolutely "No" good,.** Vel non and my time is too invaluable,. I am A proud, business / proprietor - "Owner,.

**{05}. <u>Forbid</u>** --- **Any hateful act(s) <u>or</u> conspiracy <u>or</u> further Frame – up as Mr. Steven S. Krebs' mother ( Ms. Barbara Krebs } attempted in the past,** concerning a **<u>false_arrest</u>** by the State government, which was later **Nolle Prosequi** by the State government. Also, to prevent;  further **hateful act(s)** <u>or</u> conspiracy <u>or</u> Frame - up as just mentioned, therefore, now all **R E S P O N D E N T (S)  <u>M U S T</u>** be **<u>F O R B I D D E N</u>** from any these jus mentioned hateful act(s) for my person ( Mr. Dennis L. Smith ) **<u>S A F E T Y</u>**.

# E M E R G E N C Y --  I S S U E - Respondent(s) <u>may</u> illegally act according to the wrongdoings in this paragraph.

Also; Steven Krebs , is about one Stealth - clandestine but totally transparent thing; and that unequivocally is; Steven Krebs, and his {momma} -  Ms. Barbara Krebs are out to get the 02 ½  Acre(s),. Or, At least, a give -Me,

4

portion thereof ?? However,   I have a legal - obligation to legally finish in which
Steven Krebs, has already illegally commingled in totally outrageous fraudulent
conduct,. As when he illegally / very questionably added page(s), Two & Three
of the original lease then between Ms. Patricia A. Meyer(s) & Steven Krebs,.
Please Take Legal - Notice the preceding mentioning, factual of the over -
reaching / hoodwinking, deceptive illicit attempt to add page(s) Two & Three,.
In which thus we easily figured it out,. As far as page(s) 02 & 03   where
without question unlawfully added,.   **See attached --------------- Exhibit J J**

Due to Ms. Patricia A. Meyers, never to this day has never signed / endorsed
nor even initialed these very suspect past document(s) that have indubitably
without a doubt proven,. The  ethic(s), moral(s) and/or inner - intellectual
integrity of con - man - like Mr. Steven Krebs, who {Shall} not communicate
with my person,. Short of in writing,. And even that will be totally involuntarily
on my part,. However , if need be,. Steven Krebs as I have mentioned **can
contact me if in good faith,. In writing only**,.

Ms. Patricia A. Meyers is Psychologically Competent " Past " and " Present " as a
matter of Law; see **attached " S T A T E M E N T   O F   F A C T S ";
1, 2, 3, 4, 5, 6 and 7.**

5

Respectfully, Submitted,

Mr. Dennis L. Smith Sr., " Pro se "
P. O. Box 311
Selbyville, Delaware 19975 – 0311

Date _August 28, 2007_

Cc: Hon.. Thomas R. Corper

    N.A.A.C.P Attention; Mr. Julian Bond of Atlanta, GA., Division

6

**Statement of Facts**
# 1

original

*Note: Ms. Patricia A. Meyers' and Mr.. Dennis L. Smith's mutual Agreements and { property Deed } are only located in the Sussex County Recorder of Deeds.*

**Indubitable / unequivocal factual Heretofore Exact { Demonstrative - Proof(s) } of: Ms. Patricia A. Meyers' PSYCHOLOGICALLY COMPETENT " PAST " AND " PRESENT ", and now has chosen to BREACH her close friend of the family Mr. Dennis L. Smith's mutual *July 12, 2006* recorded agreement with specific incumbent contractual as written " O B L I G A T I O N (S)" filed with the Sussex County Recorder of Deeds Book 00913 Page 046, which is a violation of 42 U.S.C.A. § 1981(a)(b). See facts below:**

### MS. PATRICIA A. MEYERS SIGNED AND/OR INITIALED DOCUMENTS WITHOUT a LAWYER and/or MR. DENNIS L. SMITH, SEE BELOW:

First of all, the relationship between Ms. Patricia A. Meyers and Mr. Dennis L. Smith was always only, a " close  friend of the family ".

1.  On **January 31, 2002** , Ms. Patricia A. Meyers **did  in  fact**, initial page one (1) and

    sign page four (4) of Mr. Steven S. Krebs', **THREE (3) YEAR LEASE** dated

    January 31, 2002, known as **" Kreative Garden Center "**

    --- **Court of Chancery's Civil Case No. 1120 –S  -- Lawsuit on appeals**

    ------- **This lease is not Recorded, but a copy is available** -------

2.  On **May 30, 2003**, Ms. Patricia A. Meyers **did in fact**, sign a lease with a Mr. Joe

    M. Farr, Manager for **" Bay Twenty, L.L.C."** ( **Bay  Twenty, L.L.C, Lost lawsuit**

    on about **July 9, 2004**, also confirmed at trial that a **Fraudulent Plot drawing** was

    illegally recorded in the Government Recorder of Deeds by **Bay Twenty, L.L.C's**

    **agent ) Court of Chancery's Civil Case No. 069 -S**

    ------- **This lease was Recorded as Book 02876 Page 015** --------

1

3.  On July 9, 2003, Ms. Patricia A. Meyers **did in fact**, SELL twenty two (22) – or + acres of Real estate property No. 5-33 – 11.00 – 82.00, to her sister- in – law Ms. Carol Evans and her son Keith Evans for the sum of ONE DOLLAR ($1.00). Ms. Patricia A. Meyers signed this recorded property Deed.

