IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS LEE SMITH, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 07-525-JJF |
| | : |
| PATRICIA A. MEYERS, MACK L. | : |
| DAVIS, JR., STEVEN S. KREBS, | : |
| and BARBARA KREBS, | : |
| | : |
| Defendants. | : |

<u>**MEMORANDUM ORDER**</u>

I.  **Introduction**

Plaintiff Dennis Lee Smith, who proceeds <u>pro se</u>, filed a "Notice Of Motion <u>Ex Parte</u> EMERGENCY Temporary Restraining 'Order'"[1] to prevent further "irreparable hedonic damage(s)" and to prevent "further irreparable misleading/false outburst of pernicious false - statement(s) of the very unrealistic viability of very ignorant person(s) who know who they are." (D. I. 2.) He also seeks to preclude a number of actions including, but not limited to, the issuance of outrageous and absurd documents, the sale or lease of certain real property, an individual from speaking to him, hateful acts, conspiracy and/or frame-up by certain Defendants. The Motion heading states that "this is not a lawsuit" and that the sole purpose is to "constitutionally

---

[1] While the Motion indicates it is filed <u>ex parte</u>, a service list indicates the parties have received notice of the Motion. (D.I. 2.) Additionally, when Plaintiff filed this Motion he advised the Clerk's Office that, while styled as an emergency, the Motion could wait until a judge was assigned to the case.

enforce 42 U.S.C.A. § 1981(b) under the law."

## II. Standard of Review

When considering a motion for a preliminary injunction Plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

## III. Background

This dispute arises over leases entered into by Defendant Patricia A. Meyers ("P. Meyers") with Defendant Steven S. Krebs ("S. Krebs") and non-party Joe M. Farr, the sale of real estate by P. Meyers to P. Meyers' sister-in-law and her sister-in-law's son, and the revocation of a Power Of Attorney given to Plaintiff by P. Meyers. Plaintiff alleges that P. Meyers was aware that he

wanted certain property for business purposes and that P. Meyers had agreed to sell him the property.

Plaintiff alleges that his relationship with P. Meyers is as a "close friend of the family." (D.I.2, Statement of Facts #1.) P. Meyers gave Plaintiff her Power Of Attorney on October 27, 2003. (D. I. 2, ex. GG.) Plaintiff and P. Meyers entered into an Agreement on July 12, 2006 regarding the sale of real property, and Plaintiff alleges that P. Meyers chose to breach the "mutual July 12, 2006 recorded agreement" filed in the Sussex County Records of Deeds Book in violation of 42 U.S.C. § 1981(a)(b).[2] (D.I.2, Statement of Facts #1, ex. HH.) Plaintiff alleges that, on August 8, 2007, P. Meyers attempted to revoke

---

[2]Section 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. A claim under § 1981 is restricted by its language to discrimination based on race or color. Springer v. Seaman, 821 F.2d 871 (1st Cir. 1987) The statute defines "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

To state a claim under 42 U.S.C. § 1981, a plaintiff is required to plead facts demonstrating that the plaintiff is member of a racial minority, that there was intent to discriminate on the basis of race by the defendant, and that discrimination concerned one or more of the activities enumerated in the statute. Hood v. New Jersey Dep't of Civil Serv., 680 F.2d 955, 959 (3d Cir. 1982); McDuffy v. Koval, 226 F. Supp. 2d 541, 550 (D. Del. 2002).

their July 12, 2006 agreement referred to above, when she signed a document stating that as of August 8, 2007, Plaintiff was no longer her Power Of Attorney. (D.I.2, Statement of Facts #7, ex. FF.) Plaintiff alleges that the July 12, 2006 agreement refers to the October 27, 2003 Power Of Attorney and because it was recorded first, the August 8, 2007 letter is an illegal breach of the July 12, 2006 agreement. Plaintiff alleges the August 8, 2007 letter is also a violation of 42 U.S.C. § 1981(a)(b) and § 1985(3).[3]

Plaintiff alleges that in 2002, 2003, and 2004, P. Meyers signed and/or initialed documents without a lawyer and without Plaintiff. (D.I.2, Statement of Facts #1.) He alleges that P. Meyers "had unequivocally chose [sic] her close friend of the family [Plaintiff] over their family's Attorney Steven Parsons, and also over her son [Defendant] Mr. Mack L. Davis Jr., and/or over all her siblings specifically for all legal property problems and/or issues. (D.I.2, Statement of Facts #2.) Apparently litigation ensued as the motion states that a trial commenced in the Court of Chancery and on July 9, 2004, P. Meyers

---

[3]To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) that the conspiracy is motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997).

and Plaintiff "won the all day trial." (D.I.2, Statement of Facts #3.)

It appears from the Motion that Plaintiff attempted to act as P. Meyers' counsel in the State Court action and P. Meyers was told to either proceed pro se or to retain the services of a licensed attorney. (D.I.2, Statement of Facts #4 a.) Plaintiff alleges that P. Meyers chose to keep Plaintiff as her Power Of Attorney. Id. Plaintiff alleges he then gave P. Meyers monies to pay the filing fee to remove the case to this District Court, and P. Meyers continued to choose Plaintiff as her Power Of Attorney.[4]

Plaintiff asserts that because of this "legal battle/mess against wrongdoings" he has suffered, been tricked, threatened with false arrest, falsely arrested twice, and slandered. (D.I.2, Statement of Facts #6.) He further contends he is a victim of racism and racial hatred, and that his right to due process and equal protection were violated because he is a "black male who stood up against racism while helping a white female to win a court case against white males [sic] evildoers." Id.

---

[4]The Petition For Removal was filed in Krebs v. Meyers, C.A. No. 06-455-KAJ. On October 31, 2006, the Court entered an Order remanding the case to State Court. Id. at D.I. 10, 11. The United States Court of Appeals for the Third Circuit affirmed the District Court's Order remanding the case. Krebs v. Meyers, No. 06-4873 (3d Cir. Mar. 6, 2007).

**IV. Discussion**

The Court has reviewed the exhibits Plaintiff submitted with his Motion. After reviewing the same and carefully reviewing his Motion, it is clear that Plaintiff's real issues concern real property to which he believes he is entitled, and P. Meyers's decision to revoke the Power Of Attorney she gave to Plaintiff. The Court does not have jurisdiction over his claims. Notably, Plaintiff's claims are ones where state law, not federal law, predominates. Hence, the matters should be decided by the State Court. Moreover, Plaintiff makes vague allegations of, and seeks to prevent, the following: slander, defamation, false outbursts, false statements, issuance of outrageous and absurd documents by P. Meyers, false arrests, the sale or lease of the property at issue, S. Krebs from speaking to Plaintiff, and hateful acts, conspiracy or frame-up by S. Krebs and Defendant Barbara Krebs. Again, most of the foregoing concern State law issues and are better decided by the State Court.

In a failing attempt to state a claim under § 1981, Plaintiff makes a passing reference to race discrimination by referring to himself as a black man who helped a white female win a court case. Nothing indicates, however, that there was an intent to discriminate against Plaintiff on the basis of his race. Plaintiff also refers to the § 1985 conspiracy statute, but other than seeking to restrain Defendants from conspiring

against him, provides no facts to support a conspiracy claim. Finally, other than his allegations, Plaintiff provides nothing to the Court to demonstrate irreparable harm. Based upon the foregoing, Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify injunctive relief.

**V.  Conclusion**

NOW, THEREFORE, IT IS HEREBY ORDERED this 11 day of September, 2007, that the Emergency Motion For A Temporary Restraining Order (D.I. 2) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE