# In The United States District Court
## For The District of Delaware

Mr. Dennis L. Smith Sr.

        Petitioner,

vs.

Ms. Patricia A. Meyers, and her son
Mr. Mack L. Davis Jr., and all of her
sibling(s),
Mr. Steven S. Krebs, and his mother
Ms. Barbara Krebs and any other
person(s) who Attempt, to "ILLEGALLY
- "OBSTRUCT - Power of Attorney
Document Book / No. 00776 page;
041 Legal Dated 10-27-03 of the
Sussex County Delaware Office of the
{Incumbent} recorder of Deed(s) }

        Respondent(s).

C.A. No. 07 - 525

**Re; Equal - Right(s);**
**In ref: Vindication of civil Right(s)**
**Here – under; 42 U.S.C.A § 1988.**
This is **not a lawsuit**. The sole purpose
of this is to simply constitutionally
**enforce 42 U.S.C.A. § 1981(b). under**
**the Law.**

# Notice of Motion for Stay
# Concerning Judge Joseph J. Farnan Jr's September 11, 2007 Memorandum order

To; The Court,.
To; All Respondent(s),.

To; The Honorable "United States"
Senate / House of Representatives
To; The Staff of the Chief Judge Gregory M. Sleet

Manifest Imperative

"Motion" for a Fully Patently Constitutional "Stay", of **Civil Action No. 07 - 525** as a

Matter of Law,. --- **SYNONYMOUS OF CRIMINAL CONSPIRACY, See; 42 U.S.C.A**

**§ 1985(3).**

This Motion for, "Stay" shall be **constitutionally** "GRANTED" for the following reasons:

**{A}. Fraud on Court;**

These totally unconstitutional, due process – less, again and again devious continuing, still – continuing , - Illicit race baited – bait, proscribed – instance(s); of prohibited unlawful **" Racial – Injustice "**, done **by de facto Judge Joseph J Farnan Jr.,** must end, under the Law and as a matter of Law. Also, these total **– Race baited game(s)** will certainly provide for any, if necessary Victorious Appeal(s), concerning de facto Judge Farnan Jr's despotic – malfeasance tortuous wrongful act(s) **ABUSE** of his **HIGH AUTHORITY**, could provide for future **42 U.S.C.A § 1988**. **Justice must not be Obstructed, by ANYONE** and/or **ANY PERSON, as matter of Law**.

**{B}.** In the lawful interest of "Justice,."

#### ---- TWISTING THE TRUTH ----

**{C}.** Gravamen Two (2), this total nonsense of this notorious – obloquy Federally owned and operated Court of Law Re; **TWISTING THE TRUTH**. Therefore, Judge Joseph J. Farnan Jr., intentionally, unequivocally, **clearly LIED** about my ( Mr. Dennis L. Smith) **mutual July 12, 2006, agreement** in his MEMORANDUM ORDER dated September 11, 2007, when he stated under **" III background "** on page three # 3, second paragraph, and I quote, **"** (D. I. 2, ex. GG.) Plaintiff and P. Meyers **entered** into an agreement on July 12, 2006 regarding the **SALE** of **REAL property**,..." This **Slanderous LIE** can not be found in this mutual July 12, 2006 agreement. There are **more twisted issues** in this MEMORANDUM ORDER, therefore this **Slanderous LIE** is **unjust, unfair** and a **shame** in this **High Court**. Attached is page # 3 as -------------------------------------------------------------- **_Exhibit A_**

**VS.**

**Now,** see **mutual July 12, 2006 agreement**, attached as --------- **_Exhibit B_**

**The Truth** - My ( Mr. Dennis L. Smith) **mutual July 12, 2006**, **agreement** is

to **COMPLETE** my **Agreed Obligations to** and **for** Ms. Patricia A. Meyers

**only,** as **FOLLOWS:**

Again, Ms. Patricia A. Meyers illegally violated Federal Code **42 U.S.C.A §**

**1981(b)**. by **REVOKING** my (Mr. Dennis L. Smith) mutual Power of Attorney

dated October 27, 2003, recorded in Book 00776 page 041, which is **a part of**

2

our July 12, 2006 mutual agreement, *signed* and *initialed* by both, which is recorded in Book 00913 page 046. Some of my ( Mr. Dennis L. Smith) **Obligations in the July 12, agreement are as follows: --- We had MUTUAL_LY (*agreed*) _to the_ *Following;* concerning** the **2.5 acres +/- parcel B,** which I, ( Mr. Dennis L. Smith) **already had the October 27, 20_03_, power of attorney. I, ( Mr. Dennis L. Smith) will continue with civil case 1120 –S** concerning this **leased 2.5 acres +/- Parcel B**, as written, both of these just mentioned documents are recorded legal mutual agreements that are as a matter of law, on the record, at the Sussex County office of the Recorder of Deeds. Once the lease in which is very questionable at best, is **legally ended** and/or a just unbiased Judge order Mr. Steven S. Krebs off of this **2.5 acres +/- parcel B**, only then I, ( Mr. Dennis L. Smith) can systematically in Good – Faith **complete my mutually agreed Obligations** as to placing **a type of house or a type of house trailer on Ms. Patricia A. Meyers' 2.5 acres parcel**, as manifestly – overtly written in the July 12, 2006 mutual still – viable agreement.

**Please Take Notice:** *Once a type of house or a type of house trailer is placed on Ms. Patricia A. Meyers' 2.5 acres parcel B, by me ( Mr. Dennis L. Smith) therefore this type of house, on this land owned by Ms. Patricia A. Meyers, is for her **as owner and to own** and for her to reside in. Therefore, this land and type of house _is not_ for USE by me (Mr. Dennis L. Smith).* **Then my ( Mr. Dennis L. Smith) mutual agreed Obligations will be COMPLETED, only at this point.**

**Therefore, based on the facts** above **and** below **in this " Motion for Stay",** by Judge Joseph J. Farnan Jr., **NOT GRANTING** my **Temporary Restraining Order, file on August 30, 2007**, it places me ( Mr. Dennis L.

3

Smith ) at **RISK** as to <u>all listed names</u> in the Heretofore Temporary

Restraining Order and other conspirators, also this Judge proves that I, a

**BLACK CITIZEN** is **NOTHIING** in this **HIGH COURT**. In which is totally,

inconsistent with the fundamental(s) of **Liberty and Justice for ALL**.

#### ---- KEY ISSUE ----

**Now**, with my ( Mr. Dennis L. Smith ) **Legal viable mutual July 12, 2006 agreement** recorded in Book 00913 page 046, **which contains** my ( Mr. Dennis L. Smith ) mutual October 27, 2003 Power of Attorney recorded in Book 00776 page 041;

### Therefore, Please Take Legal Notice;
**FURTHER DAMAGES founded**, since my **Temporary Restraining Order, filed on August 30, 2007** --- **AND** ---- I ( Mr. Dennis L. Smith) **did not AUTHORIZED** any of these act(s) to be done to **and/or** on **and/or** concerning Ms. Patricia A. Meyers' **2.5 acres +/- parcel B**, (Tax Map and Parcel No. 5-33 –11.00-82.03) as listed in **1**, **2**, and **3** as follows:

1.  Ms. Patricia A. Meyers **illegally**, for **a <u>second time</u> <u>breached</u>** this same

    mutual recorded July 12, 2006, agreement by signing and/or initialing all

    pages in a " <u>**SETTLEMENT AGREEMENT AND GENERAL RELEASE**</u>

    <u>**OF CLAIMS**</u> " involving civil case No. <u>**1120 - S**</u> with Mr. Steven S.

    Krebs dated 8 – 16 – 07 and dated  8 – 18 – 07, record in Book 00964

    page 00140 **!!** ------------ See attached ------------------------- ***Exhibit C***

2.  Ms. Patricia A. Meyers **illegally**, for **a <u>third time</u> <u>breached</u>** this same

    mutual recorded  July 12, 2006, agreement by **illegally** purporting –

    superficially attempted to **sell** and **sign** a property deed over to Mr.

    Steven S. Krebs concerning her **2.5 acres +/- parcel B**, recorded in

    Book 03487 page 00025, that I, ( Mr. Dennis L. Smith ) am legally the

4

sole,  overseer  of  in  which  is  thus,  totally – patently,

" Unconstitutional " as a  matter  of  Law. -- See  attached ---- **_Exhibit D_**

**3.**    **While this civil case No.  07 – 525  remains pending** pursuant to my

inalienable libertie(s) right(s) to appeal per se,  Mr. Steven  S. Krebs,

started  cutting  down trees and Destroyed the BEAUTIFUL FOREST AND

HISTORY on  this  **2.5  acres + / - parcel B.   This beautiful forest**

**and  history can not be replaced,**  Mr. Steven  S. Krebs **will claim**

that his actions were  based on  **Number  # 1  and  # 2,**  just

mentioned above.

