# In The United States District Court For The District of Delaware

Mr. Dennis L. Smith Sr.

Petitioner,

vs.

Ms. Patricia A. Meyers, and her son Mr. Mack L. Davis Jr., and all of her sibling(s), Mr. Steven S. Krebs, and his mother Ms. Barbara Krebs and any other person(s) who Attempt, to "ILLEGALLY - "**OBSTRUCT - Power of Attorney** Document Book / No. 00776 page; **041 Legal Dated 10-27-03** of the Sussex County Delaware Office of the {Incumbent} recorder of Deed(s) }

Respondent(s).

C.A. No. 07 - 525 JJF original

**Re; Equal - Right(s);** In ref: Vindication of civil Right(s) **Here – under; 42 U.S.C.A § 1988.** This is **not a lawsuit.** The sole purpose of this is to simply constitutionally **enforce 42 U.S.C.A. § 1981(b). under the Law.**

**Federal – Question(s) / 28 U.S.C.A § 1331.**

FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2008 FEB 15 PM 1:54

## Notice of Motion

**Requesting that Judge Joseph J. Farnan Jr to Proceed No Further / 28 U.S.C.A § 144., in this case and a response to this court's January 22, 2008 Order to Show Cause. This Civil Case No. O7 – 525 is part of my Interlocutory Appeal civil case No. 07 – 3999.**

Now Here comes Mr. Dennis L. Smith, Pro se the wrongfully, heinously intentionally exploited Petitioner who is still illegally, involuntarily, dealing with prohibited continuing / still continuing, wrongful arbitrary super de facto capricious malfeasance color of office / color of law, see; 42 U.S.C.A. § 1983. § 1985(3). § 1988. of yours truly Federal Judge JJF, who I am seriously contemplating reporting Judge JJF's violation(s) of { colore officii } to the Honorable; Public Integrity Section in our Nation(s) Capitol.

PLEASE TAKE NOTICE

First of all, based on all of my **filed documents** concerning Judge Joseph J. Farnan Jr's **wrongdoings** in this civil case No. 07 – 525, and the fact of my Appeal / Interlocutory Appeal to the United States Court of Appeals which is also concerning Judge Joseph J. Farnan Jr's **wrongdoings** which is now up for **" Possible Summary Action " in my ( Mr. Dennis L. Smith )** **FAVOR** after " further review." **ALSO**, under Federal Code **28 U.S.C.A § 144.**, I am requesting that Judge Joseph J. Farnan Jr **Proceed No Further** in this civil case, based on Court records and/or my past and present filed documents, recorded in the U.S. District Court and the U.S. Court of Appeals.

PLEASE TAKE NOTICE

Second of all, the Court's January 22, 2008 Show Cause Order concerning **Respondent(s) " Patricia A. Meyers, Mack L. Davis, JR,. Steven S. Krebs, and Barbara Krebs "**, therefore see my response below. Also, this Order is attached as ------------------------------- **Exhibit A**

**EX PARTE** -- SERVICE of **Other Process** under Rule 4.1(a), therefore, see a copy of the first page, of my **INITIAL** docketed August 30, 2007 Motion, which states and I quote, **" In Re; Violation(s) of 42 U.S.C.A § 1981(a)(b).** Notice of amicable Request for instantaneous **Injunctive Relief Notice of Motion Ex parte** EMERGENCY Temporary Restraining Order. " Therefore, this Motion clearly on it face, is why I did not **INITIALLY** SERVE PROCESS / GIVE NOTICE to Respondent(s), **but** only after Judge Joseph J. Farnan Jr's Memorandum Order dated September 11, 2007, **DENYING D. I.** # 1 and # 2 / my **Injunctive Relief Notice of Motion EX PARTE** which contains a **SERVICE LIST** which is attached in the original and in all clocked in copies of same, concerning Respondent(s) **names, addresses and phone numbers for this court's use** under Other Process **under Rule 4.1(a)**

and not Rule 4(m). **ONLY** after this Order of Judge Farnan Jr's, therefore, I believe that this U.S. District Court had served Respondent(s) according to Rule 4.1(a) and also sent a copy of Judge Farnan Jr's Memorandum Order **dated September 11, 2007** to Respondent(s) according to Rule 4.1(a). Therefore, I then started given Notice to Respondent(s) **because** I believed that this U.S. District Court made Respondent(s) **AWARE** of Judge Farnan Jr's Memorandum Order based on Rule 4.1(a) Service of Other Process, concerning my request to have the Federal Code **42 U.S.C. A § 1981(b)**., gravamen – contractual **mutual July 12, 2006 agreement** viable incumbent issue(s) enforced the same as if a **white man** under Federal Code **42 U.S.C. A § 1981(a)**., would be capable of easily having Federally enforced under Rational basis test, as a matter of Equal Justice under the Law(s).

