

# United States Court of Appeals

**The** ~~FILED~~ **Circuit**

AUG 2 3 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Mr. Dennis L. Smith Sr.

Appellant,

C.A. No. 07 - 3999

07- 525

vs.

Ms. Patricia A. Meyers, and her son
Mr. Mack L. Davis Jr., and all of her
sibling(s),
Mr. Steven S. Krebs, and his mother
Ms. Barbara Krebs and any other
person(s) who Attempt, to "**ILLEGALLY**
- "**OBSTRUCT - Power of Attorney
Document Book / No. 00776 page;
041 Legal Dated 10-27-03** of the
Sussex County Delaware Office of the
{Incumbent} recorder of Deed(s) }

Appellee(s).

Re; Equal - Right(s);
In ref: Vindication of civil **Right(s)**
Here – under; 42 U.S.C.A § **1988.**
This is **not a lawsuit.** The sole purpose
of this is to simply constitutionally
enforce 42 U.S.C.A. § **1981(b). under**
the Law.

**Federal – Question(s)**
Here-under; 28 U.S.C.A §
**1331 § 1291.**

## 28 U.S.C.A § 144.
## " 26.1.2 <u>Notice of Possible Judicial Disqualification</u>"
## 03rd CIRCUIT LOCAL APPELLATE RULE
## In Re; U.S District Court of Delaware's
## Judge Joseph J. Farnan Jr.

Here come(s), Mr. Dennis L. Smith Sr. / Pro se, Appellant, who is simply requesting

vehemently , that this proper situs for instant – action federally owned and operated United

States Court of law to **unequivocally realize these heinous beyond, ungodly intentional**

**multiple " Color of law " / Color of Office / Colore Officii / Color of Authority**

wrongful **42 U.S.C.A. § 1983**. These **42 U.S.C.A. § 1983.**, are manifest documented /

docketed prohibited Racial – Injustice(s) (via) totally – directly and/or indirectly attributed

against my person {**ONLY**}, due to the color of my **SKIN**.  These  " Pre – Jim Crow " like

1

despotic, **illegal act(s)** of the inferior U.S. District Court of Delaware's de facto Judge Joseph J. Farnan Jr., **MUST** be taken **SERIOUSLY** for **CONSTITUTIONAL – EQUAL – JUSTICE,** under the law.

Please Take Legal Notice;

Caveat, plain and simple the inferior judge in question has wrongfully – intentionally violated Incumbent, still viable United State(s) law(s). What is so very unrealistic, is that these fully rational basis test law(s), that are, the law were wrongfully – heinously – intentionally – VIOLATED, (via) the de facto inferior District Court Judge below, **who was in fact** Sworn in Here – under; **28 U.S.C.A. § 453.**, to indubitably uphold / enforce, **ALL** " UNITED STATES Law(s) and **was in fact sworn** in (via) an incumbent President of the United States of AMERICA.

**FACT(S) -- No. 1**
**Judge Joseph J. Farnan Jr., who INITIALLY unequivocally Affirmed**
**that the  U.S. District Court**
**does not have JURISDICTION, see below:**

On August 30, 2007, I ( Petitioner) at that time, filed my **INITIAL** Affidavit / Motion dated August 30, 2007 and on its face I quote,  **" In  Re; Violation(s) of  42  U.S.C.A  § 1981(a)(b).** Notice of amicable Request for instantaneous  **Injunctive Relief  Notice of  Motion ex  parte EMERGENCY  Temporary Restraining Order. "**  Therefore,  de facto Judge Joseph J. Farnan Jr., in his **first** (1ˢᵗ)  **FINAL  ORDER**  ( Memorandum Order ) dated September 11, 2007, **clearly, and I repeat clearly on page # 6 stated** and I quote, "  THE COURT **DOES NOT HAVE JURISDICTION** OVER HIS CLAIM**S**.  NOTABLY,  PLAINTIFF'S CLAIM**S** ARE ONE**S** WHERE  STATE  LAW, **NOT** FEDERAL LAW, PREDOMINATES. **HENCE,** THE  MATTERS **SHOULD BE  DECIDED** BY THE **STATE  COURT**."   Based on civil case No. 07 – 525 – JJF  " **DOCKET** " therefore, please keep in mind, that de facto Judge

Farnan Jr., **did not** send and/or Ordered me to answer a **" Show Cause Order "** <u>before</u>

his / this  September 11, 2007 **first** ( 1st ) **" FINAL ORDER."**, **but** made it  very clear that this

Court **" <u>does not have</u> JURISDICTION**."  See **first** ( 1st ) **FINAL  ORDER**

( Memorandum Order ) dated  September 11, 2007 and its **page six (6)** attached as --- **Exhibit A**


Therefore, **because** de facto Judge  Farnan Jr., **claimed** that the U.S. District Court does not have