      -------- **This Deed was Recorded as Book 02867 and Page 126** --------

## Statement of Facts
## # 2

**Ms. Patricia A. Meyers had unequivocally chose her close friend of the family Myself ( Mr. Dennis L. Smith ) over their family's Attorney Steven Parsons, and also over her son Mr. Mack L. Davis Jr., and/or over all her siblings,  specifically for all legal property problems and/or issues;**

1.  Ms. Patricia A. Meyers knew  even  before Mr. Steven S. Krebs' lease as mentioned above, that I, ( Mr. Dennis L. Smith ) wanted her property to put a Business thereon. Also, **initially** as mentioned above in No. 3,  Ms. Patricia A. Meyers knew that she sold twenty two (22) – or + of the  THIRTY NINE (39.02) ACRES  PARCEL – or + and the remainder of 17.34 was **legally in trouble, based on Bay Twenty L.L.C's Lease and Mr. Steven S. Krebs, d/b/a Kreative Gardens Center's Lease**. Ms. Patricia A. Meyers received a letter dated **October 1, 2003** from her **friend** ,  Bay Twenty L.L.C's Real Estate Agent **Virgil V. Bullis, Sr.,** concerning an **easement agreement** and advised Ms. Meyers to, and I quote, " This agreement is very important to you; you should contact either your **attorney Steve Parsons** or Dean Campbell as soon as possible." **Therefore,** again Ms. Patricia A. Meyers chose her

2

close friend of the family Mr. Dennis L. Smith to handle all property legal problems and/or issues, as **many** court recorders will factually indicate. **For Mr. Virgil V. Bullis, Sr's letter, see attached** ----------------------------------------------- **Exhibit AA**

2.  For the remaining real estate property No. 5-33 – 11.00 – 82.00, 17.34 acres parcel, Ms. Patricia A. Meyers and her **son ( Mr. Mack L. Davis, who signed his name thereon, as a witness )** on this following document, chose me, ( Mr. Dennis L. Smith ) to be her " **Power of Attorney** " **Book 0076 Page 041,** to be on the front line of this legal battle / mess to control all properties and/or leased properties and write all legal document(s), pay legal bills, to lawyer(s) and/or if Pro se, pay court fees for court filings and etc, also, on this Power of Attorney Ms. Patricia A. Meyers stated, " **My attorney – in – fact/agent hereby accepts this agreement, and I affirm and ratify all acts so undertaken."**

**Also**, Ms. Patricia A. Meyers and her **son ( Mr. Mack L. Davis, who signed his name thereon, as a witness )** on this following document, agreed to sell me ( Mr. Dennis L. Smith ) this remaining property for ONE DOLLAR ($1.00). See " **Sale Of Complete Inherited Rights And Authorities To Real Estate Property** " **dated January 5, 2004, Book 02931 Page 144.** Ms. Patricia A. Meyers believed that she was going to lose the remaining 17.34 acres parcel to " Bay Twenty L.L.C.'s lease and/or Mr. Seven S. Krebs, d/b/a Kreative Gardens Center's lease. Therefore, Ms. Patricia A. Meyers knew that, I ( Mr. Dennis L. Smith ) wanted the property before she ever signed a lease with Mr. Seven S. Krebs on **January 31, 2002,** for a business. Ms. Patricia A. Meyers **offered** me ( Mr. Dennis L. Smith ) a

3

Power of Attorney for all of her property and sold me ( Mr. Dennis L. Smith ) her rights to the remainder of 17.34 acres parcel as mentioned above. **See the remainder of our recorded agreements and/or documents as follows:**

  a. Property Deed, to Mr. Dennis L. Smith dated April 7, 2005 Book 03125 Page 143, and signed by Ms. Patricia A. Meyers in accordance with agreement **Book 02931 Page 144**, as mentioned above.

  b. **CONCLUSION of the document of** " Sale of Complete Inherited Rights Authorities To Real Estate Property AGREEMENT dated April 12, 2005, Book 03127 Page 201, signed and initialed by Ms. Patricia A. Meyers, which **includes a Planning and Zoning letter dated February 8, 2005,** which makes all subdividing legal in accordance with agreement **Book 02931 Page 144**, as mentioned above.

  c. Agreement Book 00913 Page 046, dated **JULY 12, 2006** signed by Ms. Patricia A. Meyers, which allows me ( Mr. Dennis L. Smith) to complete my agreed obligation(s) in accordance with the **Power of Attorney Book 0076 Page 041.**

## Statement of Facts
## # 3

**In Court of Chancery's civil case No. $069 - S$, which lasted for approximately one (1) year, Judge Leo E. Strine Jr., in a filed document order ( ID: 3795626 ) dated 6 / 25 / 2004, ordered Ms. Patricia A. Meyers to; and I quote;**

4

" Repondent Meyers **MUST sign** any pretrial memorandum that purports to speak on her behalf." Also ordered and I quote, " Ms. Meyers **should be prepared to testify** on her own behalf at trial." In this case Power of Attorney / Agent Mr. Dennis L. Smith was also personally suited on Ms. Patricia A. Meyers part, the claimed damages was great. I was played with as I was nothing by government agencies. My own paid so-call Attorney Gerry Gray asked Ms. Patricia A. Meyers in front of me ( Mr. Dennis L. Smith) in a meeting to take her Power of Attorney Book 0076 Page 041 from me, because I am nothing but a CAR MECHANIC. This racist / hateful state was to help Bay Twenty L.L.C. in a conspiracy. This Attorney did not want Power of Attorney / Agent Mr. Dennis L. Smith to bring the facts out in Court that Bay Twenty's agent illegally recorded a **Fraudulent Plot** drawing in the government Recorder of Deeds, **see 42 U.S.C.A § 1983. § 1985. ? ---- proven court record**. Therefore Attorney Gerry Gray told Ms. Patricia A. Meyers that she will lose this civil case No. 069 – S, if this Fraudulent Plot drawing be part the JULY 9, 2004 , TRIAL.