In Judge  Joseph  J. Farnan Jr's  own  MEMORANDUM  ORDER dated September 11,
2007, on page **No. 2, under  "  II.  Standard  of  Review "** Judge Farnan Jr.,  stated,
and I quote, **" [A] n  injunction  may  not  be  used  simply  to
eliminate  a  possibility  of  a  remote  future  injury,  or  a  future
invasion  of  rights."**  Keep in mind, Judge  Joseph  J. Farnan Jr.,  had
knowledge  of  Ms. Patricia A. Meyers violating **42 U.S.C.A §  1981(b).** by illegal
revoking my Power of Attorney based on my ( Dennis  L. Smith)  **_mutual July 12,
2006 agreement_** as **First** pointed out in my Temporary Restraining Order filed on
August 30, 2007, and now **further damages founded** as pointed out in Numbers:
**1**, **2**,  and **3** just mentioned above.

**Please Take Notice;**
This court has wrongfully illegally Denied my Inalienable civil Liberty, to have a U.S
const., Art. III Federal court, of proper situs, for instant – action, that **has chose to
not**, enforce as in invidious discrimination in violation of U.S. Const., 14th  Amendment.
Also; In total wrongful violation(s) of the Court'(s) inherent " Duty " to " Act ".  Total
wrongful Due Process violation, and all who have heretofore illegally commingled could
face 28  U.S.C.A  §  1442(a)(3)., as a matter of Law.

**_This mutual  July 12, 2006 agreement contains what it contains,
no more or less,_** and is a legal document on the **foundation** of  Federal
Code  **42 U.S.C.A  §  1981(b)**, and  shall be  under my inalienable – civil –
libertie(s), legally  enforced  as  a  matter of Law.

## Federal Code 42 U.S.C.A § 1981(b),
### (b) " Make and enforce contracts " defined

**For purposes of this section, the term " make and enforce contracts " includes the making,  performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.**

---

### OTHER ISSUES TO BE POINTED OUT, AND/OR AGAIN POINTED OUT AS LISTED BELOW:

Mr. Steven  S. Krebs' attorney  John  E.  Tarburton  who is a so – called purported Professional at Law, and who knows of, and/or should have known of  Federal Code **42 U.S.C.A § 1981(b)**. Attorney Tarburton  enclosed  my (Mr. Dennis  L. Smith's) **Legal  viable  mutual July 12, 2006 agreement  <u>which contains</u>** my mutual October 27, 2003  Power  of  Attorney, in Mr. Steven  S. Krebs' " <u>**SETTLEMENT AGREEMENT AND GENERAL RELEASE  OF CLAIMS**</u> "  involving  civil case No. **1120 - S** , dated 8 – 16 – 07 and dated  8 – 18 – 07, record in Book 00964  page 00140. Therefore, Attorney Tarburton  <u>should have</u>  **legally instructed**, Mr. Steven  S. Krebs **and/or** Ms. Patricia A. Meyers that, if there is any **dispute** concerning these **superseding legal** documents between her and Mr. Dennis L. Smith, she should **<u>FIRST</u>  <u>SETTLE</u>**  this" just now and/or only now" DISPUTE  in Court  **before** signing any new agreement involving civil case No. 1120 –S and a deed to her **2.5 acres +/- parcel B**, as a matter of Law;

However, Ms. Patricia A. Meyers  contacted  **Legal  Aid** in Georgetown,

Delaware  to have them  to take  my Power  of  Attorney.  **On or about**

**August  6, 2007,**  Legal  Aid contacted me ( Mr. Dennis L. Smith) by

phone and  **informed me that they are going  to revoke**  my **Power**

**of  Attorney.**  I  **<u>then</u>**  sent  them a written understanding with my legal

– position and  the infinite possible litigation(s) that would / could ensue, -

Had they bite – off, more than they could chew. A copy of my **mutual**

**agreement  dated  July 12, 2006 AND my mutual  agreement**

6

October 27, 2003 **POWER  OF  ATTORNEY** between

**Ms. Patricia A. Meyers and I.** *Therefore, I had no further*

*problems and/or issues  with  Legal Aid* and Legal Aid **did  not**

**attempt to  revoke** my **Power of  Attorney**.

----- **BUT** ------

Ms. Patricia A. Meyers  **then**  prepared a really artistically so close to like similar criminal - design document **on her own  and  illegally revoked my Power of Attorney** and violated Federal  Code  **42 U.S.C.A  § 1981(b).** Ms. Patricia A. Meyers' illegal acts, is an attempt  to stop me ( Mr. Dennis L.  Smith)  from  exposing a Criminal Conspiracy concerning civil case No. **1120 –S**.  See; **42  U.S.C.A  § 1985(3)**.

---

## SEE  POINTED  OUT  DOCUMENTS concerning  CRIMINAL CONSPIRACY

See  this **Temporary Restraining Order, file on August 30, 2007** and  **see**

**all of  it's**  enclosed  " **Statement of  Facts  # 7 "**, and also see  the  " *Motion to*

*Prohibit*" **CRIMINAL  CONSPIRACY  ISSUE** file on **August 30, 2007**  which

contains a  copy  of  a **" Petition for Writ  of  CERTIORARI "** to  the  **Supreme**

**Court  of  the  United States**, concerning  criminal conspiracy in State  Court  of

Chancery's  Civil Case No. **1120 – S** / **2.5 acres +/-  Parcel B**, involving  the  State

of  Delaware Court of Chancery's **Chancellor,  William  B.  Chandler  III, AND** Mr.

Steven S. Krebs  **AND**  Mr. Steven  S. Krebs' a**ttorney  John  E.  Tarburton**. ------

**THEY  NEEDED  HELP  TO  COVER – UP**, a  very – very long  **illicit paper**

**trail**, that simply amount(s)  mainly  to  **unlawful**  " **Racial – Injustice."**

7

## ---- THUTH ----
# CRIMINAL CONSPIRACY, TO GET A PROPERTY DEED

Therefore, it is known on the record, that this civil case No. **1120 – S**, is involved in **CRIMINAL CONSPIRACY.** Mr. Steven S. Krebs' **attorney John E. Tarburton** and the State of Delaware's Court of Chancery's **Chancellor, William B. Chandler III**, are in a **conspiracy together,** by violating **the State's** Court of Chancery's eFILING Administrative Procedures **Rule 79.1(4)(d) and (6)(a)**, which initiated a " **Notice of Removal** " under Federal Code **28 U.S.C.A. § 1446(5)(d)**, on July 27, 2006 and/or July 28, 2006, so that **Ms. Patricia A. Meyers** could **legally** escape from this **unfair and unjust** Court's Chancellor as mentioned.

**ILLEGALLY**, on January 2, 2007, the State Court of Chancery had an **ILLEGAL MOCK TRIAL** concerning civil case No. **1120 – S**, after the fact that, **this** civil case was Removed from this State Court to Federal Court with a " **Notice of Removal.**" Federal Code **28 U.S.C.A. § 1446(5)(d)**. states, and I quote; "... **State court shall proceed no further** unless and until the case is **remanded**. Therefore, Ms. Patricia A. Meyers' **constitutional appeals rights** were illegally violated by the State Court of Chancery's illegal Mock Trial, because Ms. Patricia A. Meyers **continue** with her constitutional appeals *while* and/or *at the same time that, this illegal Mock Trial took place,* as the recorded records will **show**, concerning the following **Federal** civil case numbers: **Federal 00455 – KAJ,  Federal 06 – 4873,  Federal 07 – 1182 and appeal** to the **Supreme Court of the United States, on or about June 4, 2007**.

Therefore, concerning civil case No. **1120 – S**, in a letter dated **June 11, 2007** to Ms. Patricia A. Meyers from the Supreme Court of the United States, it stated, and I quote **, " Kindly correct the petition and appendix so that it complies in all respects with the Rules of the Court and return it to this office promptly so that it may be docketed."**

Next in summary, Ms. Patricia A. Meyers **contacted** the Supreme Court of the United States, **and STOPPED this CRIMINAL CONSPIRACY based, civil case, No. 1120-S**, from being docketed, not long after this Supreme Court letter dated June 11, 2007.

Based on this January 2, 2007, ILLEGAL Mock Trial, therefore, there is **NO legal Claim** to be **settled    with    Mr. Steven S. Krebs**. Therefore, the following documents are based on **fraudulent** and **Criminal Conspiracy** issues as follows:

1.  Mr. Steven S. Krebs' " **SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS** " involving **civil case No. 1120 - S** , dated 8 – 16 – 07 and dated  8 – 18 – 07, is **fraudulent** and part of a **Criminal Conspiracy as proven above.** (Illegal Mock Trial equals to False Claim)

2. Mr. Steven  S. Krebs' Claimed Property Deed  concerning  Ms. Patricia A. Meyers' **2.5 acres +/- parcel B,**  recorded  in  Book 03487  page 00025,, is **fraudulent** and part of a **Criminal  Conspiracy as proven above.**

**See  U.S.  District Court docket sheet to <u>PROVE</u> Mock Trial, issue and if that is not enough, more evidence available, but for now see the docket sheet attached as--------------------------------------------------------------- Exhibit E**

## V.S

# ---- LIES and/or FALSEHOOD ----
# AT  A  PUBLIC  POST  OFFICE

**{D}.** on **August 15, 2007,**  at  the town  of  Selbyville Delaware's  **<u>Public</u> Post Office,** Mr. Steven  S. Krebs – illegally made  Slanderous – False Outburst of pernicious False – Statements in the public to  my person (Mr. Dennis  L. Smith) and I quote some of the statements as follows:

( Mr. Steven  S. Krebs) and I quote,  " You (Mr. Smith) are in **big**  trouble"

( Mr. Dennis  L.  Smith ) and I quote,  " **<u>Do not</u>** talk to me."