**DEFINITION OF EX PARTE**

**EX PARTE** -- SERVICE OF OTHER PROCESS UNDER RULE 4.1(a)

In the Black's Law Dictionary Sixth Edition, the Definition of the word **EX PARTE** means: " On one side only; by or for one party; done for, in behalf of, or on the **application** of, one party only. A judicial proceeding, order, **injunction**, etc., is said to be ***ex parte*** when it is **taken** or granted at the **instance** and for the benefit of one party only, and **WITHOUT NOTICE TO**, or contestation by, **any person adversely interested**." See definition attached as --- **Exhibit B**

**CIVIL RULE 4.1(a) SERVICE OF OTHER PROCESS**

**(a)** GENERALLY. Process other than a summons as provided in Rule 4 or subpoena as provided in Rule 45 **shall be served by a United States marshal**, a deputy United States marshal, or a person specially appointed for that purpose, who shall make proof of service as provided in Rule 4(L). See **Rule 4.1(a)** attached as --------------------------------------- **Exhibit C**

**IN SUMMARY,**
**THE REASON(S) WHY I USED EX PARTE -- SERVICE OF OTHER PROCESS UNDER RULE 4.1(a)., below**

Respondent / Ms. Patricia A. Meyers without my knowledge reported me to Legal Aid, in Georgetown Delaware to have legal Aid to revoke our mutual October 27, 2003 recorded Power of Attorney as pointed out below in **Exhibit D**, therefore Legal Aid contact me on my cell phone, on or about August 6, 2007 and informed me that based on Ms. Meyers' request, they were go to revoke this October 27, 2003 Power of Attorney. Therefore I informed them that this wrongful request of Ms. Patricia A. Meyers would violate my constitutional right(s) under **42 U.S.C.A § 1981(b).**, because of Ms. Patricia A. Meyers and my **MUTUAL JULY 12, 2006 AGREEMENT,** which also contains our mutual agreed October 27, 2003 Power of Attorney, as pointed out below in **Exhibit E.** Also, on or about August 6, 2007, I faxed information **and Exhibit D** and **Exhibit E** to Legal Aid's main office in Wilmington Delaware and sent same by Certified Mail to the Georgetown Delaware office, also. Therefore, to date, I had no further problems and/or issues with Legal Aid and Legal Aid **did not attempt** to revoke my mutual agreed October 27, 2003 Power of Attorney.

**Therefore, Ms. Patricia A. Meyers took it upon herself** and prepared a letter dated August 8, 2007 and illegally revoked our mutual agreed October 27, 2003 recored Power of Attorney and filed her letter in the Georgetown, Delaware Recorder of Deeds. Therefore, Ms. Meyers' August 8, 2007 letter **breached our mutual July 12, 2006 agreement** which also contains our mutual agreed October 27, 2003 recorded Power of Attorney. Therefore, Ms. Meyers' letter as just mentioned, violated Federal Code **42 U.S.C.A § 1981(b).**, and **breached** our mutual July 12, 2006 Agreement, as pointed out below in **Exhibit F**.

Therefore, based this surprise / sudden wrongful act and/or illegal act from Ms. Meyers as just

mentioned above, which **was** and still is an EMERGENCY THREAT to our mutual July 12, 2006 agreement which also contains our mutual agreed October 27, 2003 recorded Power of Attorney. Therefore, I filed a Motion dated August 30, 2007 **Injunctive Relief – Notice of Motion EX PARTE Temporary Restraining Order**, to have Federal Code **42 U.S.C.A § 1981(b).**, enforced in **fear** of more surprises / sudden wrongful acts and/or illegal acts.

Since my **INITIAL** August 30, 2007 **Injunctive Relief – Notice of Motion EX PARTE Temporary Restraining Order** was filed, Ms. Patricia A. Meyers superficially fictitiously **ILLEGALLY sold her 2.5 acres Parcel which I have our mutual JULY 12, 2006 AGREEMENT** which also contains our mutual agreed October 27, 2003 recorded Power of Attorney. In which unequivocally stipulate(s) my sole **Power of Authority** in all matters, and I to this day, have **not agreed to sell any property**, nor is my authorized actual signature, commingled in any **so – called agreement(s) between Mr. Steven S. Krebs and Ms. Patricia A. Meyers**. Also, other damage(s) were done after the initial filing of this civil case No. 07 – 525, as the recorded court records will show.

See attached **mutual October 27, 2003** Recorded Power of Attorney ----------------- **Exhibit D**

See attached **mutual July 12, 2006** Recorded Agreement -------------------------------- **Exhibit E**

See Ms. Meyers' August 8, 2007 **BREACH** letter, attached as ------------------------- **Exhibit F**

**BASED ON THE FACTS ON THE FACE OF MY AUGUST 30, 2007 MOTION AS MENTIONED ABOVE IN THIS MOTION, THEREFORE, WHY DID JUDGE JOSEPH J. FARNAN JR DO, AS HE DONE BELOW**