**JURISDICTION**  and the fact that de facto Judge  Farnan  Jr., was deceitful concerning

issues therein my  " Affidavit / Motion dated August 30, 2007."  **I then**, based on my

**" <u>Substantive</u> Due Process "** Constitutional Right(s),  on **October 9,  2007**, **PAID**  $ 455.00 to

the U.S. District Court and **APPEALED** my civil case No. 07 – 525 – JJF, to the United States

Court of  Appeals 03rd Judicial Circuit, civil  case No.  **07 – 3999**.  In summary, this **Appeals**

**Court**, <u>last</u>  sent me ( Appellant ) a letter dated **December 20, 2007, <u>AS</u> of April 1, 2008**

**and/or to date**. See, U.S. District Court's receipt for **$ 455.00** dollars, attached as --- **Exhibit B**

See, the  **U.S. C**ourt of Appeals' Letter dated **December 20, 2007**, attached as ------- **Exhibit C**


**FACT(S) -- No. 2**
**Without JURISDICTION, <u>and</u> without " a <u>final</u> determination of**
**appellate <u>Jurisdiction</u> " from the  United States Court of Appeals, Judge Joseph J. Farnan**
**Jr., illegally and deceitfully claimed <u>JURISDICTION</u>, see below:**

Without  **" a <u>final</u> determination of appellate <u>Jurisdiction</u> "** from the  United States Court of

Appeals 03rd Judicial concerning their letter dated December 20, 2007, **therefore** de facto Judge

Joseph J. Farnan Jr., **without Jurisdiction** on  January 22, 2008 **Order me ( Appellant )** to

answer his  **( D.I. 14 ) " Show Cause Order."** Therefore, **I did answer** in my **Sufficient**

**Affidavit** which is my **D.I. 15**, concerning <u>Federalized</u> **Code  28  U.S.C.A.  §  144.**, filed on

February 15, 2008 and its Clarification letter **D.I. 16** filed on February 26, 2008. See  " Show

Cause Order " dated **January 22, 2008**, attached as -------------------------------------- **Exhibit D**

**FACT(S) -- No. 3**
**THIS TIME,  without JURISDICTION, without respect to Federalized Code**
**28  U.S.C.A.  § 144  and without " a final determination of**
**appellate Jurisdiction " from the  United States Court of Appeals, Judge Joseph J. Farnan**
**Jr., illegally and deceitfully claimed JURISDICTION .**  Under Equal Protection Clause of
Rational basis test law, Judge Farnan Jr., should have indubitably **RECUSED** himself, see
**28  U.S.C.A.  § 144.**, and see below:

**THIS TIME**, on March 5, 20**08**,  de facto Judge. Farnan Jr., **without  Jurisdiction** from the

United  States  Court of Appeals 03ʳᵈ Judicial Circuit, **and** in violation of Federalized  Code 28

**U.S.C.A.  § 144.**, as mentioned above, made an illegal  ruling while civil case No. 07 – 3999

remains pending.  This illegal ruling, is indicated in de facto Judge Farnan Jr's illegal **( D.I. 17 )**

Memorandum Order,  which is also illegally **BACKDATED** to indicate March 5, 20**07**.  Clearly,

since October 9, 2007 through to last affirmed date of **April 1, 2008**, my **APPEALED** civil case

No.07 – 525 – JJF, remains pending.  Therefore, between October 9, 2007 and April 1, 2008

Judge Farnan Jr.,  had no Jurisdiction, violated Federalized Code  **28  U.S.C.A.  § 144.**,

**and** without " a final determination of  appellate Jurisdiction " from the  United States Court of

Appeals, created a **Fraudulent second  FINAL ORDER**.  See, this illegal Memorandum Order

and which is also illegally  backdated to indicate  March 5, 200**7** , attached as --------- **Exhibit E**

Based on these deceitful bold malfeasance color of Authority, see **42  U.S.C.A.  § 1983.**, act(s)

as mentioned above concerning **APPEALED** civil case No. 07 – 525 – JJF,  therefore, I believed

this **DESIGNED  FALSE  DELUSION**,  that my Interlocutory Appeal was **GRANTED**, which

I later found and affirmed  **NOT  TRUE** on **April 1, 2008**.  Please  keep n mind that I am

**unfortunately  Pro  se, but** EQUAL under the Law.

Also, this mentioned above, latest, deceptive, meaningless designed false delusion, may need to

be reviewed (via) the F.B.I due to unconstitutional, deplorable Racist act(s) of  Judge Joseph J.

Farnan Jr., who did wrongfully intentionally violate; Federalized Code  **28  U.S.C.A. § 144**.

Judge Farnan Jr., must be immediately or as soon as possible be reprimanded for equal justice under the law.  This high court need(s) to put unquestioned strong emphasis, on the fact, that the very Honorable **sacred Oath here – under; 28 U.S.C.A. § 453.**, that de facto  Judge Farnan Jr., was initially legally, **ETHICALLY**, morally, and with the utmost – ultimate **INTEGRITY** was sworn, in (via) a president of these United States to legally enforce **all United States** Law(s).