**Conclusion** to the mentioned above paragraph, Ms. Patricia A. Meyers **OBEYED** the instruction of Judge Leo E. Strine Jr's order, but chosen not to do as Attorney Gerry Gray requested, and Ms. Patricia A.. Meyers and Mr. Dennis L. Smith won the all day trial on July 9, 2004 . **See attached --------------------------------------------- Exhibit BB**

# Statement of Facts
# 4

Concerning civil case No. **1120 –S**, Mr. Dennis L. Smith told the truth about Attorney John E. Tarburton and the Court of Chancery's Chancellor William B. Chandler III

5

involvement in a conspiracy which violates the State Court of Chancery's eFILING Administrative Procedures Rule 79.1(4)(d) and (6)(a), as indicated in Mr. Smith's letter dated July 8, 2006 – ( ID: 11786496 ). Only then after approximately one (1) year and a half years, this Chancellor in his July 18, 2006 Court order, done the following:

a. **ORDERED** – and I quote, " As a result, Mr. Smith is barred from acting as an attorney representing Ms. Meyers. Instead, Ms. Meyers **MUST** either retain a licensed attorney admitted to the Bar of the Delaware Supreme Court or Represent herself pro se." **Therefore, Ms. Patricia A. Meyers chose her Power of Attorney to continue to help her remain Pro se, as the court recorders will factually indicate.**

b. **ORDERED** - and I quote, " To this end, the Court instructs the Register in Chancery to refuse any filing in this case signed by Mr. Smith acting on behalf of, or as a representative for, Ms. Meyers. In addition, the Register in Chancery and my chambers will not accept any further telephone calls from Mr. Smith pertaining to this case." Therefore, keep in mind that I ( Mr. Dennis L. Smith ) was " BARRED " ( **AMBIGUITY** ) on July 18, 2006 and therefore, on July 28, 2006, I ( Mr. Smith ) gave Ms. Patricia A. Meyers $ 124.00 dollars to pay for the docketing " Notice of Removal ", which she took into this court, see Receipt No. 2445 dated 7 – 28 - 06 to Ms. Patricia A. Meyers as, ------------ **Exhibit CC**

**Conclusion,** under this mentioned above, **" Statement of Facts # 4 "** , the point is, Ms. Patricia A. Meyers chose to keep her Power of Attorney, Mr. Dennis L. Smith. Also, see court's order dated July 18, 2006, attached as ------- **Exhibit DD**

6

## Statement of Facts
## # 5

Ms. Patricia A. Meyers moved ( " Notice of Removal " ) the Court of Chancery's civil case No. **1120 – S**, to the United States District Court of Delaware, under civil case No. 06 – 455 KAJ.

Ms. Patricia A. Meyers Appealed civil case No. 06 – 455 KAJ, to the United States Court of Appeals for the Third Circuit civil case No. 06 – 4873, and other documents. Ms. Meyers also, filed a Writ of Prohibition, civil case No. 07 – 1182.

Mr. Steven S. Krebs' Attorney John E. Tarburton sent only Ms. Patricia A. Meyers a letter dated December 28, 2006, and to her address only. Therein this letter, Attorney John E. Tarburton told Ms. Patricia A. Meyers about an **MOCK** TRIAL for the date of January 2, 2007, while knowing that civil case No. 1120 – S was **" R E M O V E D "** from the Court of Chancery and pending in the appeals Court(s). Therefore Ms. Patricia A. Meyers contacted me ( Mr. Dennis L. Smith ) and gave me this O R I G I N A L letter. **Ms. Meyers chose her Power of Attorney Mr. Dennis L. Smith,**
**see attached** ------------------------------------------------------------------------------- **Exhibit EE**

## Statement of Facts
## # 6

Based on all mentioned above, for approximately four (4) years and continuing on the front line of this **L E G A L** battle / mess, against wrongdoings concerning civil case No No. 069 – S, Bay Twenty L.L.C's Lease **and/or** civil case No. 1120 – S, Mr. Steven

7

S. Krebs d/b/a Kreative Gardens Center's Lease, in the Court of Chancery or started in the Court of Chancery. Therefore, I ( Mr. Dennis L. Smith ) suffered the following:

1.  Tricks ( deceit ), racism, mental stress, physical stress, illegally threaten to be falsely arrested in civil case No. 069 – S. ----- Again, Ms. Patricia A. Meyers / White Female and her Power of Attorney, Mr. Dennis L. Smith / Black Male won this civil case without, deceitful Attorney Gerry Gray.

2.  Also, in civil case No. **1120 – S**, tricks ( deceit ), **hatefully slandered which is illegal**, racism, mental stress, physical stress, illegally threaten to be falsely arrested, also falsely arrested two (2) times, but both false arrests was later Nolle Prosequi, conspiracy against me, attempts to illegally frame me - up, R A C I A L  H A T R E D, violations of Due Process Rights, **No** Equal Protection of Law. All this wrong, done to me, I ( Mr. Smith ) believe, only because of land and it's location and because I am a **Black Male** who stood up against **RACISM**, **while helping a White Female** to win a Court Case against White Males evildoers.