( Mr. Steven  S.  Krebs) and I quote,  " **Making**  Ms. Meyers **sign papers** she have not seen, the **<u>POLICE</u>** will be after you soon."

( Mr. Dennis  L.  Smith ) and I quote,  " Steven  Krebs **<u>do not</u>** speak to me **again**."

( Mr. Steven  S.  Krebs) and I quote,  " You (Mr. Smith) are in **big**  trouble"

( Mr. Dennis  L.  Smith ) and I quote,  " I am **?**   Who told you that **?** "

( Mr. Steven  S.  Krebs) and I quote,  " **<u>I KNOW</u>,**  TRUST ME they will be **<u>ARRESTING</u>**  you, **Fraudulent**  papers **signed** "

( Mr. Steven  S.  Krebs) and I quote,  " You ( Mr. Smith) are going to **lose all of  the  land**."

( Mr. Dennis  L.  Smith ) and I quote,  " I am going to lose all the land **?** "

( Mr. Steven  S.  Krebs) and I quote,  **" All of it, Trust me, Trust me "**

9

A **audiocassette tape** recording as **evidence** dated **August 15, 2007**, to confirm Mr. Steven S. Krebs' Slanderous – False Outburst. This copy is for the court and Mr. Steven S. Krebs **only** in this case.  Attached as ----------------------- **_Exhibit F_**

Mr. Steven  S. Krebs' **" Slanderous – False Outburst "** as just mentioned above, is foolishness and hatefulness.  Also, again **" Legal Aid " did get involved in this Mess**. Furthermore, Mr. Krebs need not, to forget that he is a convicted Sex Offender in the State of Maryland and who spent time in prison for that crime.  Therefore, Mr. Krebs should not be making " Slanderous Statements about me (Mr. Dennis  L. Smith ).

Mr. Steven  S. Krebs' mother had  me (Mr. Dennis  L. Smtih) falsely arrested by a **Frame – up** fact.  **This false arrest  was Nolle prosequi**.

Mr. Steven  S. Krebs  also, had me (Mr. Dennis  L. Smith) falsely arrested for video taping  him while violating his work release from  the State of  Maryland's  prison. **This false arrest  was also Nolle prosequi**.

The question is, what did Ms. Patricia A. Meyers get and/or was promised to receive, by illegally revoking my (Mr. Dennis L. Smith)  Power of Attorney on her own, which will cover – up and/or help cover- up " CRIMINAL CONSPIRACY " **?**

**{D}.**  In light of multiple - wrongful questionable violation(s), of Title **28 U.S.C.A. §**

**144**. as a Matter of Court - Record. Of the Heretofore Despotic, bench of JJF,.

To, finally at least purport superficially, to finally be fair, to a "African –

American" – Native / litigant, constituent of the 01st state,.

**{E}.**  As, in the very Relevant / pertinent Adverse but truthful fact(s), of unquestioned

{Prohibited - bias}, exact - evidenced, proof(s) as in the July 19, 2007 motion

legally forwarded to this court document on listed as **Exhibits "A", B,  and  D,**

de facto / Honorable Joseph J. Farnan Jr., does not want his person implicated,.

Too late,.

**{F}.**  To show constitutional uniformity in this de facto / notorious federally owned &

10

operated court of law,.

**This "Motion" for "Stay," shall be "Granted," (via) "Sua sponte," at the**

**Honorable  convenience of the Court,. As a Matter of Law.**

Respectfully Submitted,

Mr.  Dennis  L.  Smith Sr.,  " Pro  se "
P. O.  Box  311
Selbyville,  Delaware  19975 – 0311

Date *October 9, 2007*

Cc:  Hon..  U.S Senator, Thomas  R.  Corper

Hon. U.S  Senator, Joesph R. Biden

U.S  Congressman Michael Castle

N.A.A.C.P  Attention;  Mr.  Julian  Bond  of  Atlanta,  GA.,  Division

11

# In The United States District Court
# For The District of Delaware

Mr. Dennis L. Smith Sr.                    :
                                           :
                                           :
        Petitioner,                        :
                                           :
                                           :
                                           :  **Re; Equal - Right(s);**
        vs.                                :  **In ref: Vindication of civil Right(s)**
                                           :  **Here – under; 42 U.S.C.A § 1988.**
                                           :  This is **not a lawsuit**. The sole purose
Ms. Patricia A. Meyers, and her son        :  of this is to simply constitutionally
Mr. Mack L. Davis Jr., and all of her      :  **enforce 42 U.S.C.A. § 1981(b). under**
sibling(s),                                :  **the Law.**
Mr. Steven S. Krebs, and his mother        :
Ms. Barbara Krebs and any other            :
person(s) who Attempt, to "ILLEGALLY       :
- "OBSTRUCT - Power of Attorney            :
Document Book / No. 00776 page;            :
041 Legal Dated 10-27-03 of the            :
Sussex County Delaware Office of the       :
{Incumbent} recorder of Deed(s) }          :
                                           :
        Respondent(s).                     :

## AFFIDAVIT OF DENNIS L. SMITH Sr.,

STATES OF DELAWARE    :

                      : SS.

NEW CASTLE COUNTY    :


The, preceding - indelible truthful – statement(s) in the **" Notice of Motion for Stay"**

are true to the best of my knowledge and belief(s); of; Dennis L. Smith and are in full

vehement compliance / Compliance(s) Here-with / Here – under;

**28 U.S.C.A. § 1746**, and **18 U.S.C.A. § 1621**.

_____          October 9 2007
Dennis L. Smith                    Date

## CERTIFICATE OF SERVICE

I hereby certify that two true copies of the **Notice of Motion to STAY,** have been certified mailed or hand delivered on this _____ $\mathscr{G}$ _____ day of October 2007, to Respondent(s) at the following addresses:

Ms. Patricia A. Meyers, and her Son,
Mr. Mack L. Davis Jr., and
all of her sibling(s)
RR 4 Box 103A
Frankford, Delaware 19945
**Certified Mail No. 7005 3110 0003 8874 4221**

Mr. Steven S. Krebs and
his Mother Ms. Barbara Krebs
P.O. Box 796
Selbyville, Delaware 19975
**Certified Mail No. 7005 3110 0003 8873 7186**


For Verification purpose(s) only;
John Brady
Recorder of Deeds
2   The Circle
P. O. Box 827
Georgetown, Delaware 19947
**Certified Mail No. 7005 0460 0001 5101 7181**


All mentioned above, certified mailed or hand Delivered by Dennis L. Smith.

Dennis L. Smith

Exhibit A

*Exhibit A*

wanted certain property for business purposes and that P. Meyers had agreed to sell him the property.

Plaintiff alleges that his relationship with P. Meyers is as a "close friend of the family." (D.I.2, Statement of Facts #1.) P. Meyers gave Plaintiff her Power Of Attorney on October 27, 2003. (D. I. 2, ex. GG.) Plaintiff and P. Meyers entered into an Agreement on July 12, 2006 regarding the sale of real property, and Plaintiff alleges that P. Meyers chose to breach the "mutual July 12, 2006 recorded agreement" filed in the Sussex County Records of Deeds Book in violation of 42 U.S.C. § 1981(a)(b).[2] (D.I.2, Statement of Facts #1, ex. HH.) Plaintiff alleges that, on August 8, 2007, P. Meyers attempted to revoke

---

[2]Section 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. A claim under § 1981 is restricted by its language to discrimination based on race or color. Springer v. Seaman, 821 F.2d 871 (1st Cir. 1987) The statute defines "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

To state a claim under 42 U.S.C. § 1981, a plaintiff is required to plead facts demonstrating that the plaintiff is member of a racial minority, that there was intent to discriminate on the basis of race by the defendant, and that discrimination concerned one or more of the activities enumerated in the statute. Hood v. New Jersey Dep't of Civil Serv., 680 F.2d 955; 959 (3d Cir. 1982); McDuffy v. Koval, 226 F. Supp. 2d 541, 550 (D. Del. 2002).

Exhibit B

36350

*Exhibit B*

# ᴇ00913 ᴾ046
## Agreement

Tax Map # 5-33 11.00 82.00

Prepared by:    Dennis L. Smith
Return to:       Route 3, Box 96
                  Frankford, DE 19945

TO ALL PERSONS, be it known that *Patricia A. Meyers*, drivers license No. 427897,

of *RT 4 Box 103A Frankford, DE, 19945* located in Sussex County, and

*Dennis L. Smith*, drivers license No. 829030, of

*Route 3, Box 96 Frankford De 19945* located in Sussex County, agreed to the following:

Concerning Tax Map # 5-33 11.00 82.00 Tract 3, Plot book 92, page 126, whether past, present or future, Ms. Patricia A. Meyers agreed to never sue and/or file a lawsuit against Mr. Dennis L. Smith concerning or for any property that she sold to him and/or that she continues to own. Also, Mr. Dennis L. Smith agreed to never sue and/or file a lawsuit against Ms. Patricia A. Meyers involving her 2.5 acres +/- parcel B, which Mr. Dennis L. Smith has the October 27, 2003, power of attorney. This power of attorney was granted by Ms. Patricia A. Meyers, and was recorded in the Recorder of Deeds book No. 00776, page 041.