Judge Joseph J. Farnan Jr **in his** Memorandum Order dated September 11, 2007, on the first page, **had clear knowledge that I filed my August 30, 2007 Motion Ex Parte**, as he stated and I quote " **Ex Parte** EMERGENCY Temporary Restraining Order." Also in Judge Farnan Jr's footnotes he stated and I quote, " While the Motion indicates it is filed **ex parte**, a service

list indicates the parties have received notice of the Motion." Therefore, this " service list " is clearly not a " CERTIFICATE OF SERVICE " as I **typically** use, when I serve the other party or parties, as the records will show. This " SERVICE LIST " is for **EX PARTE** use in this case, and attached in the original August 30, 2007 Motion and in all clocked in copies of same, concerning Respondent(s) **names, addresses and phone numbers for the court's use** under Other Process **under Rule 4.1(a)** and not Rule 4(m). Also, on February 13, 2008 the U.S. District Court Clerk's office confirmed that Judge Joseph J. Farnan Jr **did not** send Respondent(s) a copy of his Memorandum Order dated September 11, 2007, **why not ?** See this Memorandum Order dated September 11, 2007 first page, attached as ------- **Exhibit G**

**CIVIL CASE NO. 07 – 525 AND MY APPEAL / INTERLOCUTORY APPEAL CIVIL CASE NO. 07 – 3999**

Please understand that I received a letter dated December 20, 2007 from the United States Court of Appeals, concerning civil case No. 07 - 3999 which states and I quote, " **Upon further review**, it appears that it would not be appropriate to submit this appeal to the Court for possible jurisdictional dismissal as you was originally advised by our letter of October 18, 2007. **Rather, it appears that your appeal may be appropriate for possible summary action."** See this United States Courtof Appeals' letter, attached as------------------------------- **Exhibit H**

**WHY DID THIS U.S. DISTRICT COURT FAIL AS INDICATED BELOW**

For some reason the U.S. District Court District of Delaware (Wilmington) concerning their **( D. I. # 1 and 2 )** as listed in their Civil Docket for Case #: 1:07 – cv – 00525 – **JJF**, **fails** to indicate these words **"... Injunctive Relief -** Notice of Motion **Ex parte Temporary Restraining Order."** Also in Judge Joseph J. Farnan Jr's " SHOW CAUSE ORDER " dated

January 22, 2008, which also **failed** to indicate these words, **"… Injunctive Relief** - Notice of Motion **Ex parte Temporary Restraining Order "** , but Judge Joseph J. Farnan Jr chose to use the word " Complaint " and I quote, " … the **Complaint** in the above – captioned case having been filed on August 30, 2007. **" THE USE OF WORDS, see and compare Exhibits below.**

See U.S. District Court District of Delaware docket concerning **( D. I. # 1 and 2 )**, attached as ------------------------------------------------------------------------------------ **Exhibit I**

**Again**, see this January 22, 2008 Order, attached as ------------------------------------- **Exhibit A**

**Also, again see and Compare** this just mentioned **Exhibit A** and **Exhibit I** to Judge Farnan Jr's Memorandum Order dated September 11, 2007 **first page,** attached as --------- **Exhibit G**

## A THREAT TO VIOLATE MY CONSTITUTIONAL DUE PROCESS RIGHT(S) AND/OR A TRICK

As mentioned above in this Motion, again **AFTER** Judge Joseph J. Farnan Jr's Memorandum Order dated September 11, 2007 **DENYING** ( D. I. # 1 and # 2 ) / my Injunctive Relief Notice of Motion **EX PARTE** . -- I then under **Rule 4(m),** stated given Notice to Respondent(s), which Mr. Steven S. Krebs is part of. Therefore, Mr. Krebs written a **THREATENING NOTE** to me, on my Certified Mail Return Receipt dated January 14, 2008, No. 7099 3400 0006 3815 9415. Mr. Krebs **who is a party** to this civil case 07 – 525 stated in **this NOTE**, and I quote, **" Please leave me alone / or I will sue."** Therefore, Mr. Steven S. Krebs is willing to **violate my Due Process Right(s) because I am using Federal Rule 4(m)** and/or Mr. Krebs' NOTE is a **TRICK** to deceive me into not serving him, so he can later CLAIM that I violated Rule 4(m). **This " note " means: one or the other.**

See Mr. Krebs **THREATENING NOTE**, attached as ---------------------------------- **Exhibit J**

## CONSTITUTIONAL RIGHT(S) UNDER THE LAW

It is my constitutional right(s) to have **42 U.S.C.A § 1981(b)**., enforced concerning my **mutual July 12, 2006 recorded agreement** between Ms. Patricia A. Meyers and I, **as** any **white man** can do under **42 U.S.C.A § 1981(a)**., **as a matter of Law and that fact is to the point**.

Respectfully, Submitted

Mr. Dennis L. Smith "Pro se"
P.O. Box 311
Selbyville, Delaware 19975 – 0311

Date 2/15/2008

# In The United States District Court
# For The District of Delaware

Mr. Dennis L. Smith Sr.

Petitioner,

vs.

Ms. Patricia A. Meyers, and her son Mr. Mack L. Davis Jr., and all of her sibling(s), Mr. Steven S. Krebs, and his mother Ms. Barbara Krebs and any other person(s) who Attempt, to "ILLEGALLY - "**OBSTRUCT - Power of Attorney** Document Book / No. 00776 page; **041 Legal Dated 10-27-03** of the Sussex County Delaware Office of the {Incumbent} recorder of Deed(s) }

Respondent(s).

C.A. No. 07 - 525

**Re; Equal - Right(s);**
In ref: Vindication of civil Right(s) **Here – under; 42 U.S.C.A § 1988.** This is **not a lawsuit**. The sole purpose of this is to simply constitutionally **enforce 42 U.S.C.A. § 1981(b). under the Law**.