**P L E A S E   T A K E   N O T I C E;**

I am very **PREJUDICED**, these past unlawful deceptive – practice(s), of Judge Farnan Jr., who were solely,to keep, my person a Pro se, in **conjecture**, due to the totally intentional ambiguous-Suspect, very  appealable Court – Ruling(s).  However, if it please – { PLEASE }, the court, this Honorable court, (via) **Sua sponte**, {SHALL}, in the lawful – Fully – Constitutional " INTEREST of  JUSTICE " {SHALL}, legally construe the September 11, 2007  Memorandum Order of  Judge Farnan Jr's in QUESTION, as to be the **FINAL ORDER**, pursuant and here-under; **28  U.S.C.A.  §  1291** and **as** clearly written in this Septmber 11, 2007 Order also, thereon page six (6) of it.

( **28 U.S.C.A.  §  144.**)  This was a simple case,  concerning  Ms. Patricia A. Meyers ( Appellee) and I ( Appellant ), we both have a mutual July 12, 2006 agreement recorded in Book 00913 page 046, located in Sussex County, Georgetown, Delaware which contains in writing our mutual October 27, 2003 Power of Attorney Book 00776 page 041, of **same location**.  This mutual July 12, 2006 agreement **must be enforced**, so that I can complete my AGREED  **Legal SPECIFICALLY WRITTEN OBLIGATIONS** the **same as** under **42  U.S.C.A. §  1981(a).**, concerning Ms. Meyers' **2.5 acres parcel of real estate property**.  This July 12, 200**6** agreement was recorded in the State of Delaware's Recorder of  Deed – **BEFORE** – this

" Racist " <u>white male</u>  Mr. Steven S. Krebs' known illicit - **illegal and Fraudulent August 16,**

**200<u>7</u>** agreement was recorded in Book 00964 page 00140 and Mr. Krebs' illicit - **illegal**

**and Fraudulent** property DEED also dated August 16, 2007 recorded in Book 03487 page

00027.  Ms. Patricia A. Meyers and Mr. Steven S. Krebs, both **willfully** and **knowingly, knew**

that these illegal acts will **<u>BREACH</u>** Ms. Meyers ( Appellee ) and I ( Appellant )  mutual

July 12, 2006 agreement **/  SPECIFICALLY WRITTEN <u>OBLIGATIONS</u>**, when they illegally

signed and/or initialed both of these documents as just mentioned, of Mr. Krebs' and filed these

documents in the same location as my mutual July 12, 2006 agreement as mentioned above.

**I ( Appellant )  did not Authorize these illegal act(s)**.  I need  this mutual July 12, 2006

agreement  **<u>enforced</u> 42  U.S.C. A  § 1981(b)**.  To constitutionally, ethically and morally with

**integrity**, reinstate my / fundamental civil – libertie(s) to legally enforce **contractual**

**agreement(s)** that are mutual agreement(s) under the law.  Judge Farnan Jr's  wrongdoings is a

SHAME to our **<u>GREAT</u>  DEMOCRACY**, by the use of  unlawful hood – winking, like act(s)

just because he illegally **<u>favors racist</u> act(s).**

See, U.S. District Court's **<u>docket</u>** attached as ---------------------------------------------- **Exhibit F**

Judge Farnan Jr.,  total unlawful abuse of discretion, **and**  his totally illicit intentional –

discrimination – based, disparate – treatment against my person by way of his Arbitrary and

Capricious / callous abuse of Authority Malfeasance deplorable act(s),

**See 28  U.S.C.A.  §  144** § 1983 § 1988.


**More damage**, on or about **April 4, 2008** was done to Ms. Patricia A. Meyers'

**2.5 acres parcel B, of real estate property**, which I hold and remain holding the

**mutual July 12, 2006 agreement** to date.  **42  U.S.C.A § 1981(b).**, applies to this

agreement the same **as** any **White Man's agreement** in **proper** and **legal**

**SEQUENCE**, See **42 U.S.C.A § 1981(a)**.

Respectfully, Submitted

*Dennis L. Smith*

Mr. Dennis L. Smith " Pro se"
P.O. Box 311
Selbyville, Delaware 19975 – 0311

Date *Apr. 1 22, 2008*

# In And For
# The 03rd Judicial Circuit
# Of
# These United States

Mr. Dennis L. Smith Sr.                          :
                                                 :      C.A. No. 07 - 3999
                    Appellant,                   :
                                                 :
                                                 :
                                                 :    Re; Equal - Right(s);
        vs.                                      :    In ref: Vindication of civil Right(s)
                                                 :    Here – under; 42 U.S.C.A § 1988.
                                                 :    This is **not** a lawsuit. The sole purpose
Ms. Patricia A. Meyers, and her son              :     of this is to simply constitutionally
Mr. Mack L. Davis Jr., and all of her            :    enforce 42 U.S.C.A. § 1981(b). under
sibling(s),                                      :    the Law.
Mr. Steven S. Krebs, and his mother              :
Ms. Barbara Krebs and any other                  :
person(s) who Attempt, to "**ILLEGALLY**         :
- "**OBSTRUCT - Power of Attorney**              :
**Document Book / No. 00776 page;**              :
**041 Legal Dated 10-27-03** of the              :
Sussex County Delaware Office of the             :
{Incumbent} recorder of Deed(s) }                :
                                                 :
                    Appellee(s).                 :