    ( **See the picture** )

## Statement of Facts
## # 7

**Ms. Patricia A. Meyers gaven her close friend of the family Mr. Dennis L. Smith a Power of Attorney dated October 27, 2003, with complete real estate powers, and on August 8, 2007 approximately four (4) years later, Ms. Patricia A. Meyers illegally attempts to violate our July 12, 2006 Agreement Book 00913 Page 046, by attempting to revoke our mutual October 27, 2003 Power of Attorney Book 00776 Page 041, see below:**

8

*A letter of breach* -- **PREPARED BY** and **SIGNED BY** Ms. Patricia A. Meyers, dated August 8, 2007, **which** is **SECOND** in order as recorded in the Sussex County Georgetown Delaware's Recorder of Deeds, on **August 8, 2007, time 3:11 P.M.** book No. 00963 and Page No. 00026. Therefore, Ms. Patricia A. Meyers stated, and I quote**, "... as of August 8th 2007 you are no longer my Power of Attorney."** *This document also, confirms that Ms. Patricia A. Meyers can* ***WRITE*** *and* ***READ*** *as many, many, many other documents in civil case No. 069 – S and 1120 – S /* ***NOT*** *to MENTION her PERSONAL LIFE ISSUES.*

**See attached** Ms. Meyers' letter of illegal breach dated August 8, 2007---- **Exhibit FF**
**See attached Power of Attorney dated October 27, 2003 -------------------- Exhibit GG**

Mr. Dennis L. Smith's continuing / still – continuing mutual legal binding / bona fide Obligations. This mentioned above paragraph, is an attempt to illegally revoke my continuing and still active Power of Attorney, which legally continues after **August 8, 2007.** Therefore, Ms. Meyers' August 8, 2007 letter, is an illegal breach of our July 12, 2006 agreement, which was **FIRST** recorded in the Recorder of Deeds Book No. 00913 and Page No. 046 on July 13, 2006, time 2:15 P.M. **This July 12, 2006 mutual AGREEMENT, INSURES / GUARANTEES** that I, ( Mr. Dennis L. Smith) has ( Ms. Patricia A. Meyers ) authority to CONTINUE and COMPLETE my obligation(s) as follows:



See next page

9

**(1)** " ... agreed to the following: " "... Mr. Dennis L. Smith <u>has</u> the October 27, 2003, power of attorney." **(2)** This Power of Attorney allows Mr. Smith to complete his agreed obligation(s) to his performance(s) / privilege(s) / term(s) to "... <u>continue with civil case</u> **1120 – S**..." as enjoyed by **" white citizens "**. **(3)** This Power of Attorney allows Mr. Smith to complete his agreed obligation(s) to his performance(s) / privilege(s) / term(s) to **"... to place a type of house or a type of house trailer on Ms. Patricia A. Meyers' 2.5 acres parcel as mentioned above, some time after this property is completely cleared."** See Federal Code **42 U.S.C.A. § 1981(a)(b)** as enjoyed by **" white citizens "**, **See attached July 12, 2006 agreement, ------------ Exhibit HH**

**Federal Code 42 U.S.C.A. § 1981(a)(b), See attached ----------------------- Exhibit I I**

<u>**Truth**</u> - Ms. Patricia A. Meyers on January 31, 2002, only chosen not to sign and/or initial Mr. Steven S. Krebs' page two (2) and page three (3) of his January 31, 2002 Commercial Lease Agreement. **See attached ------------------------------- Exhibit J J**

**Ms. Ruth Jones ( 202 ) 479 – 3022 - from the Supreme Court of the United States Office of the, Clerk Washington , DC, confirmed that Ms. Patricia A. Meyers** <u>sent</u> a letter to stop the proceeding involving civil case No. <u>1120 –S</u>. -- This act is

# ALSO a <u>breach</u> of our mutual July 12, 2006

**AGREEMENT** ---- Therefore, again this letter which I, ( Mr. Dennis L. Smith ) have not seen is **also a breach and a** violation of Federal Code

**42 U.S.C.A. § 1981(a)(b)** concerning Ms. Meyer's and Mr. Smith's mutual recorded July 12, 2006 agreement Book 00913 Page 046. Ms. Patricia A. Meyers' act is clearly an attempt to help cover –up a conspiracy involving Chancellor, William B. Chandler III, of Sussex County Georgetown, Delaware's Court of Chancery and Mr. Steven S. Krebs' and his Attorney John E. Tarburton. This conspiracy favors Mr. Steven S. Krebs. This letter is also a violation of Federal Code 42 U.S.C.A § 1985(3) **also see documents confirming conspiracy, sent to the Supreme Court** of the United States Office of the, Clerk Washington , DC,  See Petition for WRIT of CERTIORARI concerning conspiracy, in civil case 1120 –S. --------------------------------For Writ of Certiorari, see INCLUDED **" MOTION  TO  PROHIBIT " and  it's -------------------- Exhibit M M and it's FIRST sixteen (16) pages with it's Exhibits; A1, A2, A3, A4, A5 and Exhibit B.**

Based on our July 12, 2006 agreement as mentioned above, pursuant heretofore / here – under; **28 U.S.C.A. § 1343**. and directly reflecting illegally derelicting **42 U.S.C.A. § 1981(b)**. in which I, (Mr. Dennis L. Smith) will remain your Power of Attorney as agreed , to complete my **agreed obligation(s)**