Mr. Dennis L. Smith and Ms. Patricia A. Meyers agreed that Mr. Dennis L. Smith will continue with civil case 1120-S, and greed, whether past, present or future, that Mr. Dennis L. Smith will not sue and/or file a lawsuit against her, concerning his involvement in civil case No. 069-S, and his involvement in civil case No. 1120-S.

Mr. Dennis L. Smith and Ms. Patricia A. Meyers agreed, whether past, present or future, that Mr. Dennis L. Smith will not sue and/or file a lawsuit against her, for any problems that my come from her letter dated July 8, 2006, certified mail No. 7002 0460 0001 5100 2767, concerning civil case No. 1120-S.

Mr. Dennis L. Smith and Ms. Patricia A. Meyers agreed, whether past, present or future, that Mr. Dennis L. Smith will not sue and/or file a lawsuit against her, concerning two false arrests, which was Nolle Prosequi, involving civil case No. 1120-S.

Mr. Dennis L. Smith, a friend of family, agreed to place a type of house or a type of house trailer on Ms. Patricia A. Meyers' 2.5 acres parcel as mentioned above, some time after this property is completely cleared. Ms. Patricia A. Meyers and Mr. Dennis L. Smith agreed, that this document may be recorded in the Recorder of Deeds.

IN WITNESS WHEREOF, I have hereunto set my Hand and Seal on this 12 day of July, A.D. 2006.

Witnesseth:

_____
Witness

_____
Patricia A. Meyers

_____
Dennis L. Smith

RECORDER OF DEEDS
JOHN F. BRADY
06 JUL 13 PM 2: 15
SUSSEX COUNTY
DOC. SURCHARGE PAID

STATE OF DELAWARE :
                   : ss.
COUNTY OF SUSSEX :

I HEREBY CERTIFY that on this 12 day of July, A. D. 20 06, personally Came before me, a Notary Public for the State and County aforesaid, Patricia A. Meyers and Dennis L. Smith, and acknowledged the foregoing agreement to be their act and deed.

_____
NOTARY PUBLIC
KAREN M. SAMSEL
Notary Public - State of Delaware
My Comm. Expires Mar. 10, 2007

Exhibit C

000039277
BK00964    PG00140

*Exhibit*
*C*

Prepared by/Return To:
Law Offices of John E. Tarburton, P.A.
420 Pennsylvania Avenue, Suite 2
Seaford, DE 19973
Tax Map and Parcel No. 5-33-11.00-82.03

## SETTLEMENT AGREEMENT
## AND
## GENERAL RELEASE OF CLAIMS

### PARTIES

This Settlement Agreement and General Release of Claims (the "Agreement") is made and entered into on the last day set forth on the signature page hereto by STEVEN KREBS d/b/a KREATIVE GARDEN CENTER (hereinafter "Plaintiff") by and through his counsel, John E. Tarburton, Esquire and PATRICIA A. MEYERS, Pro Se (hereinafter "Defendant"), for the purpose of resolving by compromise settlement, all claims, liabilities, and disputes arising out of a dispute between the Parties. In the remainder of this Agreement, Plaintiff and Defendant shall be referred to collectively as the "Parties."

### RECITALS

This Agreement is entered into with reference to the following facts:

A.      A dispute exists among the Parties concerning the lease dated January 31, 2002 to lease 2.50 acres +/- (hereinafter the "Dispute"), a copy of which is attached hereto as Exhibit "A".

1

SSR  P. A. M

000039277
BK00964    PG00141

B.      Plaintiff filed a Complaint in the Court of Chancery of the State of Delaware, in and for Sussex County (C.A. 1120-S) (hereinafter the "Litigation"). The action alleges the following: Count I Declaratory Judgment and Specific Performance, Count II Injunctive Relief and Count III Damages for Breach of Lease.

C.      The Parties, without in any way conceding the validity or sufficiency of any claim or contention of any or all of the Parties, now desire to fully compromise, finally settle, and fully release all claims, disputes and differences related to the Dispute and Litigation.

D.      Defendant agrees to indemnify, defend and hold harmless, Plaintiff, (hereinafter "Indemnified Party"), from and against any and all mortgages, judgments, demands, claims, actions or causes of actions, assessments, losses, damages, liabilities, costs and expenses, including but not limited to interest, penalties and reasonable attorneys' fees and expenses (collectively "Damages"), resulting to, imposed upon or incurred by the Indemnified Party, by reason of or resulting from any and all claims, liabilities or obligations, whether absolute, accrued or contingent, except those expressly assumed under this Agreement by Plaintiff, arising out of any acts, omissions to act or occurrences, which take place on or prior to the recording of the Deed and this Agreement pertaining in any way to Defendant's interest in 2.50 +/- acres (Tax Map and Parcel No. 5-33-11.00-82.03). Notwithstanding the above, Defendant agrees to hold Plaintiff harmless from any and all claims, debts, defenses, liabilities, costs, attorney's fees, actions, suits at law or equity, agreements, contracts, expenses, damages, whether general, specific performance, punitive, exemplary, contractual or contra contractual and causes of action of any kind or nature, which Plaintiff may now have or claims to have against Defendant, including without limitation all claims or causes of action which in any way, directly or

2

SSL   P.A.M.

000039277
BK00964    PG00142

indirectly, or in any other way arises from or are connected in any way arises from language set forth in the final paragraph of an Agreement, a copy of which is attached as Exhibit "B," executed by Patricia A. Meyers and Dennis L. Smith on or about July 12, 2006, recorded at the Office of the Recorder of Deeds, in and for Sussex County at Georgetown, Delaware at Deed Book 913, Page 046, wherein Patricia A Meyers agreed to allow Dennis Smith to place a "type of house or a type of trailer on Ms. Patricia A. Meyers' 2.5 acres ... some time after this property is completely cleared." Defendant agrees to indemnify and hold Plaintiff harmless in the event that any litigation arises out of said language.

## AGREEMENTS AND CONSIDERATION

**THEREFORE,** in consideration of the facts and mutual general releases and promises contained herein, and for other good and valuable consideration, the receipt of which is acknowledged by each party hereto, the Parties promise and agree as follows:

1.      Except as set forth herein, this Agreement terminates all claims, causes of action, disputes, controversies and/or disagreements between the Plaintiff and Defendant as of the date of this Agreement, all as is more fully set forth herein.

2.      Defendant agrees to transfer all of her rights, title and interest in property located north side of Zion Church Road (State Route 20) known as Tax Map and Parcel No. 5-33-11.00-82.03 as more fully described as Parcel B containing 2.50 acres more or less as surveyed and shown on a plot prepared by Land Tech, LLC, Professional Land Surveyors, dated February 8, 2005 and recorded on the 1st day of April, 2005, in Plot Book 92, Page 126 in the Office of the

3

See P. # #1.

000039277
BK00964     PG00143

Recorder of Deeds, in and for Sussex County at Georgetown, Delaware, which is the subject of the above-captioned action;

      3.    Defendant agrees to forward the deposit of $10,000.00 plus interest for a total of $10,053.22 of July 31, 2007 in funds, which consists of the monthly rental payment paid by Plaintiff and is being held at Citizens Bank (Account No. 8200916039) by the Court of Chancery pursuant to Order of the Court to the escrow account of John E. Tarburton Esquire, PA., for the Plaintiff's attorney to distribute to cover the costs to cover the 2.5 acre parcel of land which is the subject of this dispute and to pay Mr. Krebs attorney fees, recording costs and county taxes.

      4.    Plaintiff shall take all actions necessary have the Litigation dismissed with prejudice within two (2) weeks after receiving the Deed and monies currently held by the Court of Chancery by filing a fully executed Stipulation of Dismissal of the action filed in the Court of Chancery and known as Steven Krebs d/b/a Kreative Gardens Center vs. Patricia A. Meyers, a copy of which is attached as Exhibit "B".

## GENERAL PROVISIONS AND RELEASES

      1.    Plaintiff and Defendant further agree to release and forever discharge the other from any and all state or federal claims, demands or causes of action asserted, existing or claimed to exist against either or both of them by reason of, arising from or related to the Dispute and Litigation.

      2.    Plaintiff does further release and forever discharge the Defendant and each of her successors, representatives, insurers, assignees, agents, employees, executors, administrators,

4

SL  P.A.M.

000039277
BK00964    PG00144

heirs, and all persons acting by, through, or in any way on behalf of the Defendant, of and from
any and all claims, debts, defenses, liabilities, costs, attorneys' fees, actions, suits at law or
equity, demands, contracts, expenses, damages, whether general, specific, punitive, exemplary,
contractual or extra-contractual, and causes of action of any kind or nature which Plaintiff may
now have or claim to have against the Defendant, including without limitation all claims or
causes of action which in any way, directly or indirectly, or in any other way arises from or are
connected with or which could have been asserted in connection with the Dispute and Litigation,
and any claim, cause of action, damages, promises or demands which could have been asserted
in the Dispute and Litigation; and the Parties further covenant and agree that this Agreement may
be pleaded or asserted by or on behalf of the Defendant as a defense and complete bar to any
action or claim that may be brought against or involving the Defendant by anyone acting or
purporting to act on behalf of Plaintiff with respect to any of the matters within the scope of this
Agreement excepting only the obligations of the Parties under this Agreement. This full and final
release shall cover and shall include and does cover and does include any and all known or future
damages not now known to any of the parties hereto, but which may later develop or be
discovered, including the effects and consequences thereof, and including all causes of action
therefore which arise out of the same facts as were alleged or could have been alleged in the
Dispute and Litigation.