**AFFIDAVIT OF DENNIS L. SMITH**

STATES OF DELAWARE :
: SS.
NEW CASTLE COUNTY :

The, preceding - indelible truthful – statement(s) in my **Notice of Motion ,** **Requesting that Judge Joseph J. Farnan Jr to Proceed No Further / 28 U.S.C.A § 144., in this case and a response to this court's January 22, 2008 Order to Show Cause** are true to the best of my knowledge and belief(s); of; Dennis L. Smith and are in full vehement compliance / Compliance(s) Here- with / Here – under; **28 U.S.C.A. § 1746**, and **18 U.S.C.A. § 1621**.

Dennis L. Smith

Date 2/15/2008

## CERTIFICATE OF SERVICE

I hereby certify that two true copies of the **Notice of Motion , Requesting that Judge Joseph J. Farnan Jr to Proceed No Further / 28 U.S.C.A § 144., in this case and a response to this court's January 22, 2008 Order to Show Cause** have been certified mailed or Express Mail or hand delivered on this 15 day of February 2008, to Respondent(s) at the following addresses:

Judge Joseph J. Farnan Jr., and Staff
Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801 – 3570
**Express Mail: EQ 800925935 US**

Ms. Patricia A. Meyers, and her Son,
Mr. Mack L. Davis Jr., and
all of her sibling(s)
RR 4 Box 103A
Frankford, Delaware 19945
**Certified Mail No. 7007 0220 0001 0621 8082**

Mr. Steven S. Krebs and
his Mother Ms. Barbara Krebs
P.O. Box 796
Selbyville, Delaware 19975
**Certified Mail No. 7007 0220 0001 0621 8242**

For Verification purpose(s) only;
John Brady
Recorder of Deeds
2 The Circle
P. O. Box 827
Georgetown, Delaware 19947
**Certified Mail No. 7007 0220 0001 0621 8235**

**All mentioned above, certified mailed or Express Mail or hand Delivered by Dennis L. Smith.**

Dennis L. Smith

**Dennis L. Smith**

Exhibit A

Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DENNIS LEE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>PATRICIA A. MEYERS, MACK L. DAVIS, JR., STEVEN S. KREBS, and BARBARA KREBS,<br><br>Defendants. | : | Civ. Action No. 07-525-JJF |

**SHOW CAUSE ORDER**

At Wilmington this 22 day of January, 2008, the Complaint in the above-captioned case having been filed on August 30, 2007

IT IS ORDERED that, on or before **February 15, 2008**, Plaintiff shall show cause why this case should not be dismissed for failure to serve process within 120 days of filing the Complaint, pursuant to Fed. R. Civ. P. 4(m).

Joseph J. Farnan Jr.
UNITED STATES DISTRICT JUDGE

Exhibit B

Exhibit B



**Exoneration** /əgzònəréyshən/. The removal of a burden, charge, responsibility, or duty. Right to be reimbursed by reason of having paid that which another should be compelled to pay while "indemnity" generally is based upon contract, express or implied, and means compensation for loss already sustained. Uptagrafft v. U. S., C.A.Va., 315 F.2d 200, 203.

Equitable right of a surety, confirmed by statute in many states, to proceed by action in court to compel the principal debtor, against whom the surety will have a right of reimbursement, to satisfy the obligation where it would be inequitable for the surety to be compelled to perform, and thereby suffer the inconvenience and temporary loss which a payment by her will entail, if the principal debtor can satisfy the obligation. See Restatement of Security § 112 (1941).

**Exoneratione sectæ** /əgzònərèyshiyówniy séktiy/. A writ that formerly lay for the crown's ward, to be free from all suit to the county court, hundred court, leet, etc., during wardship.

**Exoneratione sectæ ad curiam baron** /əgzònərèyshiyówniy séktiy æ̀d kyúriyəm bǽrən/. A writ of the same nature as that last above described, issued by the guardian of the crown's ward, and addressed to the sheriffs or stewards of the court, forbidding them to distrain him, etc., for not doing suit of court, etc.

**Exoneretur** /əgzònəriytər/. Lat. Let him be relieved or discharged. An entry made on a bailpiece, whereby the surety is relieved or discharged from further obligation, when the condition is fulfilled by the surrender of the principal or otherwise.

**Exorbitant** /əgzórbətənt/. Deviating from the normal or customary course, or going beyond the rule of established limits of right, propriety, or expense.

**Exordium** /əgzórdiyəm/. The beginning or introductory part of a speech or document.

**Ex pacto illicito non oritur actio** /èks pǽktow əlísətow nòn órətər ǽksh(iy)ow/. From an illegal contract an action does not arise.



**Ex parte** /èks pártiy/. On one side only; by or for one party; done for, in behalf of, or on the application of, one party only.

A judicial proceeding, order, injunction, etc., is said to be *ex parte* when it is taken or granted at the instance and for the benefit of one party only, and without notice to, or contestation by, any person adversely interested.

*"Ex parte,"* in the heading of a reported case, signifies that the name following is that of the party upon whose application the case is heard.