## AFFIDAVIT OF DENNIS L. SMITH

The, preceding - indelible truthful – statement(s) in my Motion " **26.1.2 Notice of**

**Possible Judicial Disqualification**" Certified -7007 0220 0001 0621 8280, are true to the

best of my knowledge and belief(s); of; Dennis L. Smith and are in full vehement

compliance / Compliance(s) Here- with / Here – under; 28 U.S.C.A. § 1746, and 18

U.S.C.A. § 1621.

_Dennis L Smith_                          _April 22, 2008_
Dennis L. Smith                           Date

## CERTIFICATE OF SERVICE

I hereby certify that the original and three copies my Motion " **26.1.2 Notice of Possible Judicial Disqualification" Certified -7007 0220 0001 0621 8280**, have been certified mailed or hand delivered on this _Z Z_ day of April 2008, to the United States Court of Appeals, Thrid Circuit and to Appellee(s) at the following addresses below:

The Third Judicial – Circuit of Federal – Appeal(s)
Ms. Marcia M. Waldron
21400 United States " Court – House"
601 Market Street
Philadelphia, PA 19106 – 1790
**Certified  Mail  No.  7007 0220 0001 0621 8280**


Mr. Peter T. Dalleo
Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Deaware 19801 - 3570
**Certified  Mail  No.  7007 0220 0001 0621 8303**

Ms. Patricia A. Meyers, and her Son,
Mr.  Mack L. Davis Jr., and
all of her sibling(s)
RR 4 Box 103A
Frankford, Delaware 19945
**Certified  Mail  No.  7007 0220 0001 0621 8419**

Mr. Steven S. Krebs and
his Mother  Ms. Barbara Krebs
P.O. Box 796
Selbyville, Delaware 19975
**Certified  Mail  No.  7007 0220 0001 0621 8457**

For Verification  purpose(s) only;
John Brady
Recorder of Deeds
2   The Circle
P. O. Box 827
Georgetown, Delaware 19947
**Certified  Mail  No.  7007 0220 0001 0621 8464**

All  mentioned  above,  certified  mailed or hand Delivered  by  Dennis L. Smith.

Dennis L.  Smith



Mr. Dennis L. Smith
P. O. Box 311
Selbyville, Delaware 19975

**CERTIFIED MAIL**

7007 0220 0001 0621 8303

U.S. POSTAGE
$9.40

**First Class Mail**

Mr. Peter T. Dalleo
Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801 - 3570
Certified Mail No. 7007 0220 0001 0621 8303.

FILE COPY

*Exhibit A*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DENNIS LEE SMITH,                   :
                                    :
          Plaintiff,                :
                                    :
     v.                             :   Civ. No. 07-525-JJF
                                    :
PATRICIA A. MEYERS, MACK L.         :
DAVIS, JR., STEVEN S. KREBS,        :
and BARBARA KREBS,                  :
                                    :
          Defendants.               :

## MEMORANDUM ORDER

### I.  Introduction

Plaintiff Dennis Lee Smith, who proceeds pro se, filed a
"Notice Of Motion Ex Parte EMERGENCY Temporary Restraining
'Order'"[1] to prevent further "irreparable hedonic damage(s)" and
to prevent "further irreparable misleading/false outburst of
pernicious false - statement(s) of the very unrealistic viability
of very ignorant person(s) who know who they are."  (D. I. 2.)
He also seeks to preclude a number of actions including, but not
limited to, the issuance of outrageous and absurd documents, the
sale or lease of certain real property, an individual from
speaking to him, hateful acts, conspiracy and/or frame-up by
certain Defendants.  The Motion heading states that "this is not
a lawsuit" and that the sole purpose is to "constitutionally

---

[1]While the Motion indicates it is filed ex parte, a service
list indicates the parties have received notice of the Motion.
(D.I. 2.)  Additionally, when Plaintiff filed this Motion he
advised the Clerk's Office that, while styled as an emergency,
the Motion could wait until a judge was assigned to the case.

enforce 42 U.S.C.A. § 1981(b) under the law."