August 28, 2007

*Respectfully, Submitted*

*Denis 2 Smith*

11

# In The United States District Court
# For The District of Delaware

Mr. Dennis L. Smith Sr.                          :
                                                 :
                                                 :
         Petitioner,                             :
                                                 :
                                                 :
                                                 :  **Re; Equal - Right(s);**
vs.                                              :  **In ref: Vindication of civil Right(s)**
                                                 :  **Here – under; 42 U.S.C.A § 1988.**
                                                 :  This is **not a lawsuit**. The sole purose
Ms. Patricia A. Meyers, and her son              :  of this is to simply constitutionally
Mr. Mack L. Davis Jr., and all of her            :  **enforce 42 U.S.C.A. § 1981(b). under**
sibling(s),                                      :  **the Law**.
Mr. Steven S. Krebs, and his mother              :
Ms. Barbara Krebs and any other                  :
person(s) who Attempt, to "ILLEGALLY             :
- "OBSTRUCT - Power of Attorney                  :
Document Book / No. 00776 page;                  :
041 Legal Dated 10-27-03 of the                  :
Sussex County Delaware Office of the             :
{Incumbent} recorder of Deed(s) }                :
                                                 :
         Respondent(s).                          :

## AFFIDAVIT OF DENNIS L. SMITH Sr.,

STATES OF DELAWARE    :

    : SS.

NEW CASTLE COUNTY    :

    The, preceding - indelible truthful – statement(s) in the **Temporary Restraining Order**, are true to the best of my knowledge and belief(s); of; Dennis L. Smith and are in full vehement compliance / Compliance(s) Here-with / Here – under;

**28 U.S.C.A. § 1746**, and **18 U.S.C.A. § 1621**.

Dennis L. Smith                              August 28, 2007
                                             Date

## SERVICE  LIST

Ms. Patricia A. Meyers, and her Son,
Mr.  Mack L. Davis Jr., and
all of her sibling(s)
RR 4 Box 103A
Frankford, Delaware 19945
(302) 436-0227

Mr. Steven S. Krebs and
his Mother Ms. Barbara Krebs
P.O. Box 796
Selbyville, Delaware 19975
(302) 436-4005

For Verification purpose(s) only;
John Brady
Recorder of Deeds
2   The Circle
P. O. Box 827
Georgetown, Delaware 19947
(302) 855-7785

Dennis L. Smith

Date August 28 2007

Exhibit A A

*Exhibit AA*

October 1, 2003

Ms. Patricia A. Meyers
Zion Church Road
RR 4, Box 103 A
Frankford, DE 19945

RE: Easement Abandonment,

Dear Pat,

Enclosed your will find a copy of an agreement which Dean Campbell has prepared
relating to the easement on your property. Since I was unable to reach you, I returned the
original copy to Mr. Campbell. This agreement is very important to you; you should
contact either your attorney Steve Parsons or Dean Campbell as soon as possible.

Due to the death of my mother-in-law, I have been in and out of town for the past few
weeks. Tracy has made several attempts to reach you in my behalf with no success.

Should you want to speak with me about the above agreement, give me a call.

Your friend,

Virgil V. Bullis, Sr.
RR 2, Box R 18
Clarksville, DE 19970

CC/ Dean Campbell
     Steve Parsons

Exhibit BB

*Exhibit BB*

Court: DE Court of Chancery

Judge: Leo E Strine Jr

LexisNexis File & Serve Reviewed Filing ID: 3795626

Date: 6/25/2004

Case Number: 069-S

Case Name: Bay Twenty LLC vs Patricia Meyers & Dennis Smith


This order is granted with the following modifications and additions:


1.  Respondent Meyers must sign any pretrial memorandum that purports to speak on her behalf.  The respondants' pretrial memorandum may only raise defenses and arguments fairly asserted in the answer filed on their behalf by Mr. Gray. At trial, the respondents may only raise defenses and arguments fairly asserted in the answer filed on their behalf by Mr. Gray.


2.  On June 30, 2004, the parties must also submit with the court a list of trial witnesses.  Ms. Meyers should be prepared to testify on her own behalf at trial.


3.  At trial, Mr. Smith will be able to act as only his own lawyer and not Ms. Meyer's.  She must represent herself.  The only questions Mr. Smith may ask of witnesses are those related to this own interests as a respondent.


4.  There will be no opening argument at trial.  The pretrial briefs will constitute opening arguments.   Closing arguments or post-trial briefs will be made or submitted only if the court so decides after hearing the evidence.


5.  The petitioners' counsel shall serve this order on the respondents and provide proof of service.


IT IS SO ORDERED.


/s/ Judge Leo E Strine Jr

Exhibit CC

Exhibit CC



FROM

DATE 4-28-06    NO. 2445

RECEIVED FROM Patricia Myers

ADDRESS

One Hundred Seventy four and 00/00    DOLLARS $ 174.00

Loan #Voided Document

C. A. #11205

| ACCOUNT | | HOW PAID | |
|---|---|---|---|
| | | CASH | 174 |
| AMT. OF ACCOUNT | | CHECK | |
| AMT. PAID | | MONEY ORDER | |
| BALANCE DUE | | | |

☐ FOR RENT  ☐ FOR

BY M. Carey

**TOPS.** FORM 4588C8

Exhibit DD

*Exhibit DD*

**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

WILLIAM B. CHANDLER III
CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

July 18, 2006

John E. Tarburton (**Via e-Filing**)
303 N. Shipley Street
Seaford, DE 19973

Dennis L. Smith (**Via First Class Mail**)
P.O. Box 311
Selbyville, DE 19975

Patricia A. Meyers (**Via First Class Mail**)
RR 4, Box 103A
Frankford, DE 19945

> Re:    *Steven Krebs d/b/a Kreative Garde;
> Center v. Patricia A. Meyers*
> Civil Action No. 1120-S

Dear Ms. Meyers, Mr. Smith and Mr. Tarburton:

In light of Mr. Smith's July 8, 2006 letter to the Court, as well as Mr. Smith's numerous telephone calls to my office, I believe it is necessary for the Court to address an important procedural issue.