Notwithstanding the general release set forth in this Paragraph 2, the following
matter is excepted and excluded therefrom: any and all claims, debts, defenses, liabilities, costs,
attorney's fees, actions, suits at law or equity, agreements, contracts, expenses, damages,
whether general, specific performance, punitive, exemplary, contractual or contra contractual and

5

*SOL    P.A.M.*

000039277
BK00964    PG00145

causes of action of any kind or nature, which Plaintiff may now have or claims to have against Defendant, including without limitation all claims or causes of action which in any way, directly or indirectly, or in any other way arises from or are connected in any way arises from language set forth in the final paragraph of an Agreement, a copy of which is attached as Exhibit "B," executed by Patricia A. Meyers and Dennis L. Smith on or about July 12, 2006, recorded at the Office of the Recorder of Deeds, in and for Sussex County at Georgetown, Delaware at Deed Book 913, Page 046, wherein Patricia A Meyers agreed to allow Dennis Smith to place a "type of house or a type of trailer on Ms. Patricia A. Meyers' 2.5 acres ... some time after this property is completely cleared." Defendant agrees to indemnify and hold Plaintiff harmless in the event that any litigation arises out of said language.

3.    If Defendant should file any type of action any in any Court within the State of Delaware against Dennis L. Smith a/k/a Dennis Smith (hereinafter "Smith") relating to any injury resulting from any damages incurred by Defendant as a result of any documentation filed by Smith on behalf of Defendant through any type of Power of Attorney, Plaintiff agrees to be called as a witness on behalf of Defendant in any such action.

4.    This Agreement is entered into by the Parties for the purpose of compromising and settling the matters in the Dispute and Litigation between and among them. This Agreement does not constitute, and shall not be construed as, an admission by any Party of the truth or validity of any claims asserted or contentions advanced by any other Party.

5.    It is expressly understood by the Parties that each Party shall bear its own costs in connection with the Dispute and Litigation and this Agreement and the Parties waive and release any claims they otherwise have or may have had to such costs and attorneys' fees.

6

Se    P.A.m.

000039277
BK00964    PG00146

6.     This Agreement is entered into in the State of Delaware and the Agreement, and any rights, remedies, or obligations provided for in this Agreement, shall be construed and enforced in accordance with the laws of Delaware.

7.     This Agreement shall be construed as if all Parties jointly prepared it, and any uncertainty or ambiguity in the Agreement shall not be interpreted against any one Party.

8.     If any action is brought to enforce this Agreement, or is brought in connection with any dispute arising out of this Agreement or the claims which are the subject of this Agreement, the prevailing Party or Parties shall be entitled to recover damages, fees and other costs incurred in such litigation which they may prove are the direct and proximate result of any breach hereof in addition to any other relief which that Party or Parties may be entitled to by law.

9.     The provisions of this Agreement are severable. If any portion, provision, or part of this Agreement is held, determined, or adjudicated to be invalid, unenforeeable or void for any reason whatsoever, each sueh portion, provision or part shall be severed from the remaining portions, provisions or parts of this Agreement and shall not affect the validity or enforceability of any remaining portions, provisions or parts.

10.     The specific terms of this Agreement will be kept confidential and the Parties and their counsel agree not to disclose or publish the terms, conditions or covenants referred to in this Agreement, except as follows:

  A.     As is required to comply with any applicable rules, statutes or regulations of any governmental agency; or

  B.     As may be reasonably necessary to conduct any litigation arising out of or concerning this Agreement.

7

See  P.A.m

000039277
BK00964   PG00147

11.     This Agreement shall not be altered, amended, or modified by oral representation made before or after the execution of this Agreement. All modifications must be in writing and duly executed by all Parties.

12.     The Parties represent and warrant to each other that each is the sole and lawful owner of all right, title and interest in and to every claim and other matter which each releases in this Agreement and that they have not previously assigned or transferred, or purported to do so, to any person or other entity any right, title or interest in any such claim or other matter.  In the event that such representation is false, and any such claim or matter is asserted against either Party by anyone who is the assignee or transferee of such a claim or matter, then the Party who assigned or transferred such claim or matter shall fully indemnify, defend and hold harmless the Party against whom such claim or matter is asserted and its successors from and against such claim or matter.

13.     The Parties acknowledge that this Agreement is executed voluntarily by each of them, without any duress or undue influence on the part of, or on behalf of any of them. The Parties further acknowledge that they have or had the opportunity for representation in the negotiations for, and in the performance of, this Agreement by counsel of their choice and that they have read this Agreement, and have had it fully explained to them by their counsel and that they are fully aware of the contents of this Agreement and its legal affect.

14.     This Agreement shall be effective as a full and final accord and satisfaction and release of each matter in connection with those matters set forth herein above.

8

See p.a.m

000039277
BK00964  PG00148

15.    This Agreement shall be binding on and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, agents, representatives, successors, and assignees.

16.    This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties, and the terms of the Agreement are contractual and not merely recitals.

17.    This Agreement constitutes the entire agreement between the parties.  The parties acknowledge that there is no other agreement, written or oral, expressed or implied between the parties with respect to the subject matter of this Agreement and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them.

18.    The individuals whose signatures are affixed to this Agreement in a representative capacity represent and warrant that they are authorized to execute the Agreement on behalf of and to bind the entity on whose behalf the signature is affixed.

19.    Each of the parties acknowledges that he or she has been independently advised of his or her legal rights, duties and obligations, and of the legal and practical effects of this

20.    Agreement, by counsel of his or her own selection, or has had the opportunity to obtain such advice but declined to seek such counsel.

21.    Each of the parties has read and fully understands the terms, conditions and provisions of this Agreement and believes it to be fair, just, adequate and reasonable as to each of them and each does freely and voluntarily accept such terms, conditions and provisions.

9

P.A.m.

000039277
BK00964   PG00149

22.    This Agreement may be executed in counterpart facsimile signatures and all such counterparts shall constitute a single form of this Agreement.

**IN WITNESS WHEREOF,** the Parties hereto have caused this document to be executed as of the last day set forth below.

Dated: _8-18-07_

PLAINTIFF, STEVEN KREBS
d/b/a KREATIVE GARDEN CENTER

By: _____
Steven Krebs

LAW OFFICES OF JOHN E. TARBURTON, ESQ. PA

Dated: _8/16/07_

_____
John E. Tarburton, Esquire
Attorney for Plaintiff

DEFENDANT, PATRICIA A. MEYERS

Dated: _8/16/2007_

By: _____
Patricia A. Meyers, Pro Se

10

000039277
BK00964   PG00150

STATE OF DELAWARE    :
                     : SS.
COUNTY OF SUSSEX     :

    **BE IT REMEMBERED**, that on this _16_ day of August, A.D. 2007, personally came before me, the Subscriber, a Notary Public for the State and County aforesaid, Steven Krebs d/b/a Kreative Garden Center and Patricia A. Meyers, parties to this Indenture, known to me personally to be such, and acknowledged this Indenture to be their deed.

    **GIVEN** under my Hand and Seal of Office, the day and year aforesaid.

**NOTARY PUBLIC**

John E. Tarburton
Attorney
29 Del. C. §4323

11

000039277
BK00964  PG00151

# Commercial Lease Agreement

Commercial lease agreement, made and entered into on the 31 day of January, 2002, between Patricia A. Meyers of Rt. 2, Box 103A, Frankford, Delaware 19945, referred to herein as "lessor" and Steven Krebs, D/B/A Kreative Gardens, of 91 Seagull Road, Selbyville, Delaware 19975, referred to as "lessee."

In consideration of the premises and performance of the provisions of this lease agreement, the parties agree and covenant as follows:

## SECTION 1 – LEASED PREMISES

Lessor leases to lessee and lessee leases from lessor, for use in a commercial plant nursery, retail sales outlet, and associated landscaping storage, sales, service, and operations, a 2.5 acre +/- portion of lessor's six acre parcel known as Tax Parcel Number 5-33-11-82 and located northeast of Road 382 and approximately 1100 feet northwest of Road 384, referred to herein as "premises." Lessor and lessee shall, upon execution of this agreement delineate the boundaries of said portion of the larger parcel by mutual agreement on-site.

## SECTION 2 - TERM

The term of this lease shall be for a period of three years commencing on March 1, 2002 and continuing in force until midnight February 28, 2005, unless terminated earlier as provided for in this lease or by operation of law.

## SECTION 3 – RENT

Lessee, in consideration of the leasing of the premises, agrees to pay rent in the sum of $4000.00 per year, payable in two installments of $2000.00. Rent installments shall be due on March 10 and October 10 at the lessor's address above or at other locations as lessor, from time to time, may direct lessee. Lessor agrees to accept rental payments from lessee or his agent up to and including five days after the due date, without penalty to lessee. Lessor may require payment of a late fee of 2% of the amount due fro each month the amount remains due.