**Ex parte divorce.** Divorce proceeding in which only one spouse participates or one in which the other spouse does not appear. The validity of such divorce depends upon the nature of the notice given to the absent spouse.

**Ex parte hearing.** Hearings in which the court or tribunal hears only one side of the controversy.

**Ex parte inj**[illegible] rom a court which [illegible] ide, of the controv[illegible]

**Ex parte i**[illegible] lucted about a per[illegible] ques- tioned.

**Ex parte materna** /èks pártiy mətə́rnə/. On the mother's side; of the maternal line.

**Ex parte paterna** /èks pártiy pətə́rnə/. On the father's side; of the paternal line.

**Ex parte proceeding.** Any judicial or quasi judicial hearing in which only one party is heard as in the case of a temporary restraining order.

**Ex parte revocation.** The withdrawal or revocation of a license or other authority from a person without that person's participation or without notice and opportunity to be heard and defend.

**Expatriation** /ekspèytriyéyshən/. The voluntary act of abandoning or renouncing one's country, and becoming the citizen or subject of another.

**Ex paucis dictis intendere plurima possis** /èks pósəs diktəs ənténdəriy pl(y)úrəmə pósəs/. You can imply many things from few expressions.

**Ex paucis plurima concipit ingenium** /èks pósəs pl(y)úrəmə kənsípət ənjíyn(i)yəm/. From a few words or hints the understanding conceives many things.

**Expect.** To await; to look forward to something intended, promised, or likely to happen.

**Expectancy.** That which is expected or hoped for. The condition of being deferred to a future time, or of dependence upon an expected event. Contingency as to possession or enjoyment. With respect to the time of their enjoyment, estates may either be in possession or in expectancy; and of expectancies there are two sorts, —one created by the act of the parties, called a "remainder;" the other by act of law, called a "reversion." Expectancy as applied to property, is contingency as to possession, that which is expected or hoped for. At most it is a mere hope or expectation, contingent upon the will and pleasure of the landowner, and hardly reaches the height of a property right, much less a vested right, because where there is no obligation, there is no right. It is a possibility for which a party may under certain circumstances properly hope for or expect.

**Expectancy of life.** With respect to life annuities, the share or number of years of life which a person of a given age may, upon an equality of chance, expect to enjoy. *See* Actuarial table; Mortality tables.

**Expectancy tables.** *See* Actuarial table; Mortality tables.

**Expectant.** Contingent as to enjoyment. Having relation to, or dependent upon, a contingency. *See* Contingent.

**Expectant estates.** *See* Estate in expectancy.

Exhibit C

(c)(2)(C)(ii) of this rule, return shall be made by the sender's filing with the court the acknowledgment received pursuant to such subdivision.".

Subd. (j). Pub. L. 97–462, § 2(7), added subd. (j).

EFFECTIVE DATE OF 1983 AMENDMENT

Amendment by Pub. L. 97–462 effective 45 days after Jan. 12, 1983, see section 4 of Pub. L. 97–462, set out as a note under section 2071 of this title.

**Rule 4.1. Service of Other Process**

(a) GENERALLY. Process other than a summons as provided in Rule 4 or subpoena as provided in Rule 45 shall be served by a United States marshal, a deputy United States marshal, or a person specially appointed for that purpose, who shall make proof of service as provided in Rule 4(*l*). The process may be served anywhere within the territorial limits of the state in which the district court is located, and, when authorized by a statute of the United States, beyond the territorial limits of that state.

(b) ENFORCEMENT OF ORDERS: COMMITMENT FOR CIVIL CONTEMPT. An order of civil commitment of a person held to be in contempt of a decree or injunction issued to enforce the laws of the United States may be served and enforced in any district. Other orders in civil contempt proceedings shall be served in the state in which the court issuing the order to be enforced is located or elsewhere within the United States if not more than 100 miles from the place at which the order to be enforced was issued.

(As added Apr. 22, 1993, eff. Dec. 1, 1993.)

NOTES OF ADVISORY COMMITTEE ON RULES—1993

This is a new rule. Its purpose is to separate those few provisions of the former Rule 4 bearing on matters other than service of a summons to allow greater textual clarity in Rule 4. Subdivision (a) contains no new language.

Subdivision (b) replaces the final clause of the penultimate sentence of the former subdivision 4(f), a clause added to the rule in 1963. The new rule provides for nationwide service of orders of civil commitment enforcing decrees of injunctions issued to compel compliance with federal law. The rule makes no change in the practice with respect to the enforcement of injunctions or decrees not involving the enforcement of federally-created rights.

Service of process is not required to notify a party of a decree or injunction, or of an order that the party show cause why that party should not be held in contempt of such an order. With respect to a party who has once been served with a summons, the service of the decree or injunction itself or of an order to show cause can be made pursuant to Rule 5. Thus, for example, an injunction may be served on a party through that person's attorney. *Chagas v. United States*, 369 F.2d 643 (5th Cir. 1966). The same is true for service of an order to show cause. *Waffenschmidt v. Mackay*, 763 F.2d 711 (5th Cir. 1985).