## II.  Standard of Review

When considering a motion for a preliminary injunction Plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest.  Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997).  "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights."  Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)).  "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued."  SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

## III.  Background

This dispute arises over leases entered into by Defendant Patricia A. Meyers ("P. Meyers") with Defendant Steven S. Krebs ("S. Krebs") and non-party Joe M. Farr, the sale of real estate by P. Meyers to P. Meyers' sister-in-law and her sister-in-law's son, and the revocation of a Power Of Attorney given to Plaintiff by P. Meyers.  Plaintiff alleges that P. Meyers was aware that he

-2-

wanted certain property for business purposes and that P. Meyers
had agreed to sell him the property.

Plaintiff alleges that his relationship with P. Meyers is as
a "close friend of the family." (D.I.2, Statement of Facts #1.)
P. Meyers gave Plaintiff her Power Of Attorney on October 27,
2003. (D. I. 2, ex. GG.) Plaintiff and P. Meyers entered into
an Agreement on July 12, 2006 regarding the sale of real
property, and Plaintiff alleges that P. Meyers chose to breach
the "mutual July 12, 2006 recorded agreement" filed in the Sussex
County Records of Deeds Book in violation of 42 U.S.C. §
1981(a)(b).[2]  (D.I.2, Statement of Facts #1, ex. HH.)  Plaintiff
alleges that, on August 8, 2007, P. Meyers attempted to revoke

---

[2]Section 1981(a) provides that "[a]ll persons within the
jurisdiction of the United States shall have the same right in
every State and Territory to make and enforce contracts, to sue,
be parties, give evidence, and to the full and equal benefit of
all laws and proceedings for the security of persons and property
as is enjoyed by white citizens, and shall be subject to like
punishment, pains, penalties, taxes, licenses, and exactions of
every kind, and to no other. A claim under § 1981 is restricted
by its language to discrimination based on race or color.
Springer v. Seaman, 821 F.2d 871 (1st Cir. 1987)  The statute
defines "make and enforce contracts" to include "the making,
performance, modification, and termination of contracts, and the
enjoyment of all benefits, privileges, terms, and conditions of
the contractual relationship." 42 U.S.C. § 1981(b).

To state a claim under 42 U.S.C. § 1981, a plaintiff is
required to plead facts demonstrating that the plaintiff is
member of a racial minority, that there was intent to
discriminate on the basis of race by the defendant, and that
discrimination concerned one or more of the activities enumerated
in the statute. Hood v. New Jersey Dep't of Civil Serv., 680
F.2d 955, 959 (3d Cir. 1982); McDuffy v. Koval, 226 F. Supp. 2d
541, 550 (D. Del. 2002).

-3-

their July 12, 2006 agreement referred to above, when she signed a document stating that as of August 8, 2007, Plaintiff was no longer her Power Of Attorney. (D.I.2, Statement of Facts #7, ex. FF.) Plaintiff alleges that the July 12, 2006 agreement refers to the October 27, 2003 Power Of Attorney and because it was recorded first, the August 8, 2007 letter is an illegal breach of the July 12, 2006 agreement. Plaintiff alleges the August 8, 2007 letter is also a violation of 42 U.S.C. § 1981(a)(b) and § 1985(3).[3]

Plaintiff alleges that in 2002, 2003, and 2004, P. Meyers signed and/or initialed documents without a lawyer and without Plaintiff. (D.I.2, Statement of Facts #1.) He alleges that P. Meyers "had unequivocally chose [sic] her close friend of the family [Plaintiff] over their family's Attorney Steven Parsons, and also over her son [Defendant] Mr. Mack L. Davis Jr., and/or over all her siblings specifically for all legal property problems and/or issues. (D.I.2, Statement of Facts #2.) Apparently litigation ensued as the motion states that a trial commenced in the Court of Chancery and on July 9, 2004, P. Meyers

---

[3]To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) that the conspiracy is motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997).

and Plaintiff "won the all day trial." (D.I.2, Statement of Facts #3.)

It appears from the Motion that Plaintiff attempted to act as P. Meyers' counsel in the State Court action and P. Meyers was told to either proceed <u>pro se</u> or to retain the services of a licensed attorney. (D.I.2, Statement of Facts #4 a.) Plaintiff alleges that P. Meyers chose to keep Plaintiff as her Power Of Attorney. <u>Id</u>. Plaintiff alleges he then gave P. Meyers monies to pay the filing fee to remove the case to this District Court, and P. Meyers continued to choose Plaintiff as her Power Of Attorney.[4]

Plaintiff asserts that because of this "legal battle/mess against wrongdoings" he has suffered, been tricked, threatened with false arrest, falsely arrested twice, and slandered. (D.I.2, Statement of Facts #6.) He further contends he is a victim of racism and racial hatred, and that his right to due process and equal protection were violated because he is a "black male who stood up against racism while helping a white female to win a court case against white males [sic] evildoers." <u>Id</u>.