It is well settled under Delaware law that only a member of the Bar of the Supreme Court of Delaware, a party appearing *pro se*, or an attorney admitted *pro hac vice* may participate in a proceeding before the Court.[1] It does not appear that Mr. Smith is a member of the Delaware Bar. Mr. Smith is not a party to this lawsuit. Nor is Mr. Smith an attorney admitted *pro hac vice*. Mr. Smith represents that he is the "attorney-in-fact" for Ms. Meyers under a general power of attorney. That status, in and of itself, cannot circumvent the rules proscribing representation by non-lawyers. That is, a person holding "power of attorney," although known popularly as an "attorney-in-fact," is not considered an attorney who can appear in court on behalf of another person. The Delaware Supreme Court has recognized this critical policy in order to insure that the public will enjoy the representation of individuals who have been found to possess the

---

[1] *Kostyshyn v. State*, 856 A.2d 1066 (TABLE) *citing Delaware State Bar Ass'n v. Alexander*, 386 A.2d 652 (Del. 1978).

necessary skills and training to represent others.[2]  Otherwise, anyone could, in effect, represent parties in litigation merely by acquiring a power-of-attorney.

As a result, Mr. Smith is barred from acting as an attorney representing Ms. Meyers.  Instead, Ms. Meyers must either retain a licensed attorney admitted to the Bar of the Delaware Supreme Court or represent herself *pro se*.

To this end, the Court instructs the Register in Chancery to refuse any filing in this case signed by Mr. Smith acting on behalf of, or as a representative for, Ms. Meyers.  In addition, the Register in Chancery and my chambers will not accept any further telephone calls from Mr. Smith pertaining to this case.

IT IS SO ORDERED.

Very truly yours,

William B. Chandler III

William B. Chandler III

WBCIII:meg

---

[2] *See In re Snyder*, 820 A.2d 390, 392 (Del. Fam. Ct. 2001).  *See also Marshall-Steele v. Nanticoke Mem'l Hosp.*, 1999 WL 458 724, at *5 (Del. Super. June 18, 1999); *Conaway v. Hawkins*, Del. Ch., C.A. No. 1942-S, Noble, V.C. (Del. Ch. May 23, 2006).

Exhibit EE

*Exhibit EE*

The Law Office of
## John E. Tarburton, Esq.
A Professional Association

December 28, 2006

Patricia Meyers
RR 4, Box 103A
Frankford, DE 19945

RE:    Krebs v. Meyers
       C.A. No. 1120-S

Dear Ms. Meyers:

Trial in this matter is scheduled for Tuesday, January 2, 2007 at 9:30 a.m. in the Court of Chancery in Georgetown, Delaware. I tried contacting you by telephone this morning, but your number is unlisted.

The court will expect us to make a good-faith attempt to settle this matter prior to trial. We have a settlement offer that we would like to discuss with you. Please contact me, or have an attorney contact me as soon as possible. Do not ask Mr. Smith to contact me on your behalf.

Sincerely,

John E. Tarburton

JET:bt

cc Steven Krebs

420 Pennsylvania Avenue, Suite 2
Seaford, DE 19973
Office: (302) 628-5499  Fax: (302) 628-8697

Exhibit FF

Revocation of Power of Attorney

Exhibit FF

BK00963 000037866 PG00026

I  PATRICIA  A.  Meyers  DRivers License No: 427897
of  36161  Zion Church Road, Frankford, DE. 19945
I Am  Revocation of This  Power of Attorney
from  Dennis Lee Smith SR.  RT3 Box 96
Frankford, DE. 19945  From  October 27th 2003.
As of  August 8th 2007 You ARE No Longer
my Power of Attorney.

Reference
BK#776
Pg. 41
Dated 10/27/03

Patricia A. Mey
August 8th 2007

Sworn Before A Notary Public on This
8th day of August Month, A.D. 2007

Christine L. Mitchell

CHRISTINE L. MITCHELL
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires July 1, 2008

RECORDER OF DEEDS
JOHN F. BRADY
08/08/2007  03:11P
SUSSEX COUNTY
DOC. SURCHARGE PAID

Preby + Retto:
Patricia A. Meyers
36161 Zion Church Rd
Frankford DE 19945

Exhibit GG

*Exhibit G G*

65684

**General Power of Attorney**        ᵍ00776 ᵍ041

**TO ALL PERSONS,** be it known that I, _Patricia A. Meyers_,
Drivers License No. 427897, of _RT #4  Box 1634  Frankford, DE 19945_,
located in Sussex County, the undersigned Grantor, do hereby make and grant a general power of
attorney to my close friend of the family, _Dennis L. Smith, Sr._,
of _RT 3  Box 96  Frankford, DE, 19945_, and do thereupon constitute and
appoint said individual as my attorney-in-fact/agent.

My attorney-in-fact/agent shall act in my name, place and stead in any way which I
myself could do, if I were personally present, with respect to the following matters, to the extent
that I am permitted by law to act through an agent: Grantor gives agent complete authority, to
any and all real estate properties, leased properties, including any and all properties sold to,
will to and/or owned by Grantor, to act and/or handle as agent choose in any matter. See most
details below of real estate powers.