## SECTION 4 – SIGNING BONUS

Lessee shall pay to lessor, at the time of the first installment payment under this lease agreement, a one-time bonus of $1000.00. Such amount is in excess of the established rent installment, and is paid in consideration of lessor's agreement to enter into this lease, as well as items noted herein.

Exhibit "A"

## SECTION 5 – LANDSCAPING OF ADJOINING RESIDENCE

Lessee, in consideration of the leasing of the premises, shall, within six months of the commencement of the lease term, undertake the clean-up and basic landscaping of lessor's residence, which adjoins the leased premises. Such clean-up shall be a "one-time-only" event for no charge and shall not otherwise be considered an ongoing obligation of the lessee. Such service shall be to place the property in a condition presentable for customers of lessee and shall be considered a benefit for both parties.

## SECTION 6 – USE OF PREMISES

A. The premises shall be used and occupied by lessee for use in commercial enterprises related to the maintenance, storage, and sale of plants, landscaping supplies and other lawn, garden, or household materials. Lessor hereby acknowledges that lessee shall conduct retail and wholesale sales, operate landscaping services, and use the property for related enterprises; lessor explicitly consents to such use.

B. Lessee shall comply with the sanitary laws, ordinances, rules, and orders of appropriate governmental authorities affecting the cleanliness, occupancy, and preservation of the premises during the term of the lease.

C. Lessee shall not use the premises for any illegal purpose.

## SECTION 7 – IMPROVEMENTS, MODIFICATIONS, ALTERATIONS

Lessor gives lessee authority to make such improvements, alterations or additions to the premises as necessary for the establishment, maintenance and operation of the commercial enterprises of lessee. Such alterations or improvements include, but are not limited to, clearing the leased property, erection of storage buildings, greenhouses and a sales facility, placement of signage, and building and maintenance of a fence. Consent of the lessor is not necessary for lessee to make any future improvements, so long as the general use of the improvement is within the overall scope of the aforementioned uses of the property by lessee or any reasonable extension of those purposes.

Lessee shall, within six months of the commencement of the lease term, erect a fence around the leased premises in a location mutually agreeable to the parties.

Any improvements, alterations or additions made by lessee during the course of the lease remain the property of the lessee and shall be removed by lessee, at his expense, prior to the natural termination of the lease term. Lessor retains the right to purchase any improvements to the property, and shall give lessee 90 days notice in advance of the termination of the lease term of the desire to make such a purchase. Lessee is not entitled to any payment for the initial clearing of the property. If the parties are unable to reach agreement upon a purchase price with in 30 days, lessee may begin the removal process. Upon natural termination of the lease term,

000039277
BK00964   PG00153

lessee shall leave the premises clear of debris and excess material, with all holes or other evidence of removal of improvements filled or repaired.

Should this lease be cancelled, revoked or otherwise terminated by agreement or operation of law prior to the natural expiration of the lease term, lessee shall have 90 days to remove any and all improvements and return the property to the above-mentioned condition.

## SECTION 8 – EXTENSION OF LEASE TERM

In consideration of rent and the additional signing bonus mentioned above, lessor hereby waives any right to terminate the lease at the end of the original three-year lease term and grants to lessee the right to request an extension of the lease term for three years or five years, at his option. Such extension shall continue under the terms and conditions of this lease agreement, unless the parties otherwise agree in writing at the time of the extension. Lessee shall give lessor, within 60 days of the natural expiration of the lease term, notice of his intention to either terminate the lease or extend the lease for an additional three years or an additional five years.

## SECTION 9 – RIGHT OF FIRST REFUSAL / OFFER OF SALE AT LEASE END

In consideration of rent and the additional signing bonus mentioned above, lessor hereby gives lessee the right of first refusal for the sale of the leased premises and/or the entire 6-acre parcel. Should lessor receive a firm offer of sale for the parcel or any portion thereof, she shall offer that property for sale to the lessee upon the same terms and conditions as would be a part of the sale to the third party. Lessee shall have fifteen days from the date he is provided with written notice of the offer to accept or reject the offer.

Sixty days prior to the expiration of the lease term and any extension thereof, lessor shall provide lessee with an asking price for the purchase of the leased premises and/or the entire 6-acre parcel.

## SECTION 10 – REGULATORY APPROVAL / EFFECT OF DENIALS

Upon execution of this lease, lessee shall take immediate and appropriate steps to secure regulatory approval of his proposed use of the property. Payment of the first rent installment and signing bonus shall not be due until final approval of Sussex County Planning and Zoning and/or Sussex County Council is given for a conditional or special use sufficient for lessee to operate the proposed business. Payment of the first rental installment and signing bonus shall also be stayed until DelDOT provides a final entrance approval for the business. If such approvals are not forthcoming within two months from the signing of this lease, or if lessee is denied approval, lessee shall have, at his discretion, the option to void the lease.

If any other regulatory agency, entity, or political sub-division imposes a requirement for approval which makes the proposed business economically, physically, or otherwise unfeasible, lessee shall have, at his discretion, the option to void the lease. Upon such election by the lessee, lessor shall be entitled to retain the signing bonus and a share of any rent paid, prorated by the number of days lessee held possession of the leased premises.

000039277
BK00964   PG00154

## SECTION 11 – ASSIGNMENT, SUBLEASE, TRANSFER

This rights and obligations under this agreement may not be assigned or otherwise transferred by either party without the signed, written consent of the other party. Lessee may not sublease the parcel or any portion thereof without the signed, written consent of lessor.

Lessor hereby consents to the assignment of this lease to any business entity created by lessee to conduct the business operating on or from the property. Such an entity may be a corporation, L.L. P., or any other independently operating business form recognized by Delaware law. Upon such assignment, all rights and obligations shall accrue tot eh business entity and lessee shall have no further liability under this lease agreement. Lessee shall give lessor notice of the assignment in a timely manner.

## SECTION 12 – GOVERNING LAW

This agreement is made under, and controlled by, the laws of the Sate of Delaware.

## SECTION 13 – ENTIRE AGREEMENT

The terms and conditions herein constitute the entire agreement of the parties. No additions, modifications, or alterations to the agreement shall be valid or enforceable unless in writing and signed by the parties.

## SECTION 14 – WAIVER

Any waiver, exception, or other excuse of any provision or violation of any provision of this agreement shall not constitute a general waiver of the agreement and, further, shall not constitute a waiver of any future breach.

IN WITNESS WHEREOF, the parties have set their hands and seals:


_____ (seal)          Date: 1/31/2002
Patricia A. Meyers, lessor


_____ (seal)          Date: 1/31/02
Steven S. Krebs, lessee

~~36350~~

BK00904

000039277
BK00964 PG00155

#00913 P046

## Agreement

Tax Map # 5-33 11.00 82.00

Prepared by:    Dennis L. Smith
Return to:       Route 3, Box 96
                     Frankford, DE 19945

TO ALL PERSONS, be it known that _Patricia A. Meyers_, drivers license No. 427897,

of _RT 4 Box 103A Frankford, DE. 19945_ located in Sussex County, and

_Dennis L. Smith_, drivers license No. 829030, of

_Route 3, Box 96 Frankford De 19945_ located in Sussex County, agreed to the following:

Concerning Tax Map # 5-33 11.00 82.00 Tract 3, Plot book 92, page 126, whether past, present or future, Ms. Patricia A. Meyers agreed to never sue and/or file a lawsuit against Mr. Dennis L. Smith concerning or for any property that she sold to him and/or that she continues to own. Also, Mr. Dennis L. Smith agreed, to never sue and/or file a lawsuit against Ms. Patricia A. Meyers involving her 2.5 acres +/- parcel B, which Mr. Dennis L. Smith has the October 27, 2003, power of attorney. This power of attorney was granted by Ms. Patricia A. Meyers, and was recorded in the Recorder of Deeds book No. 00776, page 041.

Mr. Dennis L. Smith and Ms. Patricia A. Meyers agreed that Mr. Dennis L. Smith will continue with civil case 1120-S, and greed, whether past, present or future, that Mr. Dennis L. Smith will not sue and/or file a lawsuit against her, concerning his involvement in civil case No. 069-S, and his involvement in civil case No. 1120-S.

Mr. Dennis L. Smith and Ms. Patricia A. Meyers agreed, whether past, present or future, that Mr. Dennis L. Smith will not sue and/or file a lawsuit against her, for any problems that my come from her letter dated July 8, 2006, certified mail No. 7002 0460 0001 5100 2767, concerning civil case No. 1120-S.

Mr. Dennis L. Smith and Ms. Patricia A. Meyers agreed, whether past, present or future, that Mr. Dennis L. Smith will not sue and/or file a lawsuit against her, concerning two false arrests, which was Nolle Prosequi, involving civil case No. 1120-S.

Mr. Dennis L. Smith, a friend of family, agreed to place a type of house or a type of house trailer on Ms. Patricia A. Meyers' 2.5 acres parcel as mentioned above, some time after this property is completely cleared. Ms. Patricia A. Meyers and Mr. Dennis L. Smith agreed, that this document may be recorded in the Recorder of Deeds.