The new rule does not affect the reach of the court to impose criminal contempt sanctions. Nationwide enforcement of federal decrees and injunctions is already available with respect to criminal contempt: a federal court may effect the arrest of a criminal contemnor anywhere in the United States, 28 U.S.C. § 3041, and a contemnor when arrested may be subject to removal to the district in which *punishment* may be imposed. Fed. R. Crim. P. 40. Thus, the present law permits criminal contempt enforcement against a contemnor wherever that person may be found.

The effect of the revision is to provide a choice of civil or criminal contempt sanctions in those situations to which it applies. C
er civil or criminal, must l
was allegedly defied by a
*Bradley*, 74 U.S. 366 (1869).
sive conduct or inaction oc
the court in which the enfo
conducted. *E.g.*, *McCourtney*
(8th Cir.), *cert. denied*, 263 l
pose, the rule as before do
parties and other persons
tions by reason of their rel
ties.

Exhibit C

**Rule 5. Serving and Filing Pleadings and Other Papers**

(a) SERVICE: WHEN REQUIRED. Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

In an action begun by seizure of property, in which no person need be or is named as defendant, any service required to be made prior to the filing of an answer, claim, or appearance shall be made upon the person having custody or possession of the property at the time of its seizure.

(b) SAME: HOW MADE. Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party at the attorney's or party's last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at the attorney's or party's office with a clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing.

(c) SAME: NUMEROUS DEFENDANTS. In any action in which there are unusually large numbers of defendants, the court, upon motion or of its own initiative, may order that service of the pleadings of the defendants and replies thereto need not be made as between the defendants and that any cross-claim, counterclaim, or matter constituting an avoidance or affirmative defense contained therein shall be deemed to be denied or avoided by all other parties and that the filing of any such pleading and service thereof upon the plaintiff constitutes due notice of it to



the partie
served upo
as the cou
(d) FILIN
after the c
party, tog
must be fi
time after
26(a)(1) or
quests an
they are u
ders filing
(iii) reque
upon land.
(e) FILIN
of papers
rules shal
clerk of cc
the papers
event the
date and i
of the cle:
papers to
tronic me:
standards,
of the Un
by electro
rule const
of applyin
refuse to
for that p
sented in :
or any loc.
(As amenc
30, 1970, e:
1, 1980; Ma
eff. Dec. :
Apr. 23, 1!
Dec. 1, 200
NOTES (
*Note to Su*
(Mason, 192
164, and
Wash.Rev.S
*Note to Su*
under [forr
Time for Ar
NOTES (
The word
amendment
See 1 Barr
760–61 (Wrig
difficulty a
among the
the parties
in the rule
example, a
his answer
the defenda
Form 22–A
As to th
whose addr
NOTES
The amer
to discover
party must
ders otherw
notices and
swers or re

Exhibit D

784 Exhibit D

00776 041

# General Power of Attorney

**TO ALL PERSONS,** be it known that I, Patricia A. Meyers, Drivers License No. 427897, of RT #4 Box 103A Frankford, DE. 19945, located in Sussex County, the undersigned Grantor, do hereby make and grant a general power of attorney to my close friend of the family, Dennis L. Smith Sr, of RT 3 Box 96 Frankford, DE. 19945, and do thereupon constitute and appoint said individual as my attorney-in-fact/agent.

My attorney-in-fact/agent shall act in my name, place and stead in any way which I myself could do, if I were personally present, with respect to the following matters, to the extent that I am permitted by law to act through an agent: Grantor gives agent complete authority, to any and all real estate properties, leased properties, including any and all properties sold to, will to and/or owned by Grantor, to act and/or handle as agent choose in any matter. See most details below of real estate powers.

Real Estate Powers

DEAL WITH PROPERY. To retain, invest in, sell, mortgage, lease, exchange, manage, subdivide, develop, build, alter, repair, improve, raze, abandon, or otherwise deal with or dispose of any property and to execute, acknowledge and deliver any and all contracts, deeds, leases, assignments, assignments of, extensions of, satisfactions of, and releases of mortgage, subordination agreements, and any other instrument or agreement of any kind in connection therewith and affecting real and personal property located at County Road 382, near Johnson's Corner, Baltimore Hundred, Sussex County, Delaware consisting of 39.02 acres with improvements and any property hereafter owned by Grantor located anywhere, which my attorney-in-fact/agent may deem to be necessary.

My attorney-in-fact/agent has complete authority to appoint another agent and/or agents other than himself to have the same complete authority or limited authority, through a written agreement. In my will, to my son ( Mack L. Davis Jr. ) and agent, also will allow my agent to continue with complete authority as mentioned in this document.

Notice: Any copy of this document, received by anyone, is to prove the authority that the agent has now and had verbally before. This idea of giving complete authority to my agent, was initiated by me, ( Grantor ). There are four (4) of these same exact Power of Attorney documents signed, witnessed to, and notarized, which are superior over any other power of attorney that I had granted to my attorney-in-fact/agent, but, one (1) of these four (4) must be recorded in the Recorder Of Deeds.

My attorney-in-fact/agent hereby accepts this agreement, and I affirm and ratify all acts so undertaken.

IN WITNESS WHEREOF, I have hereunto set my Hand and Seal on this 27th day of October, A. D. 2003.