---

[4]The Petition For Removal was filed in <u>Krebs v. Meyers</u>, C.A. No. 06-455-KAJ. On October 31, 2006, the Court entered an Order remanding the case to State Court. <u>Id</u>. at D.I. 10, 11. The United States Court of Appeals for the Third Circuit affirmed the District Court's Order remanding the case. <u>Krebs v. Meyers</u>, No. 06-4873 (3d Cir. Mar. 6, 2007).

**IV. Discussion**

The Court has reviewed the exhibits Plaintiff submitted with his Motion.  After reviewing the same and carefully reviewing his Motion, it is clear that Plaintiff's real issues concern real property to which he believes he is entitled, and P. Meyers's decision to revoke the Power Of Attorney she gave to Plaintiff. The Court does not have jurisdiction over his claims.  Notably, Plaintiff's claims are ones where state law, not federal law, predominates.  Hence, the matters should be decided by the State Court.  Moreover, Plaintiff makes vague allegations of, and seeks to prevent, the following: slander, defamation, false outbursts, false statements, issuance of outrageous and absurd documents by P. Meyers, false arrests, the sale or lease of the property at issue, S. Krebs from speaking to Plaintiff, and hateful acts, conspiracy or frame-up by S. Krebs and Defendant Barbara Krebs. Again, most of the foregoing concern State law issues and are better decided by the State Court.

In a failing attempt to state a claim under § 1981, Plaintiff makes a passing reference to race discrimination by referring to himself as a black man who helped a white female win a court case.  Nothing indicates, however, that there was an intent to discriminate against Plaintiff on the basis of his race.  Plaintiff also refers to the § 1985 conspiracy statute, but other than seeking to restrain Defendants from conspiring

-6-

against him, provides no facts to support a conspiracy claim. Finally, other than his allegations, Plaintiff provides nothing to the Court to demonstrate irreparable harm. Based upon the foregoing, Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify injunctive relief.

V.  **Conclusion**

NOW, THEREFORE, IT IS HEREBY ORDERED this _11_ day of September, 2007, that the Emergency Motion For A Temporary Restraining Order (D.I. 2) is **DENIED**.

UNITED STATES DISTRICT JUDGE

CERTIFIED:        4/3/08
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY
Deputy Clerk

Exhibit B

**NOTICE OF APPEAL**
**TO**
**COURT OF APPEALS, THIRD CIRCUIT**

UNITED STATES
DISTRICT COURT
District of Delaware
Wilm. Division

District of Delaware

# 149129 - ED
October 9, 2007

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| APPEALS | 1-07-CV-525 | 1 @ | 455.00 |
| | | | 455.00 CA |

Total->          455.00

COURT AS FOLLOWS:

—

**CIRCUIT COURT**
**DOCKET NUMBER:**__ ___

**DISTRICT COURT**
**DOCKET NUMBER:** <u>07-525</u>

**DISTRICT COURT**
**JUDGE:** <u>Hon. Vel non</u>
<u>**Joseph J. Farnan Jr.**</u>

r. Mack L. Davis &
a et. Al.

FROM: DENNIS L. SMITH SR.
APPEAL 07-525 ← Evidence

r. **Dennis L. Smith Sr.**, Appeal(s) to the United

States Court of Appeals for the Third Circuit from { } Judgement, { X } Order, { }

Other (specify) Manifest - Injustice Gravamen - based de facto inferior Erroneous plain

erred transparent **Memorandum order,** entered in this action on <u>**September 11,**</u>

<u>**2007**</u> **A. D.**                                        (date)

Dated: <u>September 11, 2007</u> A. D.

<u>                                        </u>
(Counsel for Appellant - Signature)

| <u>Pro se</u> | <u>Pro se</u> |
|---|---|
| (Name of Counsel - Typed) | (Counsel for Appellee) |
| <u>P.O. Box 311</u> | <u>R.R. Box 103A</u> |
| (Address ) | (Address) |
| <u>Selbyville, DE 19975</u> | <u>Frankford, DE 19945</u> |
| (City, State, Zip) | (City, State, Zip) |
| <u>(302) 732 - 3011</u> | <u>(302) 436 - 0227</u> |
| (Telephone Number) | (Telephone Number) |

2007 OCT -9 PM 12: 56

OFFICE OF THE CLERK - LEGAL DIVISION
*United States Court of Appeals*

*Exhibit C*

21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790

MARCIA M. WALDRON

December 20, 2007

CLERK

Telephone
(215-597-2378)

Mr. Dennis Lee Smith
P.O. Box 311
Selbyville, DE  19975

Re:    **Smith v. Meyers**
C.A. No. 07-3999
(D. Del. Civ. No. 07-cv-00525)

Dear Mr. Smith:

Upon further review, it appears that it would not be appropriate to submit this appeal to the Court for possible jurisdictional dismissal as you were originally advised by our letter of October 18, 2007.  Rather, it appears that your appeal may be appropriate for possible summary action.  Chapter 10.6 provides that the Court sua sponte (by its own action) may take summary action on an appeal if it appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action. Specifically, the Court may affirm, reverse, vacate, modify, or remand the judgment or order appealed.