### Real Estate Powers

DEAL WITH PROPERY. To retain, invest in, sell, mortgage, lease, exchange, manage,
subdivide, develop, build, alter, repair, improve, raze, abandon, or otherwise deal with or dispose
of any property and to execute, acknowledge and deliver any and all contracts, deeds, leases,
assignments, assignments of, extensions of, satisfactions of, and releases of mortgage, subordination
agreements, and any other instrument or agreement of any kind in connection therewith and
affecting real and personal property located at County Road 382, near Johnson's Corner, Baltimore
Hundred, Sussex County, Delaware consisting of 39.02 acres with improvements and any property
hereafter owned by Grantor located anywhere, which my attorney-in-fact/agent may deem to be
necessary.

My attorney-in-fact/agent has complete authority to appoint another agent and/or agents
other than himself to have the same complete authority or limited authority, through a written
agreement. In my will, to my son ( Mack L. Davis Jr. ) and agent, also will allow my agent to
continue with complete authority as mentioned in this document.

**Notice:** Any copy of this document, received by anyone, is to prove the authority that the agent
has now and had verbally before. This idea of giving complete authority to my agent,
was initiated by me, ( Grantor ). There are four (4) of these _same exact_ Power of
Attorney documents signed, witnessed to, and notarized, which are superior over any other
power of attorney that I had granted to my attorney-in-fact/agent, but, one (1) of these
four (4) must be recorded in the Recorder Of Deeds.

My attorney-in-fact/agent hereby accepts this agreement, and I affirm and ratify all acts so
undertaken.

IN WITNESS WHEREOF, I have hereunto set my Hand and Seal on this _27th_ day
of _October_, A. D. 20_03_.

Witnesseth:

_Mark A. ___
Witness

_Amanda G. Ford_
Witness

_Pat A. m___
Grantor

_Dennis L. Smith, Sr._
Attorney-in-Fact/Agent

STATE OF DELAWARE :
: ss.
COUNTY OF SUSSEX :

RECORDER OF DEEDS
JOHN F. BRADY

03 OCT 27 AM 11: 51

SUSSEX COUNTY
SURCHARGE PAID

I HEREBY CERTIFY that on this _27th_ day of _October_, A. D. 20_03_,
personally came before me, a Notary Public for the State and County aforesaid, Patricia A.
Meyers, and acknowledged the foregoing Power of Attorney to be her act and deed.

KAREN M. SAMSEL
NOTARY PUBLIC - DELAWARE
My Commission Expires March 10, 2005

_Karen M. Samsel_
NOTARY PUBLIC

Exhibit H H

36350                    ᴮ00913 ᴮ046    *Exhibit HH*

                          **Agreement**

                                                    Tax Map # 5-33 11.00 82.00

                              Prepared by:      Dennis L. Smith
                              Return to:        Route 3, Box 96
                                                Frankford, DE 19945

TO ALL PERSONS, be it known that *Patricia A. Meyers*                , drivers license No. 427897,

of *Rt 4 Box 103A Frankford, DE, 19945*                 , located in Sussex County, and

*Dennis L Smith*                 , drivers license No. 829030, of

*Route 3, Box 96 Frankford De 19945*  located in Sussex County, agreed to the following:

Concerning Tax Map # 5-33 11.00 82.00 Tract 3, Plot book 92, page 126, whether past, present or future, Ms.
Patricia A. Meyers agreed to never sue and/or file a lawsuit against Mr. Dennis L. Smith concerning or for any
property that she sold to him and/or that she continues to own. Also, Mr. Dennis L. Smith agreed to never sue
and/or file a lawsuit against Ms. Patricia A. Meyers involving her 2.5 acres +/- parcel B, which Mr. Dennis L.
Smith has the October 27, 2003, power of attorney. This power of attorney was granted by Ms. Patricia A.
Meyers, and was recorded in the Recorder of Deeds book No. 00776, page 041.

Mr. Dennis L. Smith and Ms. Patricia A. Meyers agreed that Mr. Dennis L. Smith will continue with civil case
1120-S, and greed, whether past, present or future, that Mr. Dennis L. Smith will not sue and/or file a lawsuit
against her, concerning his involvement in civil case No. 069-S, and his involvement in civil case No. 1120-S.

Mr. Dennis L. Smith and Ms. Patricia A. Meyers agreed, whether past, present or future, that Mr. Dennis L. Smith
will not sue and/or file a lawsuit against her, for any problems that my come from her letter dated July 8, 2006,
certified mail No. 7002 0460 0001 5100 2767,  concerning civil case No. 1120-S.

Mr. Dennis L. Smith and Ms. Patricia A. Meyers agreed, whether past, present or future, that Mr. Dennis L. Smith
will not sue and/or file a lawsuit against her, concerning two false arrests, which was Nolle Prosequi, involving
civil case No. 1120-S.

Mr. Dennis L. Smith, a friend of family, agreed to place a type of house or a type of house trailer on Ms. Patricia
A. Meyers' 2.5 acres parcel as mentioned above, some time after this property is completely cleared. Ms. Patricia
A. Meyers and Mr. Dennis L. Smith agreed, that this document may be recorded in the Recorder of Deeds.

      IN WITNESS WHEREOF, I have hereunto set my Hand and Seal on this  12  day of  July ,
A.D. 20 06 .

Witnesseth:                    RECORDER OF DEEDS
                                    JOHN F. BRADY
_____                            *Pat A. Mey*
Witness                          06 JUL 13  PM 2: 15  Patricia A. Meyers

                              SUSSEX  COUNTY
                              DOC. SURCHARGE PAID Dennis L. Smith

STATE OF DELAWARE  :
                   : ss.
COUNTY OF SUSSEX   :

      I HEREBY CERTIFY  that on this  12  day of  July ,  A. D. 20 06 , personally
Came before me, a Notary Public for the State and County aforesaid,  Patricia A. Meyers and Dennis L. Smith,
and acknowledged the foregoing agreement to be their act and deed.