IN WITNESS WHEREOF, I have hereunto set my Hand and Seal on this 12 day of July, A.D. 20 06.

Witnesseth:

RECORDER OF DEEDS
JOHN F. BRADY

Witness

06 JUL 13 PM 2: 15    Patricia A. Meyers

SUSSEX COUNTY
DOC. SURCHARGE PAID    Dennis L. Smith

STATE OF DELAWARE :
                                 : ss.
COUNTY OF SUSSEX  :

I HEREBY CERTIFY that on this 12 day of July, A.D. 20 06, personally Came before me, a Notary Public for the State and County aforesaid, Patricia A. Meyers and Dennis L. Smith, and acknowledged the foregoing agreement to be their act and deed.

Exhibit "B"  NOTARY PUBLIC
                   KAREN M. SAMSEL
            Notary Public - State of Delaware
            My Comm. Expires Mar. 10, 2007

65684

0000392277500776 2041
General Power of Attorney 0156
964

**TO ALL PERSONS**, be it known that I, *Patricia A. Meyers*, Drivers License No. 427897, of *RT #4 Box 103A Frankford, DE. 19945*, located in Sussex County, the undersigned Grantor, do hereby make and grant a general power of attorney to my close friend of the family, *Dennis L. Smith, Sr.* of *RT 3 Box 96 Frankford, DE. 19945*, and do thereupon constitute and appoint said individual as my attorney-in-fact/agent.

My attorney-in-fact/agent shall act in my name, place and stead in any way which I myself could do, if I were personally present, with respect to the following matters, to the extent that I am permitted by law to act through an agent. Grantor gives agent complete authority, to any and all real estate properties, leased properties, including any and all properties sold to, will to and/or owned by Grantor, to act and/or handle as agent choose in any matter. See most details below of real estate powers.

Real Estate Powers

**DEAL WITH PROPERY.** To retain, invest in, sell, mortgage, lease, exchange, manage, subdivide, develop, build, alter, repair, improve, raze, abandon, or otherwise deal with or dispose of any property and to execute, acknowledge and deliver any and all contracts, deeds, leases, assignments, assignments of, extensions of, satisfactions of, and releases of mortgage, subordination agreements, and any other instrument or agreement of any kind in connection therewith and affecting real and personal property located at County Road 382, near Johnson's Corner, Baltimore Hundred, Sussex County, Delaware consisting of 39.02 acres with improvements and any property hereafter owned by Grantor located anywhere, which my attorney-in-fact/agent may deem to be necessary.

My attorney-in-fact/agent has complete authority to appoint another agent and/or agents other than himself to have the same complete authority or limited authority, through a written agreement. In my will, to my son ( Mack L. Davis Jr. ) and agent, also will allow my agent to continue with complete authority as mentioned in this document.

**Notice:** Any copy of this document, received by anyone, is to prove the authority that the agent has now and had verbally before. This idea of giving complete authority to my agent, was initiated by me, ( Grantor ). There are four (4) of these same exact Power of Attorney documents signed, witnessed to, and notarized, which are superior over any other power of attorney that I had granted to my attorney-in-fact/agent, but, one (1) of these four (4) must be recorded in the Recorder Of Deeds.

My attorney-in-fact/agent hereby accepts this agreement, and I affirm and ratify all acts so undertaken.

IN WITNESS WHEREOF, I have hereunto set my Hand and Seal on this 27th day of October , A.D. 2003 .

Witnesseth:

_____
Witness

_____
Witness

Granter

_____
Attorney-in-Fact/Agent

STATE OF DELAWARE :
: ss.
COUNTY OF SUSSEX :

RECORDER OF DEEDS
JOHN F. BRADY
03 OCT 27 AM 11: 51
SUSSEX COUNTY
SURCHARGE PAID

I HEREBY CERTIFY that on this 27th day of October , A.D. 20 03, personally came before me, a Notary Public for the State and County aforesaid, Patricia A. Meyers, and acknowledged the foregoing Power of Attorney to be her act and deed.

KAREN M. SAMSEL
NOTARY PUBLIC - DELAWARE
My Commission Expires March 10, 2005

_____
NOTARY PUBLIC

BK 964 Pg 156

000039277
BK00964    PG00157

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

### IN AND FOR SUSSEX COUNTY

| | |
|---|---|
| STEVEN KREBS d/b/a | : C.A. No. 1120-S |
| KREATIVE GARDEN CENTER, | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : |
| | : |
| PATRICIA A. MYERS, | : |
| | : |
| **Defendant.** | : |

### STIPULATION AND ORDER OF DISMISSAL
### AND DISTRIBUTION OF MONIES

NOW COME the parties by and through the parties and their counsel, who stipulate the following:

1.    The Clerk is directed to remove the monies currently held at Citizens Bank (Account No. 8200916039) by the Court of Chancery pursuant to Order of the Court in the above-captioned action and transfer the $10,053.22, which includes the $10,000.00 deposit plus interest, to the escrow account of John E. Tarburton, P.A., for the Plaintiff's attorney to distribute to cover the costs to cover the 2.5 acre parcel of land which is the subject of this dispute and to pay Mr. Krebs attorney fees, recording costs and county taxes; and

Exhibit "B"

000039277
BK00964　PG00158

2.　Upon the transfer of the monies currently held by the Court of Chancery the above-captioned case shall be **DISMISSED with prejudice.**

LAW OFFICES OF
JOHN E. TARBURTON, PA

By:　_____
John E. Tarburton, Esquire (I.D. No. 3918)
420 Pennsylvania Avenue
Suite 2
Seaford, Delaware 19973
(302) 628-5499
Attorney for Plaintiff

Dated: 8/16/07

PATRICIA A. MEYERS, *PRO SE*

By:　_____
Patricia A. Meyers, *Pro Se*
36161 Zion Church Road
Frankford, DE 19945
*Pro Se* Defendant

Dated: 8/16/2007

STEVEN KREBS d/b/a
KREATIVE GARDEN CENTER

By:　_____
Steven Krebs, Plaintiff

Dated:　8-16-07

IT IS SO ORDERED THIS ___ DAY
OF _____, A.D. 2007,

_____
Judge

RECORDER OF DEEDS
JOHN F. BRADY
08/17/2007　09:48A
SUSSEX COUNTY
DOC. SURCHARGE PAID

Exhibit D

BK03487  000039278
         PG00025

Prepared by/Return To:
Law Offices of John E. Tarburton, P.A.
420 Pennsylvania Avenue, Suite 2
Seaford, DE 19973
Tax Map and Parcel No. 5-33-11.00-82.03

*Exhibit*
*D*

## THIS DEED PREPARED WITHOUT
## BENEFIT OF A TITLE EXAMINATION

THIS DEED, Made this 16th day of August, in the year of our Lord two thousand seven,

BETWEEN, Patricia A. Meyers having a mailing address of 36161 Zion Church Road, Frankford, Delaware 19945, party of the first part,

### - A N D -

Steven Krebs having a mailing address of P.O. Box 796, Selbyville, Delaware 19975, party of the second part.

WITNESSETH, That the said party of the first part, for and in consideration of the sum of ONE AND 00/100 DOLLARS ($1.00), lawful money of the United States of America, the receipt whereof is hereby acknowledged, and in consideration for the settlement and dismissal of Steven Krebs d/b/a Kreative Garden Center, C.A. No. : 1120-S, a Civil Action currently filed in the Court of Chancery of the State of Delaware, hereby grants and conveys unto the said party of the second part, his heirs and assigns:

ALL that certain lot, piece or parcel of land, lying and being situate in Baltimore Hundred, Sussex County, State of Delaware, being more fully described as "Parcel B" containing 2.50 acres, more or less, as surveyed and shown on a plot prepared by Land Tech, LLC, Professional Land Surveyors, dated February 8, 2005 and recorded on the 1st day of April, 2005, in Plot Book 92, Page 126 in the Office of the Recorder of Deeds, in and for Sussex County at Georgetown, Delaware, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

BEING a part of the same lands conveyed unto Patricia A. Meyers, by deed of Carol Evans and Keith Evans, dated June 30, 2003 and filed for recorded in the Office of the Recorder of Deeds, in and for Sussex County at Georgetown, Delaware, in Deed Book 2867, Page 123.

-1-

000039278
BK03487  PG00026

       **PURSUANT TO THE TERMS** of a Settlement Agreement and General Release of Claims executed by the parties hereto, on even date herewith, said instrument being incorporated herein by reference as though set for in full herein, reorded in the Office of the Recorder of Deeds, in and for Sussex County, Georgetown, Delaware in ~~Deed~~ Book _____, page _____.    *Misc*

       **IN WITNESS WHEREOF,** the party of the first part has hereunto set her Hand and Seal the day and year aforesaid.

_____
Witness

_____(SEAL)
Patricia A. Meyers

| Consideration: | $0.00 | Exempt Code: A |
|---|---|---|
| County 172.50 counter | State 172.50 Date: 08/17/2007 | Total 345.00 |

**STATE OF DELAWARE  :**
                : ss.
**COUNTY OF SUSSEX  :**

       **BE IT REMEMBERED,** That on this 16th day of August, A.D. 2007, personally came before me, The Subscriber, a Notary Public for the State and County aforesaid, **Patricia A. Meyers,** party to this Indenture, known to me personally to be such, and she acknowledged this Indenture to be her act and deed.