Witnesseth:

Mack Davis
Witness

Amanda J. Ford
Witness

Pat A. Mey
Grantor

Dennis L. Smith, Sr.
Attorney-in-Fact/Agent

RECORDER OF DEEDS
JOHN F. BRADY
03 OCT 27 AM 11:51
SUSSEX COUNTY
SURCHARGE PAID

STATE OF DELAWARE :
: ss.
COUNTY OF SUSSEX :

I HEREBY CERTIFY that on this 27th day of October, A. D. 2003, personally came before me, a Notary Public for the State and County aforesaid, Patricia A. Meyers, and acknowledged the foregoing Power of Attorney to be her act and deed.

KAREN M. SAMSEL
NOTARY PUBLIC - DELAWARE
Karen M. Samsel

Exhibit E

36350

BK 00913 PG 046

Exhibit E

**Agreement**

Tax Map # 5-33 11.00 82.00

Prepared by: Return to: Dennis L. Smith
Route 3, Box 96
Frankford, DE 19945

TO ALL PERSONS, be it known that Patricia A. Meyers, drivers license No. 427897, of RT 4 Box 103A Frankford, DE. 19945, located in Sussex County, and Dennis L Smith, drivers license No. 829030, of Route 3, Box 96 Frankford De 19945 located in Sussex County, agreed to the following:

Concerning Tax Map # 5-33 11.00 82.00 Tract 3, Plot book 92, page 126, whether past, present or future, Ms. Patricia A. Meyers agreed to never sue and/or file a lawsuit against Mr. Dennis L. Smith concerning or for any property that she sold to him and/or that she continues to own. Also, Mr. Dennis L. Smith agreed to never sue and/or file a lawsuit against Ms. Patricia A. Meyers involving her 2.5 acres +/- parcel B, which Mr. Dennis L. Smith has the October 27, 2003, power of attorney. This power of attorney was granted by Ms. Patricia A. Meyers, and was recorded in the Recorder of Deeds book No. 00776, page 041.

Mr. Dennis L. Smith and Ms. Patricia A. Meyers agreed that Mr. Dennis L. Smith will continue with civil case 1120-S, and greed, whether past, present or future, that Mr. Dennis L. Smith will not sue and/or file a lawsuit against her, concerning his involvement in civil case No. 069-S, and his involvement in civil case No. 1120-S.

Mr. Dennis L. Smith and Ms. Patricia A. Meyers agreed, whether past, present or future, that Mr. Dennis L. Smith will not sue and/or file a lawsuit against her, for any problems that my come from her letter dated July 8, 2006, certified mail No. 7002 0460 0001 5100 2767, concerning civil case No. 1120-S.

Mr. Dennis L. Smith and Ms. Patricia A. Meyers agreed, whether past, present or future, that Mr. Dennis L. Smith will not sue and/or file a lawsuit against her, concerning two false arrests, which was Nolle Prosequi, involving civil case No. 1120-S.

Mr. Dennis L. Smith, a friend of family, agreed to place a type of house or a type of house trailer on Ms. Patricia A. Meyers' 2.5 acres parcel as mentioned above, some time after this property is completely cleared. Ms. Patricia A. Meyers and Mr. Dennis L. Smith agreed, that this document may be recorded in the Recorder of Deeds.

IN WITNESS WHEREOF, I have hereunto set my Hand and Seal on this 12 day of July, A.D. 2006.

Witnesseth:

RECORDER OF DEEDS
JOHN F. BRADY
06 JUL 13 PM 2:15
SUSSEX COUNTY
DOC. SURCHARGE PAID

Witness

Patricia A. Meyers

Dennis L. Smith

STATE OF DELAWARE :
: ss.
COUNTY OF SUSSEX :

I HEREBY CERTIFY that on this 12 day of July, A. D. 2006, personally Came before me, a Notary Public for the State and County aforesaid, Patricia A. Meyers and Dennis L. Smith, and acknowledged the foregoing agreement to be their act and deed.

NOTARY PUBLIC

KAREN M. SAMSEL
Notary Public - State of Delaware
My Comm. Expires Mar. 10, 2007

Exhibit F

REVOCATION of POWER OF ATTORNEY

Exhibit F

BK00963 000037866 PG00026

I PATRICIA A. MEYERS DRIVERS LICENSE NO: 427897 of 36161 ZION ChURCh ROAD, FRANKFORD, DE. 19945 I AM REVOCATION of This POWER of ATTORNEY from DENNIS LEE Smith SR. RT3 BOX 96 FRANKFORD, DE. 19945 FROM OCTOBER 27th 2003. AS of August 8th 2007 You ARE NO LONGER my POWER of ATTORNEY.