The parties may submit written argument in support of or in opposition to such action.  Any response must be received in the Clerk's Office within twenty-one (21) days from the date of this letter.  Please submit to the Clerk an original and three (3) copies of any response, and a certificate of service indicating that all parties have been served with a copy of the response.  All parties will be advised of any Order(s) issued in this matter.

Issuance of the briefing schedule will be stayed pending action by the Court.  All parties are hereby advised that this letter does not represent a finding of appellate jurisdiction in this case.  As in all cases, the panel of this Court which reviews the case on its merits will make a final determination of appellate jurisdiction.

Very truly yours,

*/s/ Laura L. Greene*
LAURA L. GREENE
Staff Attorney

(Continued)

.0, 2007
.nith v. Meyers
C.A. No. 07-3999
(D. Del. Civ. No. 07-cv-00525)


LLG/je


cc:    **Patricia A. Meyers**
       Route 4 Box 103A
       Frankford, DE  19945

*Exhibit D*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DENNIS LEE SMITH,                       :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 :   Civ. Action No. 07-525-JJF
                                        :
PATRICIA A. MEYERS, MACK L.             :
DAVIS, JR., STEVEN S. KREBS,            :
and BARBARA KREBS,                      :
                                        :
          Defendants.                   :

### SHOW CAUSE ORDER

At Wilmington this _____ day of January, 2008, the

Complaint in the above-captioned case having been filed on August

30, 2007

IT IS ORDERED that, on or before **February 15, 2008**,

Plaintiff shall show cause why this case should not be dismissed

for failure to serve process within 120 days of filing the

Complaint, pursuant to Fed. R. Civ. P. 4(m).

UNITED STATES DISTRICT JUDGE

*Exhibit E*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DENNIS LEE SMITH,                    :
                                     :
            Plaintiff,               :    Civil Action No. 07-525-JJF
                                     :
    v.                               :
                                     :
PATRICIA A. MEYERS, MACK L.          :
DAVIS, JR., STEVEN S. KREBS          :
and BARBARA KREBS,                   :
                                     :
            Defendants.              :

## MEMORANDUM ORDER

WHEREAS, the Court issued an Order (D.I. 14) requiring
Plaintiff to show cause why this action should not be dismissed
for failure to serve pursuant to Fed. R. Civ. P. 4(m);

WHEREAS, Plaintiff responded to the Court with a motion
requesting the Court to take no further action with respect to
this case (D.I. 15) and a letter (D.I. 16) intended to clarify
his previous filing (D.I. 16);

WHEREAS, Plaintiff contends in both documents that he has
not filed a civil complaint, and therefore, the requirements of
Rule 4(m) do not apply to him;

WHEREAS, Plaintiff paid the filing fee to institute a civil
action, and the Court has construed Plaintiff's opening pleading,
captioned as a Motion To Prohibit, as a civil complaint;

WHEREAS, Plaintiff has offered no reason for his failure to
comply with Rule 4(m), and it appears, from Plaintiff's pleadings

that he does not wish to pursue this action as a civil

complaint[1];

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.    The above-captioned action is **DISMISSED**.

2.    All pending Motions shall be terminated in accordance

with this Order.

March 5 , 2007
DATE

UNITED STATES DISTRICT JUDGE

CERTIFIED:          3/12/08
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY
Deputy Clerk

---

[1]    Plaintiff contends that both of his filings (D.I. 15, 16) are meant to be part of his Interlocutory Appeal, USCA 07-3999, even though they were filed in this Court.  Plaintiff, of course, retains the option of filing his papers with the Court of Appeals for the Third Circuit if he wishes to present them in that forum.

CM/ECF LIVE - U.S. District Court:ded     *Exhibit F*     Page 1 of 3

APPEAL, CLOSED, PaperDocuments

## U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:07-cv-00525-JJF

Smith v. Meyers et al
Assigned to: Judge Joseph J. Farnan, Jr.
Case in other court: USCA, 07-03999
Cause: 42:1981 Civil Rights

Date Filed: 08/30/2007
Date Terminated: 03/05/2008
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Dennis Lee Smith**       represented by **Dennis Lee Smith**
Dennis Lee Smith, Pro se
P.O. Box 311
Selbyville, DE 19975
(302) 732-3011
PRO SE

V.