                              _____
                              NOTARY PUBLIC
                              KAREN M. SAMSEL
                              Notary Public - State of Delaware

Exhibit II

*Exhibit I I*

*— 42 U.S.C.A § 1981(a)(b) —*

# TITLE 42—THE PUBLIC HEALTH AND WELFARE

### CHAPTER REFERRED TO IN OTHER SECTIONS

This chapter is referred to in section 11111 of this title.

## SUBCHAPTER I—GENERALLY

### § 1981. Equal rights under the law

### (a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

### (b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

Exhibit J J

*Exhibit J J*
*page 2*

## SECTION 5 – LANDSCAPING OF ADJOINING RESIDENCE

Lessee, in consideration of the leasing of the premises, shall, within six months of the commencement of the lease term, undertake the clean-up and basic landscaping of lessor's residence, which adjoins the leased premises. Such clean-up shall be a "one-time-only" event for no charge and shall not otherwise be considered an ongoing obligation of the lessee. Such service shall be to place the property in a condition presentable for customers of lessee and shall be considered a benefit for both parties.

## SECTION 6 – USE OF PREMISES

A. The premises shall be used and occupied by lessee for use in commercial enterprises related to the maintenance, storage, and sale of plants, landscaping supplies and other lawn, garden, or household materials. Lessor hereby acknowledges that lessee shall conduct retail and wholesale sales, operate landscaping services, and use the property for related enterprises; lessor explicitly consents to such use.

B. Lessee shall comply with the sanitary laws, ordinances, rules, and orders of appropriate governmental authorities affecting the cleanliness, occupancy, and preservation of the premises during the term of the lease.

C. Lessee shall not use the premises for any illegal purpose.

## SECTION 7 – IMPROVEMENTS, MODIFICATIONS, ALTERATIONS

Lessor gives lessee authority to make such improvements, alterations or additions to the premises as necessary for the establishment, maintenance and operation of the commercial enterprises of lessee. Such alterations or improvements include, but are not limited to, clearing the leased property, erection of storage buildings, greenhouses and a sales facility, placement of signage, and building and maintenance of a fence. Consent of the lessor is not necessary for lessee to make any future improvements, so long as the general use of the improvement is within the overall scope of the aforementioned uses of the property by lessee or any reasonable extension of those purposes.

Lessee shall, within six months of the commencement of the lease term, erect a fence around the leased premises in a location mutually agreeable to the parties.

Any improvements, alterations or additions made by lessee during the course of the lease remain the property of the lessee and shall be removed by lessee, at his expense, prior to the natural termination of the lease term. Lessor retains the right to purchase any improvements to the property, and shall give lessee 90 days notice in advance of the termination of the lease term of the desire to make such a purchase. Lessee is not entitled to any payment for the initial clearing of the property. If the parties are unable to reach agreement upon a purchase price with in 30 days, lessee may begin the removal process. Upon natural termination of the lease term,

Exhibit J J
page 3

lessee shall leave the premises clear of debris and excess material, with all holes or other evidence of removal of improvements filled or repaired.

Should this lease be cancelled, revoked or otherwise terminated by agreement or operation of law prior to the natural expiration of the lease term, lessee shall have 90 days to remove any and all improvements and return the property to the above-mentioned condition.

## SECTION 8 – EXTENSION OF LEASE TERM

In consideration of rent and the additional signing bonus mentioned above, lessor hereby waives any right to terminate the lease at the end of the original three-year lease term and grants to lessee the right to request an extension of the lease term for three years or five years, at his option. Such extension shall continue under the terms and conditions of this lease agreement, unless the parties otherwise agree in writing at the time of the extension. Lessee shall give lessor, within 60 days of the natural expiration of the lease term, notice of his intention to either terminate the lease or extend the lease for an additional three years or an additional five years.

## SECTION 9 – RIGHT OF FIRST REFUSAL / OFFER OF SALE AT LEASE END

In consideration of rent and the additional signing bonus mentioned above, lessor hereby gives lessee the right of first refusal for the sale of the leased premises and/or the entire 6-acre parcel. Should lessor receive a firm offer of sale for the parcel or any portion thereof, she shall offer that property for sale to the lessee upon the same terms and conditions as would be a part of the sale to the third party. Lessee shall have fifteen days from the date he is provided with written notice of the offer to accept or reject the offer.

Sixty days prior to the expiration of the lease term and any extension thereof, lessor shall provide lessee with an asking price for the purchase of the leased premises and/or the entire 6-acre parcel.

## SECTION 10 – REGULATORY APPROVAL / EFFECT OF DENIALS

Upon execution of this lease, lessee shall take immediate and appropriate steps to secure regulatory approval of his proposed use of the property. Payment of the first rent installment and signing bonus shall not be due until final approval of Sussex County Planning and Zoning and/or Sussex County Council is given for a conditional or special use sufficient for lessee to operate the proposed business. Payment of the first rental installment and signing bonus shall also be stayed until DelDOT provides a final entrance approval for the business. If such approvals are not forthcoming within two months from the signing of this lease, or if lessee is denied approval, lessee shall have, at his discretion, the option to void the lease.

If any other regulatory agency, entity, or political sub-division imposes a requirement for approval which makes the proposed business economically, physically, or otherwise unfeasible, lessee shall have, at his discretion, the option to void the lease. Upon such election by the lessee, lessor shall be entitled to retain the signing bonus and a share of any rent paid, prorated by the number of days lessee held possession of the leased premises.