       **GIVEN** under my Hand and Seal of Office, the day and year aforesaid.

**John E. Tarburton**
**Attorney**
**29 Del. C. §4323**

_____
Notary Public

-2-

000039278
BK03487   PG00027

**AND WHEREAS,** the said Steven Krebs, party of the second part, joins in the execution of this Deed hereby confirming acceptance of this Deed in lieu of any further legal action regarding this property.

**IN WITNESS WHEREOF,** the party of the second part has hereunto set his Hand and Seal the day and year aforesaid.

Witness

_____ (SEAL)
Steven Krebs


**STATE OF DELAWARE :**
**                      : ss.**
**COUNTY OF SUSSEX   :**

**BE IT REMEMBERED,** That on this 16th day of August, A.D. 2007, personally

came before me, The Subscriber, a Notary Public for the State and County aforesaid,

**STEVEN KREBS,** party to this Indenture, known to me personally to be such, and he

acknowledged this Indenture to be his act and deed.

**GIVEN** under my Hand and Seal of Office, the day and year aforesaid.

John E. Tarburton
Attorney
29 Del. C. §4323

Notary Public

-3-



EXHIBIT "A"

**RECEIVED**

AUG 20 2007

**ASSESSMENT DIVISION OF SUSSEX COUNTY**

000039278
BK03487    PG00028

RECORDER OF DEEDS
JOHN F. BRADY
08/17/2007  09:51A
SUSSEX COUNTY
DOC. SURCHARGE PAID

Exhibit E

CLOSED, PaperDocuments

## U.S. District Court
### District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:06-cv-00455-KAJ
### Internal Use Only

*Exhibit*
*E*

Krebs v. Meyers et al
Assigned to: Honorable Kent A. Jordan
Case in other court: USCA, 06-04873
          Court of Chancery of the State of
          Delaware, 1120-S
Cause: 28:1441 Petition for Removal- Civil Rights Act

Date Filed: 07/27/2006
Date Terminated: 10/31/2006
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

### Plaintiff

**Steven Krebs**
*doing business as*
**Kreative Gardens Center**

represented by **H. Clay Davis, III**
Henry Clay Davis III, P.A.
303 North Bedford Street
P.O. Box 744
Georgetown, DE 19947
(302) 856-9021
Email: claydavis@davislawoff.com
*TERMINATED: 07/27/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John E. Tarburton**
Procino & Tarburton, LLP
123 Pennsylvania Avenue
Seaford, DE 19973
(302) 628-4140
Fax: (302) 628-4150
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Patricia A. Meyers**

represented by **Patricia A. Meyers**
Route 4 Box 103A
Frankford, DE 19945
PRO SE

### Defendant

**Dennis Lee Smith**
*Power of Attorney/agent/emissary/ and*
*witness for Patricia A. Meyers*

represented by **Dennis Lee Smith**
P.O. Box 311
Selbyville, DE 19975
(302) 732-3011

FAX 302 573 6451    CLERK US DIST COURT

☑ 002

PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 07/27/2006 | ⦿1 | NOTICE OF REMOVAL and copies of documents from Chancery Court of the State of Delaware Sussex County, Case Number 1120-S (Filing fee $350, receipt number 144172)- filed by Patricia A. Meyers, Dennis Lee Smith. (Attachments: # 1 Civil Cover Sheet # 2 Acknowledgement of Rule 4 # 3 Acknowledgement of Consent Form)(mwm, ) (Entered: 07/28/2006) |
| 07/27/2006 | ⦿ | No Summons Issued (mwm, ) (Entered: 07/28/2006) |
| 07/27/2006 | ⦿2 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (mwm, ) (Entered: 07/28/2006) |
| 07/27/2006 | | (Court only) ***Set Paper Documents Flag (mwm, ) (Entered: 07/31/2006) |
| 08/02/2006 | ⦿ | Case assigned to Judge Kent A. Jordan. Please include the initials of the Judge (KAJ) after the case number on all documents filed. (rjb, ) (Entered: 08/02/2006) |
| 08/10/2006 | ⦿3 | Letter dated 8/10/06 to H. Clay Davis, Patricia A. Meyers, Dennis Lee Smith from Judge Jordan regarding Rule 16 Scheduling Conference. (Attachments: # 1 scheduling form)(rwc, ) (Entered: 08/10/2006) |
| 08/16/2006 | ⦿4 | Letter dated 8/16/06 to John E. Tarburton, Patricia Meyers & Dennis Lee Smith from Judge Jordan regarding Rule 16 scheduling conference. (Attachments: # 1 scheduling form)(rwc, ) (Entered: 08/16/2006) |
| 08/24/2006 | ⦿5 | Letter dated 8/23/06 to Clerk, Judge Jordan, Chief Judge Robinson, and others, from Dennis Lee Smith requesting the Court order compliance with the Court's Scheduling Letter dated 8/16/06 - re 4 Letter. (rwc, ) (Entered: 08/24/2006) |
| 08/28/2006 | ⦿6 | Letter dated 8/25/06 to Judge Jordan from John E. Tarburton, Esq., regarding response to - re 3 Letter. (rwc, ) (Entered: 08/28/2006) |
| 08/28/2006 | ⦿7 | MOTION to Remand to State Court - filed by Steven Krebs. (Attachments: Exhibits Part 1, Exhibits Part 2, Exhibits Part 3)(rwc, ) Modified on 2/8/2007 (rwc, ). (Entered: 08/28/2006) |
| 09/14/2006 | ⦿8 | Letter with exhibits dated 9/11/06 to the Court from Patricia A. Meyers and Dennis L. Smith regarding response to - re 6 Letter. (rwc, ) (Entered: 09/14/2006) |
| 09/14/2006 | ⦿9 | MOTION in Limine - filed by Patricia A. Meyers, Dennis Lee Smith. (rwc, ) (Entered: 09/14/2006) |
| 10/31/2006 | ⦿10 | MEMORANDUM OPINION - Signed by Judge Kent A. Jordan on 10/31/06. (rwc, ) (Entered: 10/31/2006) |
| 10/31/2006 | ⦿11 | ORDER - granting 7 Motion to Remand to State Court, denying request |

| | | |
|---|---|---|
| | | for costs, expenses and attorney's fees. CASE CLOSED. Signed by Judge Kent A. Jordan on 10/31/06. (rwc, ) (Entered: 10/31/2006) |
| 10/31/2006 | ◑12 | Letter dated 10/31/06 to Clerk, Court of Chancery from Deputy Clerk, USDC/DE enclosing certified copy of remand order - re 11 Order on Motion to Remand to State Court, 10 Memorandum Opinion. (rwc, ) (Entered: 10/31/2006) |
| 11/07/2006 | ◑13 | Letter dated 11/6/06 to Marcia M. Waldron, Clerk, USCA 3rd Cir., from Patricia Meyers and Dennis Smith regarding request for information regarding filing an Appeal. (rwc) (Entered: 11/07/2006) |
| 11/13/2006 | ◑14 | ACKNOWLEDGMENT OF RECEIPT of Remand Order (DI#'s 10, 11) by DE Chancery Court. (rwc) (Entered: 11/14/2006) |
| 11/22/2006 | ◑15 | NOTICE OF APPEAL of 11 Order on Motion to Remand to State Court, 10 Memorandum Opinion. Appeal filed by Patricia A. Meyers. No fee paid. (rwc) (Entered: 11/22/2006) |
| 11/28/2006 | ◑16 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 15 Notice of Appeal filed by Patricia A. Meyers. USCA Case Number 06-4873. USCA Case Manager: Tonya Wyche (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (tw, ) (Entered: 11/28/2006) |
| 12/20/2006 | ◑17 | Letter dated 12/18/06 to Chief Judge Third Circuit, et al. from Patricia Meyers re 15 Notice of Appeal. (Attachments: Exhibits A-D)(ntl) (Entered: 12/20/2006) |
| 12/27/2006 | ◑ | USCA Appeal Fees received: $455, receipt number 145791 re 15 Notice of Appeal filed by Patricia A. Meyers, 16 USCA Notice of Docketing ROA;Payment forwarded by letter from USCA 3rd Circuit to Clerk, U.S. District Court. 3CCA TPO sent to plaintiff with receipt.(rbe) (Entered: 12/27/2006) |
| 12/27/2006 | ◑18 | Letter dated 12/26/06 to Clerk, USDC/DE, from Clerk, USCA 3rd Cir., regarding appeal fee forwarded to U.S. District Court. ( - re 15 Notice of Appeal ). (rwc) (Entered: 12/28/2006) |
| 02/08/2007 | ◑ | CORRECTING ENTRY: DI#7 was missing the "Motion to Remand" PDF document - added. (rwc) (Entered: 02/08/2007) |
| 04/11/2007 | ◑19 | MANDATE of USCA as to 15 Notice of Appeal filed by Patricia A. Meyers. USCA Decision: affirmed. (Attachments: # 1 Opinion)(tw, ) (Entered: 04/11/2007) |

Exhibit F

Exhibit F

Slanderous - False Outburst

Audiocassette Tape dated
August 15, 2007

TO: This District Court

To: Mr. Steven S. Krebs