REFERENCE
BK# 776
Pg. 41
DATED 10/27/03

Patricia A. Meyers
August 8th 2007

SWORN BEFORE A NOTARY PUBLIC ON THIS 8th day of AUGUST MONTH, A.D. 2007

Christine L. Mitchell

CHRISTINE L. MITCHELL
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires July 1, 2008

RECORDER OF DEEDS
JOHN F. BRADY
08/08/2007 03:11P
SUSSEX COUNTY
DOC. SURCHARGE PAID

Preby + Ret to:
Patricia A. Meyers
36161 Zion Church Rd
Frankford DE 19945

Exhibit G

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Exhibit G

First page only

DENNIS LEE SMITH, :
Plaintiff, :
v. : Civ. No. 07-525-JJF
PATRICIA A. MEYERS, MACK L. DAVIS, JR., STEVEN S. KREBS, and BARBARA KREBS, :
Defendants. :

**MEMORANDUM ORDER**

## I. Introduction

Plaintiff Dennis Lee Smith, who proceeds pro se, filed a "Notice Of Motion Ex Parte EMERGENCY Temporary Restraining 'Order'"[1] to prevent further "irreparable hedonic damage(s)" and to prevent "further irreparable misleading/false outburst of pernicious false - statement(s) of the very unrealistic viability of very ignorant person(s) who know who they are." (D. I. 2.) He also seeks to preclude a number of actions including, but not limited to, the issuance of outrageous and absurd documents, the sale or lease of certain real property, an individual from speaking to him, hateful acts, conspiracy and/or frame-up by certain Defendants. The Motion heading states that "this is not a lawsuit" and that the sole purpose is to "constitutionally

[1]While the Motion indicates it is filed ex parte, a service list indicates the parties have received notice of the Motion. (D.I. 2.) Additionally, when Plaintiff filed this Motion he advised the Clerk's Office that, while styled as an emergency, the Motion could wait until a judge was assigned to the case.

Exhibit H

OFFICE OF THE CLERK - LEGAL DIVISION
UNITED STATES COURT OF APPEALS

21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790

Exhibit H

MARCIA M. WALDRON
CLERK

December 20, 2007

Telephone
(215-597-2378)

Mr. Dennis Lee Smith
P.O. Box 311
Selbyville, DE 19975

Re: **Smith v. Meyers**
C.A. No. 07-3999
(D. Del. Civ. No. 07-cv-00525)

Dear Mr. Smith:

Upon further review, it appears that it would not be appropriate to submit this appeal to the Court for possible jurisdictional dismissal as you were originally advised by our letter of October 18, 2007. Rather, it appears that your appeal may be appropriate for possible summary action. Chapter 10.6 provides that the Court sua sponte (by its own action) may take summary action on an appeal if it appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action. Specifically, the Court may affirm, reverse, vacate, modify, or remand the judgment or order appealed.

The parties may submit written argument in support of or in opposition to such action. Any response must be received in the Clerk's Office within twenty-one (21) days from the date of this letter. Please submit to the Clerk an original and three (3) copies of any response, and a certificate of service indicating that all parties have been served with a copy of the response. All parties will be advised of any Order(s) issued in this matter.

Issuance of the briefing schedule will be stayed pending action by the Court. All parties are hereby advised that this letter does not represent a finding of appellate jurisdiction in this case. As in all cases, the panel of this Court which reviews the case on its merits will make a final determination of appellate jurisdiction.

Very truly yours,

*/s/ Laura L. Greene*
LAURA L. GREENE
Staff Attorney

(Continued)

LLG/je

cc: **Patricia A. Meyers**
Route 4 Box 103A
Frankford, DE 19945

Exhibit I

APPEAL, PaperDocuments

Exhibit I

**U.S. District Court**
**District of Delaware (Wilmington)**
**CIVIL DOCKET FOR CASE #: 1:07-cv-00525-JJF**

Smith v. Meyers et al
Assigned to: Honorable Joseph J. Farnan, Jr.
Case in other court: USCA, 07-03999
Cause: 42:1981 Civil Rights

Date Filed: 08/30/2007
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Dennis Lee Smith** represented by **Dennis Lee Smith**
Dennis Lee Smith, Pro se
P.O. Box 311
Selbyville, DE 19975
(302) 732-3011
PRO SE

V.

**Defendant**

**Patricia A. Meyers**

**Defendant**

**Mack L. Davis, Jr.**

**Defendant**

**Steven S. Krebs**

**Defendant**

**Barbara Krebs**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/30/2007 | 1 | MOTION to Prohibit filed Pro Se against Patricia A. Meyers, Mack L. Davis, Jr, Steven S. Krebs, Barbara Krebs ( Filing fee $ 350, receipt number 148730.) - filed by Dennis Lee Smith. Magistrate consent and Rule 4 to Pltf. (Attachments: # 1 Civil Cover Sheet # 2 Acknowledgement of Rule 4 # 3 Acknowledgement of Consent Form) (els) Modified on 8/30/2007 (maw, ). (Entered: 08/30/2007) |
| 08/30/2007 | 2 | MOTION for Temporary Restraining Order (Emergency) - filed by Dennis Lee Smith. (els) (Entered: 08/30/2007) |
| 08/30/2007 | 3 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (els) (Entered: 08/30/2007) |

Exhibit J

Exhibit J

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Steven S. Krebs and his Mother MS. Barbara Krebs
P.O. Box 796
Selbyville, Del 19975

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (*Printed Name*)

C. Date of Delivery 1-14-08

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Please leave me Alone / or I will sue

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
(*Transfer from service label*) 7099 3400 0006 3815 9415

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540