**Defendant**

**Patricia A. Meyers**

**Defendant**

**Mack L. Davis, Jr.**

**Defendant**

**Steven S. Krebs**

**Defendant**

**Barbara Krebs**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/30/2007 | 1 | MOTION to Prohibit filed Pro Se against Patricia A. Meyers, Mack L. Davis, Jr, Steven S. Krebs, Barbara Krebs ( Filing fee $ 350, receipt number 148730.) - filed by Dennis Lee Smith. Magistrate consent and Rule 4 to Pltf. (Attachments: # 1 Civil Cover Sheet # 2 Acknowledgement of Rule 4 # 3 Acknowledgement of Consent Form) (els) Modified on 8/30/2007 (maw, ). (Entered: 08/30/2007) |
| 08/30/2007 | 2 | MOTION for Temporary Restraining Order (Emergency) - filed by Dennis Lee Smith. (els) (Entered: 08/30/2007) |

CM/ECF LIVE - U.S. District Court:ded                                Page 2 of 3

| | | |
|---|---|---|
| 08/30/2007 | 3 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (els) (Entered: 08/30/2007) |
| 08/30/2007 | | No Summons Issued (els) (Entered: 08/30/2007) |
| 09/05/2007 | | Case assigned to Judge Joseph J. Farnan, Jr. Please include the initials of the Judge (JJF) after the case number on all documents filed. (rjb) (Entered: 09/05/2007) |
| 09/11/2007 | 4 | MEMORANDUM ORDER DENYING D.I. 2 MOTION for Temporary Restraining Order (See Order for Details). Signed by Judge Joseph J. Farnan, Jr. on 9/11/2007. (lec) (Entered: 09/12/2007) |
| 10/09/2007 | 5 | NOTICE OF APPEAL of 4 Memorandum Order. Appeal filed by Dennis Lee Smith. Filing fee $ 455. Fee Paid. Receipt No.: 149129. TPO issued. (rwc) (Entered: 10/10/2007) |
| 10/09/2007 | 6 | MOTION to Stay - filed by Dennis Lee Smith. (rwc) Additional attachment(s) added on 10/11/2007 (rwc, ). (Entered: 10/10/2007) |
| 10/11/2007 | 7 | MULTI MEDIA DOCUMENT filed by Dennis Lee Smith in the form of a audiocassette. Filing related to 6 MOTION to Stay. (Media on file in Clerk's Office). (rwc) (Entered: 10/11/2007) |
| 10/16/2007 | 8 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit re 5 Notice of Appeal filed by Dennis Lee Smith. USCA Case Number 07-3999. USCA Case Manager: Tonya Wyche (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (tw, ) (Entered: 10/16/2007) |
| 10/16/2007 | 9 | AMENDMENT/CORRECTION to DOCUMENT - filed by Dennis Lee Smith. (Correction to Page 2 and Page 10 re: 6 MOTION to Stay ). (rwc) (Entered: 10/17/2007) |
| 11/06/2007 | 10 | Letter to Clerk, USCA 3rd Circuit from Dennis L. Smith dated 11/2/07 in further support of appeal - re 5 Notice of Appeal. (rwc) (Entered: 11/06/2007) |
| 11/06/2007 | 11 | SECOND AMENDMENT/CORRECTION to DOCUMENT - filed by Dennis Lee Smith. (Correction to Page 2) re: Motion 6 to Stay (Entered: 11/07/2007) |
| 01/11/2008 | 12 | Letter to Clerk, USCA 3rd Circuit from Deputy Clerk, dated 1/11/08 regarding forwarding of Dennis Smith's "Interlocutory Appeal Status (VIA) 28 U.S.C.A. sec. 2106 Emergency Motion to Modify" to USCA. (rwc) (Entered: 01/11/2008) |
| 01/14/2008 | 13 | Letter to Clerk, USCA 3rd Circuit, from Dennis L. Smith dated 1/10/08 regarding Emergency Motion to Change Appeal. (rwc) (Entered: 01/15/2008) |
| 01/22/2008 | 14 | ORDER TO SHOW CAUSE why this case should not be dismissed for failure to serve process. Show Cause Response due by 2/15/2008. Signed by Judge Joseph J. Farnan, Jr. on 1/22/08. (dab) (Entered: 01/22/2008) |



CM/ECF LIVE - U.S. District Court:ded                                         Page 3 of 3

| 02/15/2008 | 15 | MOTION to Proceed no Further in this case and Response to 1/22/08 Order to Show Cause - filed by Dennis Lee Smith. (dab) (Entered: 02/19/2008) |
| 02/26/2008 | 16 | Letter to the Court from Dennis L. Smith regarding Response to Order to Show Cause. (dab) (Entered: 02/26/2008) |
| 03/05/2008 | 17 | MEMORANDUM ORDER - DISMISSING the case for failure to serve process pursuant to Rule 4. Signed by Judge Joseph J. Farnan, Jr. on 3/5/2008. (nms) Modified on 3/6/2008 (rwc). (Entered: 03/05/2008) |
| 03/05/2008 |  | CASE CLOSED per DI # 17 (nms) (Entered: 03/05/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/17/2008 10:10:42 | | | |
| PACER Login: | pa0017 | Client Code: |  |
| Description: | Docket Report | Search Criteria: | 1:07-cv-00525-JJF Start date: 1/1/1970 End date: 3/17/2008 |
| Billable Pages: | 2 | Cost: | 0.16 |